**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JUANITA BLANCO, RUBEN GARCIA, | § | |
| NICOLAS RODRIQUEZ, HERMELINDA | § | |
| QUIROGA, Individually and on Behalf | § | |
| of the Estate of MARIA INEZ RUIZ, | § | |
| | § | |
| **Plaintiffs,** | § | |
| vs. | § | **Civil Action No. _____** |
| | § | **(Removed from the 197ᵗʰ Judicial District** |
| | § | **Court of Willacy County, Texas)** |
| PFIZER, INC., and WARNER-LAMBERT | § | |
| COMPANY, now known as PFIZER, INC.; | § | |
| RAJIV FINGA, M.D., MARK EDWARDS, | § | |
| M.D., GEORGE CANTU, M.D., ALLEN | § | |
| B. SPENCE, M.D., and WATSON'S | § | |
| CITY DRUG, | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

United States District Court
Southern District of Texas
FILED

JUL 1 2003

Michael N. Milby
Clerk of Court

B-03-119

**DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S**
**NOTICE OF REMOVAL**

Defendants Pfizer Inc. (incorrectly named as Pfizer, Inc.) ("Pfizer") and Warner-Lambert

Company LLC, formerly known as Warner-Lambert Company (incorrectly named as Warner-

Lambert Company, now known as Pfizer, Inc.) ("Warner-Lambert") remove this action to the United

States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C.

§§1332, 1441 & 1446, respectfully showing:

**BACKGROUND**

**The Lawsuit**

1.      This is a pharmaceutical product liability case.  Plaintiffs Juanita Blanco, Ruben

Garcia, Nicolas Rodriguez, and Hermelinda Quiroga, individually and on behalf of the estate of

Maria Inez Ruiz ("plaintiffs") contend that they suffered physical and emotional injuries and, in the

case of Maria Inez Ruiz, died, as a result of their use of Rezulin, a prescription medication which was manufactured by Warner-Lambert for the treatment of adult onset (type 2) diabetes. Plaintiff Juanita Blanco alleges that she was prescribed Rezulin for the control of her diabetes by Rajiv Finga, M.D. and that she filled her Rezulin prescriptions and purchased Rezulin at Watson's City Drug. Plaintiff Ruben Garcia alleges that he was prescribed Rezulin for the control of his diabetes by Mark Edwards, M.D. Plaintiff Nicolas Rodriquez claims that he was prescribed Rezulin for the control of his diabetes by George Cantu, M.D. and that he filled his Rezulin prescriptions and purchased Rezulin at Watson's City Drug. Plaintiff Hermalinda Quiroga claims that Maria Inez Ruiz was prescribed Rezulin for the control of Ms. Ruiz's diabetes by Allen B. Spence, M.D. and that Ms. Ruiz filled her Rezulin prescriptions and purchased Rezulin at Watson's City Drug. *See* PLAINTIFFS' ORIG. PET. at ¶ IV.

2.    Plaintiffs assert strict product liability for defective design and breach of implied warranty claims against Pfizer, Warner-Lambert and Watson's City Drug. They also allege strict liability for defective marketing, negligence, violations of the Texas Deceptive Trade Practices-- Consumer Protection Act and felonious conduct causes of action against Pfizer and Warner-Lambert. *Id.* at ¶¶ VI-X. Plaintiffs assert negligence and breach of express warranty claims against Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence. *Id.* at ¶ XI.

3.    Plaintiffs have prayed for actual and punitive damages. *Id.* at ¶ XI ("Damages") (sic).

4.    This action was originally filed in the 197th Judicial District Court of Willacy County, Texas on or about May 30, 2003. The case was numbered and styled by that court as Cause No. DC-03-161; *Juanita Blanco, Ruben Garcia, Nicolas Rodriguez, Hermelinda Quirogas, Individually and*

*on Behalf of the Estate of Maria Inez Ruiz v. Pfizer, Inc., and Warner-Lambert Company, now known as Pfizer, Inc., Rajiv Finga, M.D., Mark Edwards, M.D., George Cantu, M.D., Allen B. Spence, M.D., and Watson's City Drug.* Warner-Lambert was served with Plaintiffs' Original Petition through its registered agent for service of process in Texas, CT Corporation, on June 5, 2003.

### The Parties

5.       Plaintiffs Juanita Blanco, Ruben Garcia, Nicolas Rodriguez and Hermelinda Quiroga are, and were at the time this lawsuit was commenced, residents of Willacy County or other counties in Texas. *Id.* at ¶ III. Upon information and belief, these plaintiffs are citizens of Texas and Maria Inez Ruiz was a resident and citizen of Texas at the time of her death. *Id* at ¶ VI.

6.       Defendant Warner-Lambert is, and was at the time this lawsuit was commenced, a Delaware limited liability company with its sole shareholder (member) located in New York. Warner-Lambert was converted to a limited liability company from Warner-Lambert Company.

7.       Defendant Pfizer Inc. is, and was at the time this lawsuit was commenced, a Delaware corporation with its principal place of business in New York.

8.       Defendant Watson's City Drug ("Watson Drug"), upon information and belief, is, and was at the time this lawsuit commenced, a Texas Corporation with its principal place of business in Texas. *Id* at ¶ II.

9.       Defendant Rajiv Finga, M.D. ("Dr. Finga") is, and was at the time this lawsuit was commenced, a resident and citizen of Texas. *Id.*

10.    Defendant Mark Edwards, M.D. ("Dr. Edwards") is, and was at the time this lawsuit was commenced, a resident and citizen of Texas. *Id.*

11.    George Cantu, M.D. ("Dr. Cantu") is, and was at the time this lawsuit was commenced, a resident and citizen of Texas. *Id.*

12.    Allen B. Spence, M.D. ("Dr. Spence") is, and was at the time this lawsuit was commenced, a resident and citizen of Texas. *Id.*

## BASIS FOR REMOVAL

### Diversity Jurisdiction

13.    This action could have originally been brought in federal court on the basis of diversity of citizenship among the parties because:

    (a)    The plaintiffs are, and were at the time suit was filed, residents and citizens of Texas (*See* PLAINTIFFS' ORIG. PET. at ¶ 2);

    (b)    all properly joined defendants are businesses organized under the laws of states other than Texas which maintain their principal offices in states other than Texas; and

    (c)    the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

*See* 28 U.S.C. §1332(a).

14.    Removal is proper under federal law because this is a civil action brought in state court over which the federal court has original jurisdiction based on diversity of citizenship. 28 U.S.C. §1441.

15.    Removal is timely because the case has been removed within 30 days of the date that a defendant was first served with a copy of Plaintiffs' Original Petition. 28 U.S.C. §1446(a).

DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S NOTICE OF REMOVAL
441468.1 *Blanco, et al. v. Pfizer Inc., et al.*

Page 4

16.    The United States District Court for the Southern District of Texas embraces the county in which the state court action is now pending and, thus, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §124(d).

### Fraudulent Joinder of Drs. Finga, Edwards, Cantu and Spence

17.    In their petition, plaintiffs repeatedly allege that Pfizer and Warner-Lambert failed to warn or failed to properly and adequately notify, inform and warn that Rezulin was "defective and unreasonably dangerous." Among other things, the plaintiffs allege that Pfizer and Warner-Lambert knew that Rezulin would cause severe liver damage or even death to its users. PLAINTIFFS' ORIG. PET. at ¶ XIII. Plaintiffs further allege that Pfizer and Warner-Lambert failed to "warn or properly and adequately notify, inform or warn prescribers" about the risks of Rezulin. Particularly, the plaintiffs allege that:

> The drug Rezulin (Troglitazone) caused an unreasonably high risk of serious liver damage which*[Pfizer and Warner-Lambert] failed to warn or adequately warn prescribers and users of*;
>
> [Pfizer and Warner-Lambert failed to warn that] the drug Rezulin (Troglitazone) can cause serious injury or death to individuals not within any identified risk category;
>
> [Pfizer and Warner-Lambert] failed to recommend timely that patients undergo precautionary liver testing prior to the initiation of Rezulin (Troglitazone);
>
> [Pfizer and Warner-Lambert failed to warn that] after the drug Rezulin (Troglitazone) is administered the patient should be closely monitored in terms of liver functioning;
>
> There was a failure on the part of [Pfizer and Warner-Lambert] to provide adequate labeling, package inserts, and

> consumer information regarding the drug Rezulin (Troglitazone) and its dangers;
>
> [Pfizer and Warner-Lambert] *failed to provide warnings or adequate warnings to prescribers that Rezulin (Troglitazone) should be administered only with extreme caution because of its hepatotoxicity*.

*See* PLAINTIFFS' ORIG. PET at ¶ VI (emphasis added).  Significantly, the plaintiffs specifically allege that Pfizer and Warner-Lambert "did not give warning or adequate warning to Defendants Rajiv Finga, Mark Edwards, George Cantu, Allen B. Spence, and their agents and employees regarding the dangers of the drug Rezulin (Troglitazone)." *Id.*

18.    Despite the allegations that Pfizer and Warner-Lambert failed to warn or properly and adequately notify and inform prescribers, expressly including their own physicians, of the dangers of Rezulin, plaintiffs nevertheless allege, *inter alia,* that Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence were negligent: in failing to exercise reasonable care in the selection of Rezulin and in failing to familiarize themselves with the risks of the drug prior to prescribing it; in ordering that Rezulin be administered to the plaintiffs without first investigating and utilizing other means of glycemic control; and in failing to properly and timely monitor, diagnose and treat plaintiffs before and while they were taking Rezulin. *Id.* at ¶ XI.

19.    As evidenced by the allegations from plaintiffs' petition set forth above and as is evident from the plaintiffs' petition, plaintiffs do not allege a single case specific fact relevant to themselves, their medical conditions, or the care and treatment they received from Dr. Finga, Dr. Edwards, Dr. Cantu, or Dr. Spence. Plaintiffs provide no information about the dates that Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence allegedly treated them or when they took

Rezulin. They also do nothing to distinguish the acts of any of the physician defendants, choosing instead to make the same, general allegations against all of them.

20.    In light of the tenor of the plaintiffs' allegations, Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence are fraudulently joined because plaintiffs' conclusory allegations against these doctors fail to provide sufficient notice of the claims being asserted against them. *See In re: Rezulin Prods. Liab. Litig.* 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("PTO-122"); *In re: Rezulin Prod. Liab. Litig.* 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002) ("PTO-121"). ("the main tenor of plaintiffs' complaints [in the Rezulin MDL proceeding] is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others...an entirely conclusory allegation that the physicians failed to warn is insufficient.") *See also In re: Baycol Prod. Liab. Litig.*, 2003 WL 21223842 (D. Minn May 27, 2003) ("... the main thrust of this action is that the Baycol Defendants misrepresented Baycol's risks and failed to adequately warn of such risks. Plaintiffs has not included any factual assertions in her Complaint to support the conclusory allegation that [the doctor] knew or should have known of Baycol's risks.   Her conclusory allegations, however, will not defeat a finding of fraudulent joinder.")   For these reasons, Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence are fraudulently joined.

21.    Moreover, plaintiffs' assertions as to the alleged conduct of Pfizer and Warner-Lambert on the one hand and the alleged conduct of Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence on the other, are fundamentally irreconcilable theories of liability that cannot co-exist. Specifically, it is impossible that Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence either "knew or should have known" of potential side effects of an FDA-approved drug if plaintiffs' assertions that

Warner-Lambert and Pfizer failed to warn or failed to properly and adequately notify, inform, or warn them of the dangers of Rezulin are taken as true.

22.     Federal courts have ruled, in the context of pharmaceutical product liability cases, that such inconsistent pleading practices are tantamount to fraudulent joinder. In *Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN (W.D.Miss. Sept. 25, 2000), the court found that several non-diverse pharmacies had been fraudulently joined as defendants in light of the plaintiffs' "specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone":

> [T]he complaint, the major theme of which is the manufacturers' intentional concealment of the true risks of the drug(s), coupled with dissemination through various media of false and misleading information of the safety of the drug(s) at issue, belies any suggestion of knowledge, or reason to know by these resident defendants. According to the lengthy and extremely detailed factual allegations of the complaint, the product manufacturers had knowledge from numerous sources that the drug(s) at issue was unsafe, yet they, in the face of this knowledge, not only concealed this information, but affirmatively misrepresented to the FDA, to the public, to consumers, to the plaintiffs, to pharmacists, to dispensing entities . . . that the product was safe. **In the face of plaintiffs' specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants knew or had reason to know of the risks." Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.** Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

(same). Additionally, remand has been denied by other Texas federal court judges. *See, e.g.*, Judge

Head (*Ramirez v. Warner-Lambert Company, et al.*, Case No. C-20-CV-75 (S.D.Tex. May 10, 2002)

and Judge Hoyt (*Branford v. Warner-Lambert et al.*; Case No. 02CV1649 (S.D.Tex. June 7, 2002);

*Calton v. Warner-Lambert Company et al.*, Case No. H-02-0788 (S.D.Tex. June 12, 2002). *See also*

cases cited *infra* at pp. 11-12.[1]  The current case contains inconsistent pleading practices and

fraudulent joinder issues virtually identical to the issues that were presented to these courts, and that

were addressed by the courts in the *Louis* and *Rezulin I* opinions. For the reasons discussed in those

opinions, Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence have been fraudulently joined and

misjoined.

24.    In addition, as noted above, the plaintiffs' petition fails to provide or identify the dates

of the alleged acts or omissions claimed as to Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence.

To the extent that the plaintiffs' claims against these doctors are barred by the applicable limitations

period, Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence are fraudulently joined.

25.    Finally, plaintiffs' purported breach of express warranty claims against Dr. Finga,

Dr. Edwards, Dr. Cantu, and Dr. Spence fail for an additional and alternative reason: based on the

allegations in plaintiffs' petition, Texas law would not recognize a breach of warranty cause of action

against these defendants. Specifically, Texas law requires that a defendant be a "seller" of a product

---

[1]    In *Barragan v. Warner-Lambert Company et al.*, 216 F. Supp. 2d 627 (W.D. Tex. 2002), Judge Briones granted remand in a similar Rezulin case finding that the plaintiff had stated a medical malpractice claim against the non-diverse physician defendant that prescribed Rezulin to the plaintiff. Removal is proper here because the MDL judge handling all of the federal Rezulin actions (and other Texas courts) have denied remand in other Rezulin actions presenting the same issue. *Rezulin I*, 133 F. Supp. 2d at 290, 295. *Accord, In re Rezulin Prods. Liab. Litig., Pretrial Order No. 89* (S.D.N.Y. July 25, 2002). Under the case law, emphasizing the need for consistency in MDL proceedings, Judge Kaplan's decisions and other Texas courts' decisions applying *Louis* should be applied consistently in all Rezulin actions. Also, Judge Briones' remand occurred before he had the benefit of the most recent MDL decisions pertaining to this issue. *See supra.*

in order to be liable for breach of warranty. *See* TEX. REV. STAT. ANN § 2.313-14 (2003); *see also Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 171 (5th Cir. 1996) ("Even where a party has promoted a product, and made promises regarding that product, if the party is not the actual seller, a claim for breach of warranty will not lie."). Plaintiffs have not, nor can they, allege that Dr. Finga, Dr. Edwards, Dr. Cantu, or Dr. Spence sold Rezulin to them. Further, in *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994) the Texas Supreme Court has held that a plaintiff cannot attempt to re-cast medical malpractice claims against a physician under other theories–including breach of warranty theories–absent allegations that the physician "guaranteed" particular results and "knowingly breached his express warranty of a particular result and knowingly misrepresented his skills and the results he could achieve." Here, the plaintiffs' putative breach of warranty claims against Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence fall far short of the *Sorokolit* standard, particularly in light of the plaintiffs' repeated allegations that Warner-Lambert and Pfizer fraudulently concealed the alleged risks of Rezulin from everyone, including   Dr. Finga, Dr. Edwards, Dr. Cantu, and Dr. Spence.

### FRAUDULENT JOINDER OF WATSON DRUG

26.    Although all the plaintiffs assert claims for strict liability for design defect and for breach of common law implied warranties against Watson Drug, only three plaintiffs actually claim that they purchased Rezulin from Watson Drug. Further, plaintiffs do not allege that Watson Drug filled any prescription for Rezulin improperly, sold an adulterated or contaminated product, was not licensed to sell pharmaceuticals in Texas, sold Rezulin without a prescription, or did anything else that was inconsistent with any physician's prescriptions. Plaintiffs' purported causes of action

against Watson Drug, therefore, must essentially be based on a "failure to warn" theory of recovery. *See* PLAINTIFFS' ORIG. PET.

27.    Plaintiffs assert neither fact nor law sufficient to support a claim that Watson Drug was involved in the design of Rezulin.  Therefore, there is a no reasonable basis to predict that plaintiffs can state a claim against Watson Drug for strict liability for a design defect involving Rezulin.

28.    Only plaintiffs Juanita Blanco, Nicholas Rodriquez and Maria Inez Ruiz are alleged to have filled a prescription for Rezulin at Watson Drug.  As such, Watson Drug has been misjoined as to Ms. Quiroga (the representative of the estate of Ms. Ruiz) because Watson Drug did not fill Ms Ruiz's Rezulin prescriptions. Further, there is no reasonable basis to predict that the plaintiffs who claim to have purchased Rezulin from Watson Drug can state a claim for breach of implied warranty against Watson Drug.  Texas law does not permit recovery against pharmacies under negligence claims based on "failure to warn" theories of the sort Plaintiffs have alleged. *See Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 462-69 (Tex.App.--Austin 2000, pet. denied) (holding that pharmacy owed no duty to warn of possible adverse reactions or dangerous side effects from prescription drugs); *Dana Lefler, et al. v. Samuel Bennett, M.D., et al.*, Cause No. 2000-C1-13553, slip op. (Bexar County District Court, Jan. 11, 2002) (trial court granting summary judgment in favor of Texas pharmacy as to negligence and strict products liability causes of action asserted by Texas Rezulin plaintiffs); *Sandra Ruiz v. Warner-Lambert, et al.*, C.A. No. 1:02-CV00305, slip op. (E.D. Tex. June 26, 2002) (trial court denied Motion to Remand in a Rezulin case asserting similar claims, finding that "a pharmacist is under no duty to warn customers of potential hazards of prescription medications."); *see also In re Rezulin Prods. Litig.*, 133 F.Supp.2d 272, 294 (S.D.N.Y. 2001)

(holding that Texas Rezulin plaintiff could not sustain strict products liability claim against pharmacy under Texas law). For the same reasons detailed in these cases, there is no reasonable basis for predicting that plaintiffs can establish liability against Watson Drug under the facts alleged. *Badon v. R.J.R. Nabisco*, 224 F.3d 382, 393, (5th Cir. 2000). As such, Watson Drug has been fraudulently joined and/or misjoined.

## Amount in Controversy

29.    It is facially apparent that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (if it is "facially apparent" from the state court petition that the amount in controversy exceeds the jurisdictional minimum requirement, then defendant need only point such fact out to successfully bear its burden); *see also Carahan v. Southern Pacific R.R. Transp. Co.*, 914 F.Supp. 1430, 1431 (E.D. Tex. 1995). In their petition, plaintiffs allege that they sustained physical and emotional injury as a result of their use of Rezulin. Plaintiff Quiiroga claims that Maria Inez Ruiz died as a result of her use of Rezulin. *See* PLAINTIFFS' ORIG. PET. at ¶ XI. The preponderance of the evidence is that the amount in controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ($75,000 jurisdictional minimum was facially apparent from the allegations of the complaint where plaintiff alleged that after the defendant lost plaintiff's heart medication, plaintiff became ill, suffered pain and humiliation, experienced a temporary inability to do housework and incurred unspecified ambulance expenses, hospitalization expenses, property damage and travel expenses); *see also In re: Norplant Contraceptive Products Liability Litigation*, 918 F.Supp. 178, 180 (E.D.Tex. 1996) (jurisdictional minimum was facially apparent from the plaintiffs' allegations concerning the serious nature of their alleged injuries from the Norplant Contraceptives).

## OTHER MATTERS

### State Court Notification

30.    Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being served on all counsel of record, and with the clerk of the Willacy County district court. (A copy of the state court Notification of Removal is attached as Exhibit "B".)

### Local Rules

31.    Pursuant to Local Rule 81, the following documents are hereby being provided to the clerk for filing in connection with this notice of removal:

    (a)    all executed process in the case (Exhibit "C");

    (b)    all pleadings asserting causes of action, *e.g.* petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibit "D");

    (c)    all orders signed by the state judge (Exhibit "E");

    (d)    the state court docket sheet (Exhibit "F");

    (e)    an index of matters being filed (Exhibit "G"); and

    (f)    a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit "H").

### Notice of Pendency of MDL Proceedings

32.    On June 9, 2000, the Judicial Panel on Multidistrict Litigation ("Judicial Panel") issued its order establishing the Multidistrict Litigation ("MDL") for all Rezulin lawsuits pending in the federal courts, and transferring all such cases to the United States District Court for the Southern District of New York. (A copy of the order is attached as Exhibit "I".)    Pfizer and

Warner-Lambert intend to notify the Judicial Panel, pursuant to 28 U.S.C. §1407, that this action is a "tag-along" case that should be transferred to the Rezulin MDL proceeding.

33. Under the governing federal case law, the purpose of 28 U.S.C. §1407 is to avoid inconsistency. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). In the event of a motion to remand, the Court should defer ruling to insure uniformity and efficiency in the multidistrict litigation. Deferral would be consistent with prior decisions of federal courts in Texas, in this District, and throughout the country in other Rezulin actions. *Marza v. Warner-Lambert Co.,* No. 02-492 (S.D. Tex. July 26, 2002); *Cynthia Hernandez v. Warner-Lambert Co.,* No. 02-208 (S.D. Tex. July 12, 2002); *Vela v. Warner-Lambert Co.*, No. 02-162 (S.D. Tex. July 12, 2002); *Allen v. Warner-Lambert Co.*, No. 02-291 (S.D. Tex. June 17, 2002); *Brown v. Warner-Lambert Co.*, No. 02-272 (S.D. Tex. June 14, 2002); *Benson v. Warner-Lambert Co.*, No. 02-149 (S.D. Tex. May 14, 2002); *Ramirez v. Warner-Lambert Co.,* No. 02-075 (S.D. Tex. May 10, 2002); *Doker v. Warner-Lambert Co.,* No. 02-1314 (S.D. Tex. Apr. 18, 2002); *Williams v. Warner-Lambert Co.*, No. 02-789 (S.D. Tex. Mar. 21, 2002); *Abrigo v. Warner-Lambert Co.*, No. 02-790 (S.D. Tex. Mar. 18, 2002); *Martin v. Warner-Lambert Co.,* No. 02-791 (S.D. Tex. Mar. 18, 2002).

## CONCLUSION AND PRAYER

Defendants Pfizer Inc. and Warner-Lambert Company LLC hereby remove this case to federal court. Pfizer and Warner-Lambert pray for any and all other relief to which they are entitled.

Respectfully submitted,

Jack E. Urquhart
Texas Bar No. 20415600
Federal I.D. 2082

**ATTORNEY-IN-CHARGE FOR DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC**

**Of Counsel:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

David C. Garza
Fed. I.D. 3778
State Bar No.: 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542- 7403

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice of Removal was served *via* certified mail, return receipt requested, on the following known counsel of record on June 30th, 2003.

Michael T. Gallagher                                 *Certified Mail*
GALLAGHER, LEWIS, DOWNEY & KIM          *Return Receipt Requested*
700 Louisiana Street, 40th floor               *7001 2510 0005 7828 6527*
Houston, TX 77002

David Casso                                          *Certified Mail*
FLORES, CASSO & PETTITT, L.L.P.             *Return Receipt Requested*
321 South 12th Street                            *7001 2510 0005 7828 6534*
P. O. Box 2128
McAllen, TX 78505-2128

Philipa M. Remington                             *Certified Mail*
Russell G. Thornton                              *Return Receipt Requested*
Michael A. Yanof                                 *7001 2510 0005 7828 6442*
STINNETT THIEBAUD & REMINGTON L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, TX. 75202

Ann P. Watson, Esq.                             *Certified Mail*
Sheehy, Serpe & Ware, P.C.                  *Return Receipt Requested*
2500 Two Houston Center                      *7001 2510 0005 7828 6374*
909 Fannin
Houston, Texas 77010

_____
Gail M. Brownfeld

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| JUANITA BLANCO, RUBEN GARCIA, § <br> NICOLAS RODRIQUEZ, HERMELINDA § <br> QUIROGA, Individually and on Behalf § <br> of the Estate of MARIA INEZ RUIZ, § <br> § <br> **Plaintiffs,** § <br> vs. § <br> § <br> § <br> PFIZER, INC., and WARNER-LAMBERT § <br> COMPANY, now known as PFIZER, INC.; § <br> RAJIV FINGA, M.D., MARK EDWARDS, § <br> M.D., GEORGE CANTU, M.D., ALLEN § <br> B. SPENCE, M.D., and WATSON'S § <br> CITY DRUG, § <br> § <br> **Defendants.** § | **B-03-119** <br><br> Civil Action No. _____ <br> (Removed from the 197th Judicial District <br> Court of Willacy County, Texas) <br><br><br><br><br><br><br><br><br> **Jury Demanded** |

## INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
    (W.D.Miss. Sept. 25, 2000) ........................................... Exhibit A

State Court Notification .................................................. Exhibit B

All Executed Process on File ............................................. Exhibit C

All Pleadings Asserting Causes of Action and
    All Answers to Such Pleadings ...................................... Exhibit D

All Orders Signed by the State Judge ..................................... Exhibit E

State Court Docket Sheet ................................................. Exhibit F

Index of Matters Being Filed ............................................. Exhibit G

List of All Counsel of Record ............................................ Exhibit H

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) ...... Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

```
                                                    ┌─────────────────┐
                                                    │      FILED      │
                                                    │ ┌─────────────┐ │
                                                    │ │ SEP 25 2000 │ │
                                                    │ └─────────────┘ │
                                                    └─────────────────┘
```

MARGIE LOUIS, PEARLIE COX, MARY
DOTTOREY, OTIS ABRON, GLORIA LOTT,
EARL PIGG, MARION WEATHERS AND KATHY
ROBERTS                                                                    PLAINTIFFS

VS.                                         CIVIL ACTION NO. 5:00CV102LN

WYETH-AYERST PHARMACEUTICALS, INC. F/K/A
WYETH-AYERST LABORATORIES, A DIVISION OF
AMERICAN HOME PRODUCTS, INC.; WYETH
LABORATORIES, INC., A.H. ROBBINS COMPANY,
INC., AMERICAN HOME PRODUCTS, INC.
POLK'S DISCOUNT DRUGS, INC.; ECONOMY DRUG
STORE, INC.; BRANDON DISCOUNT DRUGS, INC.;
KING'S DISCOUNT DRUGS, INC.; FORREST BRATLEY,
JR.; SUSAN BOONE; CHRIS L. LUCKETT; LESTER A.
LALA; CHARLES CARTER, JR.; GINA SABBATINI;
SCOTT M. BOONE; VICTOR E. RUSSELL; JIMMY ROBINSON,
JR.; JEWELL E. NORMAN; MCR PHARMACEUTICALS INC..
A/K/A AMERICAN PHARMACEUTICALS, INC. A/K/A
MCR/AMERICAN PHARMACEUTICALS, INC.; JONES
MEDICAL INDUSTRIES, A/K/A ABANA PHARMACEUTICALS,
INC.; QUALITEST PRODUCTS, INC.; SEATRACE
PHARMACEUTICALS, INC.; EON LABS MANUFACTURING,
INC.; FISONS CORPORATION; GATE PHARMACEUTICALS;
INTERNEURON PHARMACEUTICALS, INC.; MEDEVA
PHARMACEUTICALS, INC.; RUGBY LABORATORIES,
INC.; SMITHKLINE BEECHAM CORPORATION;
AND ECKERD CORPORATION                                                     DEFENDANTS

## ORDER

This cause is before the court on the motion of plaintiffs to
remand this case to the Circuit Court of Claiborne County,
Mississippi. Defendants have responded in opposition to the motion
and the court, having considered the memoranda of authorities
submitted by the parties in the light of plaintiffs' complaint in
this cause, concludes for reasons to follow that plaintiffs' motion
should be denied.

Plaintiffs, like many others throughout this country, brought
this action to recover damages for injuries they claim to have

AO 72A
(Rev.8/82)

suffered as a result of their taking the diet drugs Pondimin, Redux (also known by fenfluramine and dexfenfluramine, respectively) and/or Phentermine. The plaintiffs herein, Mississippi residents, filed their suit in Mississippi state court, and in addition to suing the manufacturers of these drugs, all of which are of diverse citizenship from plaintiffs, and another diverse company, Eckerd Corporation, which is alleged to have distributed, marketed and promoted these drugs, plaintiffs sued a number of Mississippi pharmacies (Polk's Discount Drugs, Inc., Economy Drugs of Greenwood, Inc., Liberty Drug Store, Brandon Discount Drugs, Inc. and King's Discount Drugs) and a multitude of other Mississippi residents (Forest Bratley, Jr., Susan Bodne, Chris L. Luckett, Lester A. Lala, Charles Charter, Jr., Gina Savatini, Scott M. Boone, Victor E. Russell, Jimmy L. Robinson, Jr. and Jewell E. Norman) who were employed as sales representatives for one or another of the defendant drug companies. Defendants, contending that all of the Mississippi defendants were fraudulently joined, removed the case to this court on the basis of diversity of citizenship, following which plaintiffs filed their present motion to remand.

The standard for evaluating claims of fraudulent joinder is, of course, well known by all of the parties, as well as by the court; and the court, having given due consideration to that standard on the basis of the complaint filed by plaintiffs in this cause, concludes that plaintiffs have no possibility of recovery against any of the nondiverse defendants.

2

AO 72A
(Rev.8/82)

The complaint filed by plaintiffs in this cause includes, so far as the court can tell, ten counts, numbered and headed as follows:

    Count I:   Strict Product Liability
    Count II:  Failure to Warn
    Count IV:  Negligence
    Count I:   Strict Product Liability (Defective Design) Against
               the AHP Defendants
    Count II:  Strict Product Liability (Failure to Warn) Against
               All Defendants
    Count III: Negligence Against All Defendants
    Count IV:  Fraud and Misrepresentation Against All Defendants
    Count V:   Wantoness
    Count VI:  Fraud, Misrepresentation and Suppression
    Count VI:  Conspiracy

A premise of each count that can reasonably be construed as having been asserted against the resident pharmacy defendants[2] is knowledge on the part of these defendants of the dangers posed by

---

[1]     It appears that plaintiffs may have taken two complaints from other cases and attempted to combine them into a single complaint, amending the content as needed for this case. That would explain why they have asserted their causes of action in this duplicate fashion, and why the complaint begins on page one, continues through page 19 (skipping page 18), and then picks up on a new and different page 2 and continues on through page 64, and contains two sections (each somewhat different) for each of the headings, "Parties", "Jurisdiction" and "General Allegations"/"Factual Allegations."

[2]     Plaintiffs' claims of wantoness and conspiracy, while nominally asserted against "defendants", is clearly not directed toward the pharmacy defendants, as the substance of these counts utterly belies any conclusion that these defendants are a target of these counts. See Badon v. RJR Nabisco Inc., No. 98-30942, 2000 WL 115424, at *7 (5th Cir. Aug. 16, 2000) (noting that "[w]hile the amended complaint does often use the word 'defendants,' frequently it is evident that such usage could not be referring to the 'Tobacco Wholesalers.'").

AO 72A
(Rev 8/82)

the subject drugs.[3]  Yet, and notwithstanding the fact that the
complaint in places may allege or allude generally to knowledge
possessed by the "defendants,"[4] it is plain that the complaint on
the whole cannot reasonably and legitimately be construed as
alleging any factual basis for the conclusion that any of the

---

[3]    Generally speaking, under Mississippi's Products
Liability Act, Miss. Code Ann. § 11-1-63, liability of a product
seller may be based on a theory of defective design or inadequacy
of warning/failure to warn. Either theory requires proof of
knowledge on the part of the seller. See Miss. Code Ann. § 11-1-
63(f) ("In any action alleging that a product is defective because
of its design . . . the manufacturer or product seller shall not be
liable if the claimant does not prove by the preponderance of the
evidence that at the time the product left the control of the
manufacturer or seller; (i) [t]he manufacturer or seller knew, or
in light of reasonably available knowledge or in the exercise of
reasonable care should have known, about the danger for which
recovery is sought. . . ."); Miss. Code Ann. § 11-1-63(c)(i) ("In
any action alleging that a product is defective because it failed
to contain adequate warnings or instructions . . . the manufacturer
or seller shall not be liable if the claimant does not prove by a
preponderance of the evidence that at the time the product left the
control of the manufacturer or seller, the manufacturer or seller
knew or in light of reasonably available knowledge should have
known about the danger that caused the damage for which recovery is
sought. . . ."). Thus, even if the "learned intermediary"
doctrine, which is incorporated into the statute, see Miss. Code
Ann. § 11-1-63(c)(ii), were not an impediment to recovery, the
absence of an allegation that a defendant knew, or had reason to
know, of the product defect dooms any claim for defective design or
lack of adequate warning. Likewise, knowledge, or a reason to
know, is also a necessary requisite for any claim of failure to
warn or negligence that a plaintiff might undertake to assert
extraneous to a claim under the Products Liability Act itself
(assuming solely for the sake of argument that such a claim could
exist). An essential element of a claim of fraud is knowledge of
the falsity of the representation; and regarding any claim of
omission of facts, a person obviously cannot disclose what he does
not and cannot know.

[4]    They allege, for example, that the drugs "were marketed
to be used in combination which was known to the Defendants to
cause harmful side effects which outweighed any potential utility."

4

AO 72A
(Rev.8/82)

pharmacy defendants had any knowledge or reason to know of any of the dangers associated with the product(s) of which plaintiffs contend they were unaware. Quite to the contrary, the complaint, the major theme of which is the manufacturers' intentional concealment of the true risks of the drug(s), coupled with dissemination through various media of false and misleading information of the safety of the drug(s) at issue, belies any suggestion of knowledge, or reason to know by those resident defendants. According to the lengthy and extremely detailed factual allegations of the complaint, the product manufacturers had knowledge from numerous sources that the drug(s) at issue was unsafe, yet they, in the face of this knowledge, not only concealed this information, but affirmatively misrepresented to the FDA, to the public, to consumers, to the plaintiffs, to pharmacists, to dispensing entities, and even to AHP's own business partner, that the product(s) was safe.[3]  In the face of plaintiffs'

---

[3]    By way of example only, plaintiffs allege variously that: "Plaintiffs and/or their prescribing physicians and other dispensing entities justifiably relied on and/or were induced by the misrepresentations and/or active concealment of Defendants to her detriment."

"These defendants, having undertaken the manufacturing, marketing, prescription dispensing, distributing and promotion of the diet drugs described herein owe a duty to provide the Plaintiffs, and physicians, regulators and others upon whom it was known by Defendants that the plaintiffs would rely, accurate and complete information regarding its products."

"AHP was put on notice . . . that the . . . labeling was probably inadequate and needed to be revised. . . . [D]espite this warning. . . no changes were made to the labeling between 1990 and mid-1996. . . . [AHP was

5

AO 72A
(Rev 8/82)

motivated] to conceal the safety hazards of [its products]. . . . [A]lthough an FDA official warned that there were too many adverse reaction reports . . . and that he wanted AHP DEFENDANTS to discourage combination use, the Defendants did not actively discourage the use of Fen-Phen.

[AHP knew as early as 1991 that the warning on the Pondimin labeling from 1987 through 1996] was false and misleading . . [y]et . . . AHP did nothing to strengthen the warning language about PPH. . . . AHP deliberately chose not to make any change to the labeling in the summer or Fall of 1994, but chose to provide false and misleading information in its product labeling for Pondmin.

By [February of 1995], APH was already concerned the FDA might require to have a black box warning about PPH in the Redux labeling and it had conducted market research which showed that with a black box warning, Redux sales could only be a fraction of what AHP hoped for. [AHP] was fully aware that its warning about PPH in the Pondimin labeling was inadequate.

AHP DEFENDANTS believed it was in their best interest to have consumers uninformed about the deadly risk of PPH. . . . The PHENTERMINE DEFENDANTS also sought to keep consumers and prescribing physicians uninformed about the true risk of PPH. . . . Although [the risks of PPH] were known to phentermine manufacturers around the world, these manufacturers actively concealed this fact from prescribing physicians and consumers, including the Plaintiffs and their prescribing physicians, and misrepresented the risk of PPH by failing to place any such warning in the package insert. . . . [B]y failing to disclose [the facts], the package insert for fenfluramine implicitly and falsely stated to the Plaintiffs' prescribing physicians that it could be prescribed in combination with phentermine.

[From 1993 through 1995] [the] AHP defendants received further information [about risks of valvular heart disease] - yet chose to ignore it. . . . [T]he PHENTERMINE DEFENDANTS [also] began to receive reports [of] VHD. . Defendants failed to obtain any more information about these reports. . . . AHP DEFENDANTS did not even report many of these cases to FDA. AHP DEFENDANTS should have regarded the 1994-1995 reports of VHD us an early warning signal of what was likely to

6

happen in the U.S. However, because of its desire to conceal safety problems and not derail the exponential growth of Pondimin or the pending approval of Redux . . . .APH DEFENDANTS chose . . . not to report the VHD problem [to FDA]. . . . AHP DEFENDANTS mischaracterized many of the reports as "non-serious" and did not report them to FDA, to the Plaintiffs, or to the Plaintiffs' prescribing physicians.

AHP DEFENDANTS did not change the Pondimin labeling regarding PPH because to do so would have threatened its diet drug business.

[AHP marketing programs] contained false and misleading information and/or material omissions about the true risks . . .and the supposed benefits. . . . The text of one AHP document . . . falsely states "Redux is a safe and effective product." [AHP, through its sales force] fed false and misleading information and/or material omissions about the true risks . . . [to doctor advocates, whose job it was to promote AHP's products to other physicians].

The "best case" for the company's sales was if consumers were unaware of the risk of PPH and physicians chose not to enlighten them.

AHP DEFENDANTS [knew of problems] but decided to say nothing of those problems to physicians, patients or the FDA. . . . AHP DEFENDANTS withheld critical information from the FDA Advisory Committee, the Plaintiffs, and the Plaintiffs' physicians, about the risks of VHD.

AHP DEFENDANTS, knowing that its market research demonstrated that [a black box] warning would destroy sales, adamantly resisted the black box warning requested by FDA and any other restrictions on the use of Redux.

[An internal memo authored by an AHP executive stated] "[E]very attempt will be made to ensure that no "Black Box' warnings, restrictions of use or negative statements find their way into the Redux labeling."
[After a leading researcher in the field of PPH appeared on the Today show expressing concerns, he was threatened by AHP's medical director and] never again spoke to the media about his concerns about the safety of Redux.

AHP made matters worse by having its paid consultants write an editorial minimizing the risk of PPH with diet drugs which was published in the New England Journal of

7



Medicine without the authors disclosing that they were paid consultants for the company.  In addition, AHP DEFENDANTS sent out a misleading press release regarding the IPPHS study, which also tended to downplay the risk of PPH.

. . .

AHP did everything in its power to obscure the true scope of the problem from the Mayo Clinic, Interneuron, FDA and the public as long as it could.

. . .   [R]ather than coming clean about the knowledge in its possession for about two years, AHP continued to withhold that information and feigned total surprise [when a Mayo Clinic physician reported to AHP that she had discovered VHD in a number of patients who had been using Fen-Phen].

. . .

Worried about a leak of information to the general public and prescribing physicians, AHP DEFENDANTS tried to keep IPI (its business partner) in the dark about the Mayo Clinic findings. . . .AHP [attempted] to conceal information about the VHD problem from even its own business partner for as long as possible.

AHP DEFENDANTS continued their policy of hiding information about the risk of VHD even up to the day that FDA told the company that it should take Pondimin and Redux off the market.

[Pursuant to a conspiracy between] AHP DEFENDANTS and ECKERD, false and fraudulent information was provided to pharmacists, consumers, and prescribing physicians about the risks and supposed benefits of these drugs.  Upon information and belief, and in furtherance of the conspiracy, AHP Defendants and Eckerd supplied false and misleading marketing and promotional material and programs to unsuspecting pharmacists and prescribing physicians. . . .  Eckerd [agreed that it would] take "no action, including but not limited to telephone calls or written communication to physician providers or Pharmacies regarding specific prescriptions, that [would] adversely affect utilization" [of AHP's products].. . . . Upon information and belief, [certain "patient education programs" and "provider education programs" worked on by Eckerd and Wyeth-Ayerst jointly] provided false and misleading information about [the drugs].

Eon agreed and conspired with various pharmacies and/or AHP Defendants to ensure that the off-label combination use of these drugs could be timely provided to consumers, pharmacists, and prescribing physicians who were deliberately misled as to the safety and efficacy of these drugs.

8

specific allegations of concerted, unabated fraud and concealment by the manufacturer defendants from virtually everyone, including pharmacists, no factual basis can be drawn from plaintiffs' complaint for their entirely general and conclusory charge that these "defendants" knew or had reason to know of the risks. Even assuming, then, for the sake of argument, that under Mississippi law, there exists the possibility that a viable cause of action could be maintained against a pharmacist who had knowledge of risks associated with a particular drug or drugs which he failed to disclose to his customer, the plaintiffs herein have failed to properly plead such a claim.[6] Accordingly, the court concludes that the pharmacy defendants have indeed been fraudulently joined.

The court also concludes, for the reasons assigned by Judge William R. Barbour in _Beatrice Johnson et al. v. Parke-Davis, a_

---

tion agreed and conspired with other manufacturers to ensure that an adequate supply of phentermine could be delivered to consumers, pharmacists, and prescribing physicians who were deliberately misled as to the safety and efficacy of these drugs, and to the dangers of prescribing phentermine in combination with fenfluramine. . . . In furtherance of this conspiracy, prescribing physicians, consumers, and pharmacists were fed false and misleading information about fen-phen and Redux. . . .

[6]    See _Badon v. RJR Nabisco Inc._, 2000 WL 1159424, No. 98-30942, at *7 (5th Cir. Aug. 16, 2000) (noting that plaintiffs' conspiracy allegations were "entirely general" and did not allege "any particular or specific activity, agreement, or state of mind on the part of either the in-state distributor defendants. . . . while as to the other defendants the amended complaint is replete with innumerable specific allegations of particular, identified activities, . . . .").

9

Division of The Warner-Lambert Co., et al., No. 3:00CV315BN (S.D. Miss. July 21, 2000) (involving the drug Rezulin), that the sales representative defendants have also been fraudulently joined.

Accordingly, for the foregoing reasons, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 25th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE

10

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA; | § | |
| INDIVIDUALLY AND ON BEHAL | § | |
| OF THE ESTATE OF MARIA INEZ | § | |
| RUIZ, | § | |
|      **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER, INC.; AND WARNER-LAMBERT | § | |
| COMPANY, NOW KNOWN AS PFIZER, | § | |
| INC.; RAJIV FINGA, M.D., MARK | § | |
| EDWARDS, M.D., GEORGE CANTU, | § | |
| M.D., ALLEN B. SPENCE, M.D., AND | § | |
| WATSON'S CITY DRUG, | § | |
|      **Defendants.** | § | 197TH JUDICIAL DISTRICT |

**Jury Demanded**

## PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S
## NOTIFICATION OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Pfizer Inc. (incorrectly named as "Pfizer, Inc.") and Warner-Lambert Company LLC (incorrectly named as "Warner-Lambert Company, now known as Pfizer Inc."), have removed this case to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of Pfizer and Warner-Lambert's Notice of Removal (exclusive of attachments) is attached as Exhibit "A" to this notification.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: _Jack E. Urquhart (by permission)_

**JACK E. URQUHART**
Texas Bar No. 20415600
1300 Post Oak Blvd.
Houston, TX 77056
Phone: (713) 623-0887
Fax: (713) 960-1527

**ATTORNEYS FOR DEFENDANTS PFIZER INC.
AND WARNER-LAMBERT COMPANY LLC**

**OF COUNSEL:**

David C. Garza
Texas Bar No. 077314400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542- 7403

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Pfizer Inc. and Warner-Lambert Company LLC's Notification of Removal has been served on the following counsel of record by certified mail, return receipt requested on this 30 day of June, 2003:

| | |
|---|---|
| Michael T. Gallagher | *Certified Mail* |
| GALLAGHER, LEWIS, DOWNEY & KIM | *Return Receipt Requested* |
| 700 Louisiana Street, 40th floor | *7001 2510 0005 7828 6527* |
| Houston, TX 77002 | |
| | |
| David Casso | *Certified Mail* |
| FLORES, CASSO & PETTITT, L.L.P. | *Return Receipt Requested* |
| 321 South 12th Street | *7001 2510 0005 7825 6534* |
| P. O. Box 2128 | |
| McAllen, TX 78505-2128 | |
| | |
| Philipa M. Remington | *Certified Mail* |
| Russell G. Thornton | *Return Receipt Requested* |
| Michael A. Yanof | *7001 2510 0005 7828 6442* |
| STINNETT THIEBAUD & REMINGTON L.L.P. | |
| 4800 Fountain Place | |
| 1445 Ross Avenue | |
| Dallas, TX. 75202 | |
| | |
| Ann P. Watson, Esq. | *Certified Mail* |
| Sheehy, Serpe & Ware, P.C. | *Return Receipt Requested* |
| 2500 Two Houston Center | 7001 2510 0005 7828 6374 |
| 909 Fannin | |
| Houston, Texas 77010 | |

Gail M. Brownfeld

#441465.13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANITA BLANCO, RUBEN GARCIA, NICOLAS RODRIQUEZ, HERMELINDA QUIROGA, Individually and on Behalf of the Estate of MARIA INEZ RUIZ, | § § § § § | |
| **Plaintiffs,** | § | **B-03-119** |
| vs. | § § § | Civil Action No. _____ (Removed from the 197th Judicial District Court of Willacy County, Texas) |
| PFIZER, INC., and WARNER-LAMBERT COMPANY, now known as PFIZER, INC.; RAJIV FINGA, M.D., MARK EDWARDS, M.D., GEORGE CANTU, M.D., ALLEN B. SPENCE, M.D., and WATSON'S CITY DRUG, | § § § § § § § § | |
| **Defendants.** | § | **Jury Demanded** |

## EXHIBIT C

### ALL EXECUTED PROCESS ON FILE

1.  Return of Service upon Rajiv Finga, M.D. (filed 6/13/03) . . . . . . . . . . . . . Exhibit C(1)

2.  Return of Service upon Mark Edwards, M.D. (filed 6/10/03) . . . . . . . . . . . Exhibit C(2)

3.  Return of Service upon George Cantu, M.D. (filed 6/13/03) . . . . . . . . . . . Exhibit C(3)

4.  Return of Service upon Allen B. Spence, M.D. (filed 6/13/03) . . . . . . . . . . Exhibit C(4)

5.  Return of Service upon Watson's City Drug (filed 6/13/03) . . . . . . . . . . . . Exhibit C(5)

6.  Return of Service upon Warner-Lambert (filed 6/13/03) . . . . . . . . . . . . . . Exhibit C(6)

# CITATION

**THE STATE OF TEXAS**

To ___Rajiv Finge, M.D._____

___637 E. Hidalgo_____

___Raymondville, Tx 78580_____

Defendant_____, in the hereinafter styled and numbered cause:     03-161

YOU ARE HEREBY COMMANDED to appear before the ___197th_____ Court _____

of ___Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

___Raymondville,_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____03-161_____, styled

_____Juanita Blanco et al_____, Plaintiff____,

vs. __Pfizer et al_____, Defendant____,

filed in said court on the ___30th__ day of _____May_____, 20_03_.

Plaintiff is represented by _____Flores, Casso &&Pettitt_____, whose

address is ___321 S. 12th Street_____McAllen, tx  78505_____

      street               city           state          zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____2nd_____ day of

_____June_____, 20_03_

         ___Gilbert Loznao_____

**District**Clerk of _____Willacy_____ County, Texas

        ___546 W. Hidalgo_____
        Clerk's address

        ___Raymondville, Tx 78580_____

By _____Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

**FILE COPY**

## RETURN OF CITATION

Came to hand on the ___02___ day of ___June___, 20_03_, at ___050___ o'clock _P_.M.
*Executed at _630 E Hidalgo Hwy_, within the County of ___Willacy___, at ___1:00___ o'clock _A_.M.
on the ___13___ day of ___June___, 20_03_, by delivering to the within named _____
___Rene Siapa___, in person,
a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

*Not executed, the diligence used to execute being _____
_____ ; for the following reason _____
_____ , the defendant may be found _____ .

Fee for serving this citation          $ _50 00_

```
Sheriff Account
No._____
```

## TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

For Clerk's Use

| Taxed | _____ |
|---|---|
| Return recorded | _____ |

*Strike if not applicable

Signature of person serving citation _____ _Willacy_ County, Texas

By _Enrique Moore_ Deputy.

CITATION—PERSONAL SERVICE
(District or County Court)

File No. ____

In ____

Court ____ of ____

County, Texas

VS.

This ____ day of ____
Issued ____, 20

Clerk ____ Court
By ____ Deputy

This ____ day of ____
Filed ____, 20

At ____ o'clock ____.M.

Clerk ____ Court
By ____ Deputy

16-2108

## ¹VERIFICATION

State of Texas
County of _____

Before me, on this day personally appeared _____ , who being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return of Citation and that every statement contained therein is within his personal knowledge true and correct.

Signature of authorized person serving citation _____

Subscribed and sworn to before me on _____ , to certify which witness my hand and official seal.

Notary Public in and for _____ County, Texas

My commission expires: _____

Notary's signature _____

¹Use only if a person other than Sheriff
or Constable served process. See Rules 103 and 107.

# CITATION

**THE STATE OF TEXAS**

To   Mark Edwards, M.D.

    2102 Pease

    Harlingen, Tx 78550

Defendant_____ , in the hereinafter styled and numbered cause: 03-161

    YOU ARE HEREBY COMMANDED to appear before the _____197th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____ , _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____03-161_____ , styled

_____Juanita Blanco et al_____ , Plaintiff___ ,

vs. _____Pfizer et al_____ , Defendant___ ,

filed in said court on the _____30th__ day of _____May_____ , 20__03__

    Plaintiff is represented by _____Flores, Rasso & Pettitt_____ , whose

address is _____321 S. 12th Street_____ _____McAllen, Tx 78505_____

         street                   city           state         zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____2nd_____ day of

_____June_____ , 20_03_

                                          Gilbert Lozano

                          **District** Clerk of _____Willacy_____ County, Texas

                          546 W. Hidalgo

                          Clerk's address

                          Raymondville, Tx 78580

By_____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



FILED

JUN 10 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

Reproduction of this form by any person or party is prohibited.

**DEFENDANT(S) COPY**



Mark Edwards, M.D.

Harlingen, Tx 78550

no longer at Valley Baptist
Medical Center. He left in the
of Jan 2000.

RETURNED TO SENDER

RECEIVED

JUN 10 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

16-210A—CITATION—PERSONAL SERVICE—DISTRICT OR COUNTY COURT (Revised 8/90) @ Class 3-3    Hart InterCivic

# CITATION

## THE STATE OF TEXAS

To __George Cantu M.D.__

__322 Petra Ave.__

__Raymondville, Tx 78580__

Defendant_____, in the hereinafter styled and numbered cause:  03-161

YOU ARE HEREBY COMMANDED to appear before the __197th__ _____ Court _____

of __Willacy__ _____ County, Texas, to be held at the courthouse of said county in the City of

__Raymondville__ , __Willacy__ _____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number __03-161__ _____ , styled

__Juanita Blanco et al__ _____ , Plaintiff___,

vs. __Pfizer et al.__ _____ , Defendant___ ,

filed in said court on the __30th__ day of __May__ , 20_03_.

Plaintiff is represented by __Flores, Casso & Pettitt__ _____ , whose

address is __321 S. 12th Street__            __McAllen, Tx 78505__ _____
<br>street                                  city                        state              zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____ __2nd__ _____ day of

_____ __June__ _____ , 20_03_.

__Gilbert Loznao__ _____

__District__ Clerk of _____ __Willacy__ _____ County, Texas

__546 W. Hidalgo__ _____
<br>Clerk's address

__Raymondville, Tx 78580__ _____

By _____ Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

**FILE COPY**

## RETURN OF CITATION

Came to hand on the _2_ day of _June_, 20 _03_, at _250_ o'clock _P_. M.
*Executed at _1826 Kimball Rd_, within the County of _Willacy_, at _940_ o'clock _A_. M.
on the _13_ day of _June_, 20_03_, by delivering to the within named _____
_____ _George Cantu M.D._ _____, in person,
a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such
petition to such copy of citation and endorsed on such copy of citation the date of delivery.
*Not executed, the diligence used to execute being _____
_____; for the following reason _____
_____, the defendant may be found _____.

Fee for serving this citation          $ _50°°_

┌─────────────────────────────┐
│ Sheriff Account              │
│                              │
│ No._____              │
└─────────────────────────────┘

## TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

For Clerk's Use

┌────────────────────────────┐
│ Taxed        _____   │
│                            │
│ Return recorded _____   │
└────────────────────────────┘

Signature of person serving citation

By _____ _Willacy_ _____ County, Texas

By _____ _Enrique Mou_ _____ Deputy.

*Strike if not applicable

Hart InterCivic

CITATION—PERSONAL SERVICE
(District or County Court)

Clerk _____ By _____ At _____ o'clock ____ .M.
This _____ day of _____ , 20 _____
Filed
Clerk _____ By _____ Deputy
This _____ day of _____ , 20
Issued

VS.

County, Texas

In _____ Court _____ of _____

File No.

16-2108

## ¹VERIFICATION

State of Texas
County of _____

Before me, on this day personally appeared _____, who
being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled
and numbered cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return
of Citation and that every statement contained therein is within his personal knowledge true and correct.

Subscribed and sworn to before me on _____ 20 _____.

my hand and official seal.

Signature of authorized person serving citation

To certify which witness

2003

Notary Public in and for _____ County, Texas

My commission expires: _____

Gilbert Lozano, Dist. Clerk, Willacy Co.
Deputy

Notary's signature

¹Use only if a person other than Sheriff

16-2108—CITATION—PERSONAL SERVICE—DISTRICT OF ____ NTY COURT (Revised 8/90) © Class 3-3          Hart InterCivic

# CITATION

**THE STATE OF TEXAS**

To ___Allen B. Spence, M.D._____

___336 S. 8th Street_____

___Raymondville, Tx 78580_____

Defendant_____ , in the hereinafter styled and numbered cause:     03-161

YOU ARE HEREBY COMMANDED to appear before the ___197th_____ Court _____

of ___Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

___Raymondville_____ , ___Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number ___03-161_____ , styled

_____

___Juanita Blanco et al_____ , Plaintiff____ ,

vs. ___Pfizer et al_____ , Defendant____ ,

filed in said court on the ___30th__ day of ___May_____ , 20_03_ .

Plaintiff is represented by ___Flores, Casso, & Pettitt_____ , whose

address is ___321 S. 12th Street_____ ___McAllen, tX 78585_____

        street               city            state            zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ___2nd_____ day of

___June_____ , 20_03_

                     **Gilbert Lozano**

**District**Clerk of _____Willacy_____ County, Texas

       ___546 W. Hidalgo_____
Clerk's address
___Raymondville, Tx 78850_____

By _____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

6-2-03
250pm

Reproduction of this form by any person or party is prohibited.

**FILE COPY**

## RETURN OF CITATION

Came to hand on the _02_ day of _June_, 20_03_, at _250_ o'clock _P_ M.
*Executed at_336 S. 8th Ry_, within the County of _Willacy_, at _2od_ o'clock _P_ M.
on the _11_ day of _June_, 20_03_, by delivering to the within named _____
_Allen Spence M.D_, in person,
a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such
petition to such copy of citation and endorsed on such copy of citation the date of delivery.
*Not executed, the diligence used to execute being _____
_____ ; for the following reason _____
_____, the defendant may be found _____.

Fee for serving this citation          $ _50 oo_

┌────────────────────────────┐
│  Sheriff Account            │
│  No._____        │
└────────────────────────────┘

**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.**
For Clerk's Use

┌─────────────────────────────────┐
│ Taxed        _____        │
│                                 │
│ Return recorded    _____  │
└─────────────────────────────────┘

Signature of person serving citation

_Willacy_ County, Texas
By _Eric m Marc_ Deputy.

*Strike if not applicable

| By | Clerk, | This | At | o'clock | This | Filed | By | Clerk, | This | Issued | | CITATION—PERSONAL SERVICE (District or County Court) | | In | Court | | VS. | | County, Texas | of | | File No. | 16-2108 |
|----|--------|------|----|---------|------|-------|----|--------|------|--------|---|---|---|----|-------|---|-----|---|---------------|----|---|---------|--------|

Hart InterCivic

_____ Deputy   _____ Court   _____, 20 ___ .M.   _____ day of   _____, 20   _____ Deputy   _____ Court   _____ day of   _____, 20

## [1]VERIFICATION

State of Texas
County of _____

Before me, on this day personally appeared _____, who
being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled
and numbered cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return
of Citation and that every statement contained therein is within his personal knowledge true and correct.

Signature of authorized person serving citation

Subscribed and sworn to before me on _____, 20____.
my hand and official seal.

_____
Notary Public in and for _____ County, Texas

My commission expires: _____

_____
Notary's signature

[1]Use only if a person other than Sheriff
or Constable served process. See Rules 103 and 107

# CITATION

THE STATE OF TEXAS

To  Watson's City Drug

192 S. 7th

Raymondville, Tx 78580

Defendant_____, in the hereinafter styled and numbered cause:   03-161

YOU ARE HEREBY COMMANDED to appear before the ____197th_____ Court _____

of ___Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____03-161_____, styled

_____Juanita Blanco et al _____, Plaintiff____,

vs. __Pfizer etaal _____, Defendant____ ,

filed in said court on the __30th_ day of _____May_____ , 2003_ .

Plaintiff is represented by _____Flore, Casso, & Petritt_____, whose

address is ___321 S. 12th_____ McAllen, Tx 78505_____
        street                  city              state         zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____2nd_____ day of

_____June_____, 20_03

_____Gilbert lozano_____

District Clerk of _____Willacy_____, County, Texas

546 W. Hidalgo
Clerk's address

Raymondville, tx 78580

By _____Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

6-2-03
2 50pm

served

Reproduction of this form by any person or party is prohibited.

**FILE COPY**

## RETURN OF CITATION

Came to hand on the _2_ day of _June_, 20_03_, at _250_ o'clock _P_. M.
*Executed at _1925 7ᵗʰ Ky_, within the County of _Willacy_, at _1045_ o'clock _A_. M.
on the _11_ day of _June_, 20_03_, by delivering to the within named _Wash n Drug_, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

*Not executed, the diligence used to execute being _____
_____ ; for the following reason _____
_____, the defendant may be found _____.

Fee for serving this citation          $ _50 ⁰⁰_

Sheriff Account
No._____

## TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

For Clerk's Use

| Taxed | _____ |
|---|---|
| Return recorded | _____ |

*Strike if not applicable

Signature of person serving citation

_Willacy_ _____ County, Texas

By _____ Deputy.

---

**CITATION—PERSONAL SERVICE**
**(District or County Court)**

File No. _____

In _____ Court _____

of _____ County, Texas

VS.

Issued _____ This _____ day of _____, 20 __

Clerk _____ Court

By _____ Deputy

Filed _____

This _____ day of _____, 20 __

At _____ o'clock _____ .M.

Clerk _____ Court

By _____ Deputy

Hart InterCivic

16-2108

---

## ¹VERIFICATION

State of Texas
County of _____

Before me, on this day personally appeared _____, who being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and competent to make the oath of the facts herein stated, and that he has read the foregoing Return of Citation and that every statement contained therein is within his personal knowledge true and correct.

Signature of authorized person serving citation

Subscribed and sworn to before me on _____
my hand and official seal.

Notary Public in and for _____ County, Texas

My commission expires: _____

Notary's signature

¹ Use only if a person other than Sheriff
or Constable served process. See Rules 103 and 107.

# CITATION

THE STATE OF TEXAS

To ___Warner-Lambert_____

___350 N. Saint Paul St._____

___Dallas, Tx 75201_____

Defendant_____, in the hereinafter styled and numbered cause:  03-161

   YOU ARE HEREBY COMMANDED to appear before the ___197th_____ Court _____

of ___Willacy_____County, Texas, to be held at the courthouse of said county in the City of

___Raymondville_____, _____Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____03-161_____, styled

___Juanita Blanco Et al._____, Plaintiff____,

vs. ___Pfizer et al_____, Defendant____,

filed in said court on the ___30th__ day of ___May_____, 2003__.

   Plaintiff is represented by _____Flores, Casso & Pettitt_____, whose

address is _____321 S. 12th____McAllen, Tx____78505_____
           street                        city              state           zip code

   ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____2nd_____ day of

___June_____, 20_03__

                                        ___Gilbert Lozano_____

                              District_ Clerk of _____Willacy_____County, Texas

                                        546 W. Hidalgo_____
                                        Clerk's address

                                        Raymondville, Tx 78580_____

                              By_____, ___Deputy.

## NOTICE

If you or your attorney do not file a written answer with the clerk who issued g the expiration of twenty days after you were served this citation and petition,

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To    C.T. Corporation
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, January 2001

**RETURN TO COURT COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANITA BLANCO, RUBEN GARCIA, NICOLAS RODRIQUEZ, HERMELINDA QUIROGA, Individually and on Behalf of the Estate of MARIA INEZ RUIZ, | § § § § § | |
| **Plaintiffs,** | § | **B-03-119** |
| vs. | § § § | Civil Action No. _____ (Removed from the 197th Judicial District Court of Willacy County, Texas) |
| PFIZER, INC., and WARNER-LAMBERT COMPANY, now known as PFIZER, INC.; RAJIV FINGA, M.D., MARK EDWARDS, M.D., GEORGE CANTU, M.D., ALLEN B. SPENCE, M.D., and WATSON'S CITY DRUG, | § § § § § § § § | |
| **Defendants.** | § | **Jury Demanded** |

EXHIBIT D

ALL PLEADINGS ASSERTING CAUSES OF ACTION AND
ALL ANSWERS TO SUCH PLEADINGS

1.   Plaintiffs' Original Petition (filed 5/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(1)

2.   Defendant Rajiv Sinha, M.D.'s (wrongly named as Rajiv Finga, M.D.) Special Exceptions and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . Exhibit D(2)

3.   Defendant Allen B. Spence, M.D.'s Special Exceptions and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(3)

4.   Original Answer of Warner-Lambert Company LLC (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(4)

5.   Original Answer of Pfizer Inc. (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(5)

6.   Defendant George Cantu, M.D.'s Demand for Trial by Jury (filed 6/27/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(6)

7.   Defendant George Cantu, M.D.'s Original Answer(filed 6/273) . . . . . . . . Exhibit D(7)

CAUSE NO. 03-161

| | |
|---|---|
| JUANITA BLANCO; RUBEN GARCIA; § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; § | |
| HERMELINDA QUIROGA, § | |
| INDIVIDUALLY AND ON BEHALF § | |
| OF THE ESTATE OF MARIA § | |
| INEZ RUIZ, § | |
|     PLAINTIFFS § | |
| § | |
| § | |
| v. § | |
| § | WILLACY COUNTY, TEXAS |
| PFIZER, INC.; AND WARNER-LAMBERT § | |
| COMPANY, NOW KNOWN AS PFIZER, § | |
| INC.;RAJIV FINGA, M.D., MARK § | |
| EDWARDS, M.D., GEORGE CANTU, § | |
| M.D., ALLEN B. SPENCE, M.D., AND § | |
| WATSON'S CITY DRUG § | 197th |
|     DEFENDANTS § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

  NOW COMES Juanita Blanco; Ruben Garcia; Nicolas Rodriguez; and Hermelinda

Quiroga, individually and on behalf of the Estate of Maria Inez Ruiz, Plaintiffs herein,

complaining of Pfizer, Inc.; and Warner-Lambert Company, now known as Pfizer, Inc.;

Watson's City Drug,  Rajiv Finga, M.D., Mark Edwards, M.D., George Cantu, M.D., and

Allen B. Spence, M.D., Defendants herein, and for cause of action would respectfully

show the Court the following:

I.

### Discovery

  Plaintiffs allege that discovery herein is being conducted under Level 2 of Rule

190 of the Texas Rules of Civil Procedure.

FILED

MAY 3 0 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____

II.

## Parties

Plaintiffs Juanita Blanco; Ruben Garcia; Nicolas Rodriguez were residents of Willacy County, Texas, at the times the causes of action that are the basis of this suit accrued.

Hermelinda Qiroga, Individually, became a wrongful death beneficiary upon Ms. Maria Inez Ruiz' death.

Defendant Pfizer, Inc. (Pfizer) is a Delaware corporation transacting and conducting business within the State of Texas and Willacy County.  Service may be made on it by serving its registered agent: C. T. Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201.

Defendant Warner-Lambert Company ( Warner-Lambert) was a New Jersey corporation transacting and conducting business within the State of Texas and Willacy County.  Through a series of transactions, Warner-Lambert was merged into Pfizer. Therefore, Warner-Lambert may be served by serving Pfizer as indicated above.

Defendant Watson City Drug is a pharmacy business with its principal place of business located at 192 South 7th Street, Raymondville, Texas 78580. The defendant may be served with citation by leaving a copy of the citation at the principal place of business during office hours.

Defendant Rajiv Finga, M.D. ("Finga") is a licensed physician in the practice of medicine representing and holding himself out to the public as being a competent and

skilled practitioner of medicine; and as being able to diagnose, treat, and skillfully

perform, in particular, those medical services such as were required by the Plaintiff,

Juanita Blanco. Defendant Finga is a citizen of the State of Texas, and was a citizen of

the State of Texas at the times that the causes that are the basis of this suit accrued. He

may be served with process by serving him at his place of business: 637 E. Hidalgo,

Raymondville, Texas 78580.

Defendant Mark Edwards, M.D. ("Edwards") is a licensed physician in the

practice of medicine representing and holding himself out to the public as being a

competent and skilled practitioner of medicine; and as being able to diagnose, treat, and

skillfully perform, in particular, those medical services such as were required by the

Plaintiff, Ruben Garcia. Defendant Edwards is a citizen of the State of Texas, and was a

citizen of the State of Texas at the times that the causes that are the basis of this suit

accrued. He may be served with process by serving him at his place of business: 2102

Pease, Harlingen, Texas 78550.

Defendant George Cantu, M.D. ("Cantu") is a licensed physician in the practice of

medicine representing and holding himself out to the public as being a competent and

skilled practitioner of medicine; and as being able to diagnose, treat, and skillfully

perform, in particular, those medical services such as were required by the Plaintiff,

Nicolas Rodriguez. Defendant Cantu is a citizen of the State of Texas, and was a citizen

of the State of Texas at the times that the causes that are the basis of this suit accrued. He

may be served with process by serving him at his place of business: 322 Petra Ave.,

Raymondville, Texas 78580.

Defendant Allen B. Spence, M.D. ("Spence") is a licensed physician in the

practice of medicine representing and holding himself out to the public as being a

competent and skilled practitioner of medicine; and as being able to diagnose, treat, and

skillfully perform, in particular, those medical services such as were required by Maria

Inez Ruiz. Defendant Spence is a citizen of the State of Texas, and a resident of Willacy

County, Texas, and was a citizen of the State of Texas and a resident of Willacy  County,

Texas at the times that the causes that are the basis of this suit accrued. He may be

served with process by serving him at his place of business: 336 S. 8th Street,

Raymondville, Texas 78580.

III.

**Venue**

Plaintiffs' causes of action against Defendants include causes of action which

accrued, in whole or in part, in Willacy County, Texas, within the meaning of TEX. CIV.

PRAC. & REM. C. § 15.002(a)(1) because Plaintiffs, who reside in Willacy County,

Texas has sustained, and has continued to sustain, bodily injuries while residing in

Willacy County, Texas as the proximate results of the conduct of Defendants made

subjects of this cause.

Plaintiffs' causes of action against Defendants include causes of action against

Defendants Rajiv Finga, M.D., Mark Edwards, M.D., George Cantu, M.D., and Allen B.

Spence, M.D., who reside and resided in Willacy County, Texas, at all times relevant hereto within the meaning of TEX. CIV. PRAC. & REM. C. § 15.002(a)(2).

Plaintiffs' causes of action against Defendants include causes of action arising out of transactions solicited in Willacy County, Texas by Defendants, or their authorized agents, within the meaning of TEX. BUS. & COM. C. § 17.56.

Plaintiffs' causes of action against Defendants include causes of action of Plaintiffs for breach of warranty by a manufacturer of consumer goods, within the meaning of TEX. CIV. PRAC. & REM. C. § 15.033.

Venue is therefore proper in Willacy County, Texas pursuant to TEX. CIV. PRAC. & REM. C. §§15.002(a)(1), 15.005, and 15.033.

IV

## Factual Allegations

Defendant Warner-Lambert, now Defendant Pfizer, Inc., was engaged in the design, manufacture, production, testing, inspection, mixture, labeling, advertising, sales, promotion, importation, and/or distribution of pharmaceutical products, including the drug Rezulin (Troglitazone), for ultimate sale and/or use in the United States of America, including but not limited to the State of Texas as well as in various foreign jurisdictions.

The drug Rezulin (Troglitazone) was marketed by defendant Warner-Lambert, now Defendant Pfizer, Inc., as being able to help the human body respond more effectively to insulin, so cells can absorb blood sugar, or glucose, that might otherwise lead to high blood sugar levels. Rezulin (Troglitazone) is used in the treatment of Type 2

Diabetes. Defendants claimed that with Rezulin (Troglitazone), a Type 2 Diabetic may be able to decrease or even eliminate insulin injections.

At all times material hereto, defendants Warner-Lambert and Pfizer were acting by and through their agents, servants and/or employees, each of whom were acting within the course and scope of their employment with the actual or apparent authority of Defendants Warner-Lambert and Pfizer.

Between 1997 and 2000, Juanita Blanco presented herself to the clinic of Dr. Rajiv Finga for consultation. Dr. Finga and/or persons under his control prescribed the drug Rezulin (Troglitazone) to Ms. Blanco to be taken daily as part of her diabetes treatment regimen. She filled the prescription for Rezulin and purchased the medication at Watson's City Drug located in Raymondville, Willacy County, Texas. Thereafter the drug Rezulin became part of Plaintiff's diabetic treatment regimen. She took this drug on a daily basis in Willacy County. Defendants Warner-Lambert, now Pfizer, Inc. The drug Rezulin (Troglitazone) taken by Ms. Blanco was not substantially changed or altered after it left the control of Defendants Warner-Lambert, now Pfizer, Inc. Ms. Blanco has severe and permanent liver damage as a direct result of her use of the drug Rezulin (Troglitazone).

Between 1997 and 2000, Ruben Garcia presented himself to the clinic of Dr. Mark Edwards for consultation. Dr. Edwards and/or persons under his control prescribed the drug Rezulin (Troglitazone) to Mr. Garcia to be taken daily as part of his diabetes treatment regimen. Thereafter the drug Rezulin became part of Plaintiff's diabetic

treatment regimen.  He took this drug on a daily basis in Willacy County.  Defendants Warner-Lambert, now Pfizer, Inc. The drug Rezulin (Troglitazone) taken by Mr. Garcia was not substantially changed or altered after it left the control of Defendants Warner-Lambert, now Pfizer, Inc.  Mr. Garcia has severe and permanent liver damage as a direct result of his use of the drug Rezulin (Troglitazone).

Between 1997 and 2000, Nicolas Rodriguez presented himself to the clinic of Dr. George Cantu for consultation.  Dr. Cantu and/or persons under his control prescribed the drug Rezulin (Troglitazone) to Mr. Rodriguez to be taken daily as part of his diabetes treatment regimen.  Thereafter the drug Rezulin became part of Plaintiff's diabetic treatment regimen.  He filled the prescription for Rezulin and purchased the medication at Watson's City Drug located in Raymondville, Willacy County, Texas. He took this drug on a daily basis in Willacy County.  The drug Rezulin (Troglitazone) taken by Mr. Rodriguez was not substantially changed or altered after it left the control of Defendants Warner-Lambert, now Pfizer, Inc.  Mr. Rodriguez  has severe and permanent liver damage as a direct result of his use of the drug Rezulin (Troglitazone).

Between 1997 and 2000, Maria Inez Ruiz presented herself to the clinic of Dr. Allen B. Spence for consultation.  Dr. Spence and/or persons under his control prescribed the drug Rezulin (Troglitazone) to Ms. Ruiz to be taken daily as part of her diabetes treatment regimen.  She filled the prescription for Rezulin and purchased the medication at Watson's City Drug located in Raymondville, Willacy County, Texas. Thereafter the drug Rezulin became part of her diabetic treatment regimen.  She took this drug on a

daily basis in Willacy County. The drug Rezulin (Troglitazone) taken by Ms. Ruiz was not substantially changed or altered after it left the control of Defendants Warner-Lambert, now Pfizer, Inc. Ms. Ruiz had severe and permanent liver damage as a direct result of her use of the drug Rezulin (Troglitazone), and subsequently died.

VI.

## Strict Liability - Design Defect Against Defendants Warner-Lambert, Pfizer, and Watson's City Drug

Defendants Warner-Lambert, Pfizer, and Watson's City Drug sold Rezulin (Troglitazone) in the course of defendants' business. Rezulin (Troglitazone) was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use. It was known to these defendants that this drug would cause severe liver damage or even death to its users. Rezulin (Troglitazone) was used in a manner reasonably anticipated and Plaintiffs were damaged as a direct result of such defective condition as existed when the Rezulin (Troglitazone) was sold. All of these events occurred despite safer alternative designs (Pioglitazone Hydrochloride and Rosiglitazone Maleate) being economically and technologically feasible alternatives that would have significantly reduced the risk of hepatotoxicity.

Such defective condition as existed when the drug Rezulin (Troglitazone) was sold by the defendants was a producing cause of Plaintiffs severe and permanent physical injuries and damages. The aforesaid acts and omissions of Defendants Warner-Lambert and Pfizer show complete indifference to and a conscious disregard for the safety of others, especially Plaintiffs, thereby entitling Plaintiffs to exemplary damages.

VI.

## Strict Liability - Marketing Defect Against
## Defendants Warner-Lambert and Pfizer

Defendants Warner-Lambert and Pfizer designed, manufactured, produced, labeled, advertised, marketed, tested, inspected, shipped, distributed, and/or sold the drug Rezulin (Troglitazone) in the course of their business. The drug Rezulin (Troglitazone) was in a defective condition and unreasonably dangerous when put to its reasonably anticipated use in that the above-named defendants failed to warn or properly and adequately notify, inform, or warn prescribers and consumers of its dangers and defects, in each of the following respects:

a. The drug Rezulin (Troglitazone) caused an unreasonably high risk of serious liver damage which defendants failed to warn or adequately warn prescribers and users of;

b. The drug Rezulin (Troglitazone) can cause serious injury or death to individuals not within any identified risk category;

c. Defendants failed to recommend timely that patients undergo precautionary liver testing prior to the initiation of Rezulin (Troglitazone);

d. After the drug Rezulin (Troglitazone) is administered the patient should be closely monitored in terms of liver functioning;

e. There was a failure on the part of the defendants to provide adequate labeling, package inserts, and consumer information regarding the drug Rezulin (Troglitazone) and its dangers;

f.     The defendants failed to warn or adequately warn via their advertisements or other public displays to members of the public the dangers of the drug Rezulin (Troglitazone); and

g.     The defendants failed to provide warnings or adequate warnings to prescribers that Rezulin (Troglitazone) should be administered only with extreme caution because of its hepatotoxicity.

The drug Rezulin (Troglitazone) was used by Plaintiffs in a manner reasonably anticipated by the defendants. The defendants did not give warning or adequate warning to Defendants Rajiv Finga, Mark Edwards, George Cantu, Allen B. Spence and their agents and employees regarding the dangers of the drug Rezulin (Troglitazone).

Such defective conditions and the lack of warnings or adequate warnings as existed when the drug Rezulin (Troglitazone) was sold by the defendants were a producing cause of Plaintiffs severe and permanent injuries and damages. The aforesaid acts and omissions by defendants Warner-Lambert and Pfizer show complete indifference to and a conscious disregard for the safety of others, especially Plaintiffs, thereby entitling Plaintiffs to exemplary damages.

VII.

## Breach of Common Law Implied Warranties
## Against Defendants Warner-Lambert, Pfizer, and Watson's City Drug

Defendants Warner-Lambert, Pfizer, and Watson's City Drug designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold the drug Rezulin (Troglitazone) in the course of their business for human

consumption.  Plaintiffs were administered Rezulin (Troglitazone).

Rezulin (Troglitazone), when sold by defendants, was not fit for human consumption due to the risks and dangers it presented.  In particular, the Defendants breached the implied warranty of fitness for a particular purpose and the implied warranty of merchantability.

As a proximate result thereof, Plaintiffs were damaged.

## VIII.

### Negligence of Defendants Warner-Lambert and Pfizer

Defendants Warner-Lambert and Pfizer had a legal responsibility and duty to conform to pharmaceutical industry standards, to possess the knowledge of an expert in the industry, and to foresee risks inherent with their products under the same or similar circumstances as other members of the industry.  Defendants Warner-Lambert and Pfizer breached this duty, as aforementioned, and were negligent or failed to use ordinary care in the particulars set forth herein.

As a direct and proximate result of the aforementioned negligence, or failure to use ordinary care, Plaintiffs suffered the aforementioned injuries and damages.

## IX.

### Violations of the Texas Deceptive Trade Practices -- Consumer Protection Act

Defendants Warner-Lambert and Pfizer designed, manufactured, produced, labeled, advertised, tested, inspected, shipped, distributed, and/or sold the drug Rezulin (Troglitazone) in the course of their business for human consumption.  Plaintiffs were

administered Rezulin (Troglitazone).

Defendants Warner-Lambert and Pfizer engaged in conduct which violated TEX. BUS. & COM. C. §§ 17.46(a), 17.46(b)(5), 17.46(b)(7), & 17.46(b)(23), and which was a producing cause of Plaintiffs' damages. Moreover, such conduct was committed by these Defendants knowingly, within the meaning of TEX. BUS. & COM. C. § 17.45(9), and such conduct was committed by these Defendants intentionally, within the meaning of TEX. BUS. & COM. C. § 17.45(13).

Defendants Warner-Lambert and Pfizer also engaged in conduct which was unconscionable, within the meaning of TEX. BUS. & COM. C. § 17.45(5), and which was a producing cause of Plaintiffs' damages. Moreover, such conduct was committed by these Defendants knowingly, within the meaning of TEX. BUS. & COM. C. §17.45(9), and such conduct was committed by these Defendants intentionally, within the meaning of TEX. BUS. & COM. C. § 17.45(13).

## X.

### Felonious Conduct of Defendants Warner-Lambert and Pfizer

Defendants Warner-Lambert and Pfizer intentionally and/or knowingly caused serious bodily injury to Plaintiffs within the meaning of TEX. PEN. C. §22.02(a)(1) through the sale, distribution, and other conduct relating to Rezulin described herein.

Defendant Warner-Lambert and Pfizer intentionally and/or knowingly caused the fraudulent destination, removal, or concealment of a writing within the meaning of TEX. PEN. C. § 32.47 through the sale, distribution, and other conduct relating to Rezulin

described herein.

As a direct and proximate result of such conduct, Plaintiffs suffered severe and permanent injuries and damages.

XI.

### Negligence of and Breach of Express Warranty by Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence

Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession in the treatment of Plaintiffs. During the course of their treatment of Plaintiffs, Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence breached their duty and committed the following acts and omissions of negligence which resulted from their failure to meet these standards of due care, skill, and practice required by members of their profession:

a.    Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence, and/or persons under their control, negligently and carelessly failed to exercise reasonable care in the selection of the drug Rezulin (Troglitazone) and failed to familiarize themselves with the risks of the drug prior to prescribing it;

b.    Defendants  Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence, and/or persons under their control, negligently and carelessly ordered that the drug Rezulin (Troglitazone) be administered to Plaintiffs without first investigating and utilizing all other means available for their

glycemic control;

c.     Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B.

Spence, and/or persons under their control, negligently and carelessly failed

to properly and timely monitor, diagnose and treat Plaintiffs before and

while they were on the drug Rezulin (Troglitazone).

Additionally, Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence, and/or persons under their control, made express warranties and expressly warranted to Plaintiffs that Rezulin (Troglitazone) was safe, effective, and well-accepted by patients. Subsequently, it was determined that Plaintiffs had suffered severe liver injuries as a result of their use of Rezulin (Troglitazone). Defendants Rajiv Finga, Mark Edwards, George Cantu, and Allen B. Spence, and/or persons under their control, breached express warranties made to Plaintiffs.

As a direct and proximate result of the aforementioned matters, Plaintiffs were caused to sustain severe and permanent injuries and damages.

Plaintiffs have fully complied with all conditions precedent to filing this suit on these claims, including full compliance with Vernon's Ann. Civ. St. Art. 4590i, subchapter D, §4.01.

XI.

**Damages**

As a result of Warner-Lambert, Pfizer, and Watson's City Drug's design, manufacture, sale, shipment and/or distribution of the drug Rezulin (Troglitazone) in an

unreasonably dangerous and defective condition, and/or as a result of Warner-Lambert

and Pfizer's tortious conduct in connection with the advertising, promotion, testing,

labeling and inspection of the drug Rezulin (Troglitazone), and/or as a result of Warner-

Lambert, Pfizer, Watson's City Drug's breach of the implied warranty of fitness for a

particular purpose and the implied warranty of merchantability, and/or as a result of the

negligence of defendants Warner-Lambert, Pfizer, Rajiv Finga, Mark Edwards, George

Cantu, and Allen B. Spence, and/or as result of the breach of express warranty of

Defendants Rajiv Finga, Mark Edwards, George and Cantu, and Allen B. Spence,

Plaintiffs claims damages as follows:

    a.    Plaintiffs were caused to sustain severe, permanent physical injuries as a result of using the drug Rezulin (Troglitazone);

    b.    Plaintiffs will require ongoing medical care and monitoring as a result of their damages caused by the Rezulin (Troglitazone);

    c.    Plaintiffs are lawfully entitled to such damages as are fair and just for the injuries they sustained, as well as loss of quality of life;

    d.    Plaintiffs were required to and did obtain the services of doctors, hospitals, nurses, and health care personnel, and was required to and did receive drugs, medicines, x-rays, laboratory testing, monitoring, diagnostic imaging, and medical treatment and Plaintiffs will continue to require and receive the services of such doctors, hospitals, nurses, health care personnel and drugs, medicines, laboratory testing, monitoring and medical care and

treatment for the remainder of their life;

a.    Plaintiffs were required to expend sums of money and incur bills for medical care, doctors, hospitals, nurses, health care personnel, drugs, medicines, x-rays, diagnostic imaging, laboratory testing, monitoring, medical treatment and will in the future be required to expend various amounts for such items and services; and

f.    Plaintiffs have suffered, still suffers, and will continue to suffer from physical pain, mental anguish, physical impairment, disfigurement, and inability to function and enjoy life and pleasure as they had prior to their use of the drug Rezulin and their resulting injuries and damages.

1.)    Physical pain and mental anguish.

2.)    Medical Expenses.

3.)    Physical impairment.

4.)    Disfigurement.

5.)    Mental anguish, past and future.

6.)    Pecuniary loss, past and future.

7.)    Loss of companionship and society, past and future.

g.    Damages relating to Ms. Maria Inez Ruiz

1.    Physical pain and mental anguish.

2..)    Mental Expenses.

3.)    Physical impairment

    4.)    Disfigurement.

    5.)    Funeral and burial expenses.

h.    Hermelinda Quiroga, Individually

    1..)    Mental anguish, past and future.

    2.)    Pecuniary loss, past and future.

    3.)    Loss of companionship and society, past and future.

## XIII.

### Conscious Disregard for Human Safety on the part of Defendants Warner-Lambert and Pfizer

Defendants Warner-Lambert and Pfizer showed complete indifference to and/or a conscious disregard for the safety of others by marketing the drug Rezulin (Troglitazone), which these defendants knew to be dangerous and potentially harmful and even fatal to users, and without adequately labeling the product, warning and/or advising prescribers and potential users of Rezulin's (Troglitazone's) dangerous properties and potential for permanent injury or death.

Defendants Warner-Lambert and Pfizer have engaged in advertising, media, and public relations campaigns to convince members of the public and the medical community that Rezulin (Troglitazone) is a "safe" drug, when they had actual knowledge that it will cause severe injury or even death to an unreasonably high number of its users.

Defendants Warner-Lambert and Pfizer have sold and marketed Rezulin (Troglitazone) in a deceptive manner without disclosing the true risks and proper usage of the drug, in order to collect substantially higher profits than they would have received by

fully and timely disclosing the known risks and dangers of the drug.

Therefore, the Plaintiffs claim exemplary damages of and from Defendants Warner-Lambert and Pfizer due to their conduct which amounts to fraud within the meaning of TEX. CIV. PRAC. & REM. C. § 41.001(6); and due to their conduct which amounts to malice within the meaning of TEX. CIV. PRAC. & REM. C. § 41.001(7)(A) and/or §41.001(7)(B).

The Plaintiffs further claim an additional award of penalty damages of up to three (3) times their actual damages pursuant to TEX. BUS. & COM. C. §17.50.

Finally, the Plaintiffs specifically invoke the provisions of TEX. CIV. PRAC. & REM. C. § 41.008(c)(4) and 41.008(c)(12) states that exemplary damages in this case should be found by the jury through the guidance provided by TEX. CIV. PRAC. & REM. C. §41.011 and should be limited in amount only by the jury's collective wisdom and good judgment and sensibilities.

## XIV.

## Tolling

The expiration of periods, within which Plaintiffs' actions herein must be commenced under applicable statutes of limitations, has been tolled due to fraudulent concealment by Defendants.

The expiration of periods, within which Plaintiffs' actions herein must be commenced under applicable statutes of limitations, has been tolled due to Plaintiffs not having had knowledge of such facts as would cause a reasonably prudent person to make

inquiry leading to discovery of Plaintiffs' causes of action against Defendants.

The expiration of periods, within which Plaintiffs' actions herein must be commenced under applicable statutes of limitations, has been tolled due to pendency of related class action cases.

The expiration of periods, within which Plaintiffs' actions herein must be commenced under applicable statutes of limitations, has been tolled due to the existence of a written agreement between the parties tolling the applicable statute(s) of limitations.

XV.

### Jury Demand

Plaintiffs request that a jury of their peers be convened to determine the factual issues in this cause, and they have already tendered to the Clerk of this Court the statutory jury application fee of $30.00 pursuant to TEX. R. CIV. P. 216.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer in this cause, and that upon final trial hereof the Plaintiffs recover judgment against the Defendants, jointly and severally for compensatory damages, and jointly and/or severally for statutory penalty damages, exemplary damages, and attorney's fees in amounts in excess of the jurisdictional minimum of this Court, pre-judgment interest and post-judgment interest on all such sums at the maximum lawful rates, costs of court, and such other and further relief, both general and special, and at law or in equity, to which the Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**GALLAGHER, LEWIS, DOWNEY**
**    & KIM**
700 Louisiana Street, 40th Floor
Houston, Texas   77002
(713) 222-8080
(713) 222-0066 [Fax]
Mr. Michael T. Gallagher
State Bar No. 07586000
Mr. John H. Kim
State Bar No. 00784393

**FLORES, CASSO & PETTITT, L.L.P.**
321 South 12th Street
Post Office Box 2128
McAllen, Texas 78505-2128
Tel: (956) 686-9591
Fax:(956) 686-9478

By: _____
    David Casso
    State Bar No. 03980250

**ATTORNEY FOR PLAINTIFFS**
**JUANITA BLANCO, RUBEN**
**GARCIA, NICOLAS RODRIGUEZ**
**AND HERMELINDA QUIROGA,**
**INDIVIDUALLY AND ON BEHALFOF**
** THE ESTATE OF MARIA INEZ RUIZ**

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA, | § | |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| THE ESTATE OF MARIA INEZ RUIZ, | § | |
| PLAINTIFFS | § | |
| | § | |
| v. | § | OF WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER, INC.; AND WARNER- | § | |
| LAMBERT COMPANY, NOW KNOWN | § | |
| AS PFIZER, INC.; RAJIV FINGA, M.D.; | § | |
| MARK EDWARDS, M.D.; GEORGE | § | |
| CANTU, M.D.; ALLEN SPENCE, M.D.; | § | |
| AND WATSON'S DRUG CITY, | § | |
| DEFENDANTS | § | 197th JUDICIAL DISTRICT |

## DEFENDANT RAJIV SINHA, M.D.'S (wrongly named as RAJIV FINGA, M.D.) SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

**TO THE HONORABALE JUDGE OF SAID COURT:**

COMES NOW Rajiv Sinha, M.D. (wrongly named as Rajiv Finga, M.D.), a Defendant in the above-entitled cause, and makes and files his Special Exceptions and Original Answer as follows:

**I.**

Defendant specially excepts to Plaintiffs' Original Petition in its entirety for the reason said Petition fails to set forth the maximum amount in controversy pursuant to Texas Revised Civil Statutes Article 4590i. Defendant prays that this Court enter an order requiring Plaintiffs to notify Defendant by correspondence not to be filed with the Court of the maximum amount in controversy sought herein.

FILED

JUN 19 2003

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

DEFENDANT RAJIV SINHA, M.D.'S (wrongly named as RAJIV FINGA, M.D.)
SPECIAL EXCEPTIONS AND ORIGINAL ANSWER
Document # 69482

Page 1

## II.

Defendant objects and specially excepts to Plaintiffs' claim for breach of express warranty in Paragraph XI of Plaintiffs' Original Petition for the reason that such claim is not supported by the facts and pleadings in this matter as against this Defendant. Defendant requests that the Court order Plaintiffs to re-plead such allegations, if able to do so, to state a supportable claim against this Defendant for breach of express warranty. Of this exception, Defendant prays judgment of the Court.

## III.

Defendant denies each and every, all and singular, the material allegations set forth herein, and demands strict proof thereof, by a preponderance of the evidence, pursuant to Texas Rule of Civil Procedure 92.

## IV.

Defendant affirmatively pleads that he is a "health care provider" and that Plaintiffs' claims against this Defendant constitute "health care liability claims", as those terms are defined by Texas Revised Civil Statutes Article 4590i. Accordingly, Defendant is entitled to all protections under Article 4590i, including, but not limited, the two-year statute of limitations provided therein.

## V.

Pleading affirmatively, if same be necessary, Defendant would pray that in the event a verdict is returned against him, that the damages award be limited as mandated by Section 11.02 of Texas Revised Civil Statutes article 4590i and Section 11.03 of said act, if applicable. In the alternative, Defendant would assert that any recovery by Plaintiffs be limited in accordance with Section 11.03 of said act.

## VI.

Pleading affirmatively, if same be necessary, Defendant affirmatively pleads the limitation of damages provisions contained in Texas Revised Civil Statutes article 4590i, Sections 16.01 and 16.02, or Chapter 304 of the Texas Finance Code, as superseded by Section 311.031(c) of the Texas Government Code, whichever is less. Specifically, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date this Defendant received notice of the claim or the date suit was filed, and that same be calculated as simple interest compounded annually.

## VII.

Defendant denies any and all liability on his part to Plaintiffs. In the unlikely event, however, that the Court or jury finds this Defendant, along with any other defendant, liable to Plaintiffs for damages in this matter, Defendant respectfully requests that the Court enter a judgment for contribution among Defendants pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code, or any other applicable statute or common law rule.

## VIII.

Defendant further pleads that if one or more of the defendants enters into an agreement with any or all Plaintiffs, then this Defendant is entitled to a full credit, offset, pro rata reduction or percentage reduction based upon the percentage of fault or causation attributable to the settling Defendant(s) herein, and makes known to the other parties and to the Court that he will avail himself of his rights under Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code. In this regard Defendant specifically reserves the right to submit issues against parties who may be present in this case or absent from this case at the time this matter is submitted to the jury for fact determination. Notwithstanding, Defendant is not making any such election at this time.

## IX.

Pleading affirmatively, Defendant asserts that Plaintiffs' claims against this Defendant are barred by the two-year statute of limitations in Texas Revised Civil Statutes Article 4590i.

WHEREFORE, PREMISES CONSIDERED, Defendant Rajiv Sinha, M.D. (wrongly named as Rajiv Finga, M.D.) prays that these special exceptions herein be sustained and that upon trial hereof, Plaintiffs takes nothing, Defendant goes hence without day and recovers his costs and the Court award such other and further relief to which he may be justly entitled.

Respectfully Submitted,

**Stinnett Thiebaud & Remington L.L.P.**

By: _Philipa Remington / my_ _____
**PHILIPA M. REMINGTON**
State Bar Card No. 16766100
**RUSSELL G. THORNTON**
State Bar Card No. 19982850
**MICHAEL A. YANOF**
State Bar Card No. 24003215

4800 Fountain Place
1445 Ross Avenue
Dallas, TX 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
RAJIV SINHA, M.D.
(wrongly named as RAJIV FINGA, M.D.)**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of June , 2003, a true and correct copy of the foregoing document was delivered to counsel for Plaintiffs, Michael Gallagher, GALLAGHER, LEWIS, DOWNEY & KIM, 700 Louisiana Street, 40th Floor, Houston, Texas 77002 and David Casso, FLORES, CASSO & PETTITT, L.L.P., 321 South 12th Street, P.O. Box 2128, McAllen, Texas 78505-2128, via certified mail, return receipt requested.

MICHAEL A. YANOF

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA, | § | |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| THE ESTATE OF MARIA INEZ RUIZ, | § | |
| PLAINTIFFS | § | |
| | § | |
| v. | § | OF WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER, INC.; AND WARNER- | § | |
| LAMBERT COMPANY, NOW KNOWN | § | |
| AS PFIZER, INC.; RAJIV FINGA, M.D.; | § | |
| MARK  EDWARDS,  M.D.;  GEORGE | § | |
| CANTU, M.D.; ALLEN SPENCE, M.D.; | § | |
| AND WATSON'S DRUG CITY, | § | |
| DEFENDANTS | § | 197th JUDICIAL DISTRICT |

### DEFENDANT ALLEN B. SPENCE, M.D.'S
### SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

**TO THE HONORABALE JUDGE OF SAID COURT:**

COMES NOW Allen B. Spence, M.D., a Defendant in the above-entitled cause, and makes and files his Special Exceptions and Original Answer as follows:

**I.**

Defendant specially excepts to Plaintiffs' Original Petition in its entirety for the reason said Petition fails to set forth the maximum amount in controversy pursuant to Texas Revised Civil Statutes Article 4590i. Defendant prays that this Court enter an order requiring Plaintiffs to notify Defendant by correspondence not to be filed with the Court of the maximum amount in controversy sought herein.

F I L E D
JUN 19 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By: _____ Deputy

## II.

Defendant objects and specially excepts to Plaintiffs' claim for breach of express warranty in Paragraph XI of Plaintiffs' Original Petition for the reason that such claim is not supported by the facts and pleadings in this matter as against this Defendant. Defendant requests that the Court order Plaintiffs to re-plead such allegations, if able to do so, to state a supportable claim against this Defendant for breach of express warranty. Of this exception, Defendant prays judgment of the Court.

## III.

Defendant denies each and every, all and singular, the material allegations set forth herein, and demands strict proof thereof, by a preponderance of the evidence, pursuant to Texas Rule of Civil Procedure 92.

## IV.

Defendant affirmatively pleads that he is a "health care provider" and that Plaintiffs' claims against this Defendant constitute "health care liability claims", as those terms are defined by Texas Revised Civil Statutes Article 4590i. Accordingly, Defendant is entitled to all protections under Article 4590i, including, but not limited, the two-year statute of limitations provided therein.

## V.

Pleading affirmatively, if same be necessary, Defendant would pray that in the event a verdict is returned against him, that the damages award be limited as mandated by Section 11.02 of Texas Revised Civil Statutes article 4590i and Section 11.03 of said act, if applicable. In the alternative, Defendant would assert that any recovery by Plaintiffs be limited in accordance with Section 11.03 of said act.

## VI.

Pleading affirmatively, if same be necessary, Defendant affirmatively pleads the limitation of damages provisions contained in Texas Revised Civil Statutes article 4590i, Sections 16.01 and 16.02, or Chapter 304 of the Texas Finance Code, as superseded by Section 311.031(c) of the Texas Government Code, whichever is less. Specifically, Defendant asserts that pre-judgment interest shall not accrue until the earlier of 180 days after the date this Defendant received notice of the claim or the date suit was filed, and that same be calculated as simple interest compounded annually.

## VII.

Defendant denies any and all liability on his part to Plaintiffs. In the unlikely event, however, that the Court or jury finds this Defendant, along with any other defendant, liable to Plaintiffs for damages in this matter, Defendant respectfully requests that the Court enter a judgment for contribution among Defendants pursuant to Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code, or any other applicable statute or common law rule.

## VIII.

Defendant further pleads that if one or more of the defendants enters into an agreement with any or all Plaintiffs, then this Defendant is entitled to a full credit, offset, pro rata reduction or percentage reduction based upon the percentage of fault or causation attributable to the settling Defendant(s) herein, and makes known to the other parties and to the Court that he will avail himself of his rights under Section 33.001 *et seq.* of the Texas Civil Practice and Remedies Code. In this regard Defendant specifically reserves the right to submit issues against parties who may be present in this case or absent from this case at the time this matter is submitted to the jury for fact determination. Notwithstanding, Defendant is not making any such election at this time.

## IX.

Pleading affirmatively, Defendant asserts that Plaintiffs' claims against this Defendant are barred by the two-year statute of limitations in Texas Revised Civil Statutes Article 4590i.

WHEREFORE, PREMISES CONSIDERED, Defendant Allen B. Spence, M.D. prays that these special exceptions herein be sustained and that upon trial hereof, Plaintiffs takes nothing, Defendant goes hence without day and recovers his costs and the Court award such other and further relief to which he may be justly entitled.

Respectfully Submitted,

**Stinnett Thiebaud & Remington L.L.P.**

By: _Philipa Remington/m_
_____
**PHILIPA M. REMINGTON**
State Bar Card No. 16766100
**RUSSELL G. THORNTON**
State Bar Card No. 19982850
**MICHAEL A. YANOF**
State Bar Card No. 24003215

4800 Fountain Place
1445 Ross Avenue
Dallas, TX 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT**
**ALLEN B. SPENCE, M.D.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the _17th_ day of _June_, 2003, a true and correct copy of the foregoing document was delivered to counsel for Plaintiffs, Michael Gallagher, GALLAGHER, LEWIS, DOWNEY & KIM, 700 Louisiana Street, 40th Floor, Houston, Texas 77002 and David Casso, FLORES, CASSO & PETTITT, L.L.P., 321 South 12th Street, P.O. Box 2128, McAllen, Texas 78505-2128, via certified mail, return receipt requested.

MICHAEL A. YANOF

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA; | § | |
| INDIVIDUALLY AND ON BEHAL | § | |
| OF THE ESTATE OF MARIA INEZ | § | |
| RUIZ, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER, INC.; AND WARNER-LAMBERT | § | |
| COMPANY, NOW KNOWN AS PFIZER, | § | |
| INC.;RAJIV FINGA, M.D., MARK | § | |
| EDWARDS, M.D., GEORGE CANTU, | § | |
| M.D., ALLEN B. SPENCE, M.D., AND | § | |
| WATSON'S CITY DRUG, | § | |
|     Defendants | § | 197TH JUDICIAL DISTRICT |

FILED
JUN 30 2003
Gilbert Lozano, Dist. Clerk Willacy Co.
By

## ORIGINAL ANSWER OF WARNER-LAMBERT COMPANY LLC

Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company),

incorrectly named herein as "Warner-Lambert Company, now known as Pfizer, Inc." (hereinafter referred

to as "Warner-Lambert" or "Defendant"), subject to the stated defenses and affirmative defenses and

without waiving the same, responds to the allegations contained in Plaintiffs' petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Warner-Lambert asserts a general denial

to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully

requests that the Plaintiffs be required to prove their charges and allegations against Warner-Lambert by

a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## II.

### Verified Denials

Defendant further makes the following verified denials pursuant to Rule 93 of the Texas Rules of Civil Procedure:

1.     Pursuant to Tex. R. Civ. P. 54, Defendant denies that all conditions precedent to Plaintiff's right to maintain his claim asserted under the Texas Deceptive Trade Practice-Consumer Protective Act ("DTPA") have been performed or have occurred. In particular, Plaintiff has failed to give written notice to Defendant at least 60 days before filing his DTPA claim in accordance with Tex. Bus. & Com. Code Ann. §17.505.

## III.

### Specific Denials

1.     Warner-Lambert specifically denies all alleged violations of the Texas Penal Code in Plaintiffs' petition, including, but not limited to, allegations that Warner-Lambert violated Sections 22.02 and/or 32.47 of the Texas Penal Code.

## IV.

### Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Warner-Lambert asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiffs' petition:

1.     Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.      Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.      Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.      Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.      Defendant made no implied warranties to Plaintiffs and, if Defendant did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.    Plaintiffs' warranty claims are barred by a lack of privity.

11.    Plaintiffs' claims are barred by the learned intermediary doctrine.

12.    The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®.  Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.    Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.    Defendant denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Defendant.

15.    Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.    Defendant denies that it intentionally and/or knowingly engaged in conduct described as a felony pursuant to Section 22.02 of the Texas Penal Code.

17.    Defendant denies that it is liable for any alleged conduct, if any, that falls within the purview of Section 22.02 of the Texas Penal Code because Plaintiffs' use of Rezulin was reasonable medical care occurring under the direction of or by a licensed physician.

---

18.    Defendant denies that it is liable for any alleged conduct, if any, that falls within the purview of Chapter 22 of the Texas Penal Code because Plaintiffs knew that the alleged conduct was a risk of recognized medical treatment.

19.    Defendant asserts it is not liable for punitive damages for the alleged violations of Sections 22.02 and/or 32.47 of the Texas Penal Code because any award of punitive damages against Defendant based on the criminal conduct of another is precluded by TEX. CIV. PRAC. & REM. CODE ANN. §41.005(a).

20.    Defendant denies that it intentionally and/or knowingly engaged in conduct described as a felony pursuant to Section 32.47 of the Texas Penal Code and also denies that it fraudulently destroyed, removed, or concealed any writing to which this statute applies.

21.    Defendant further denies that it intentionally and/or knowingly engaged in conduct described as a felony under Section 32.47 of the Texas Penal Code because: (1) the writing allegedly destroyed, removed, or concealed by Defendant was a governmental record as that term is defined in Section 37.01 of the Texas Penal Code; (2) the writing allegedly destroyed, removed, or concealed by Defendant was not "a will or codicil of another" or "a deed, mortgage, deed of trust, security instrument, security agreement, or other writing for which the law provides public recording or filing" as required for a felony under Section 32.47(d) of the Texas Penal Code; (3) the alleged destruction, removal, or concealment of the writing alleged in this case took place outside the territorial jurisdiction of Texas and thus is not a felony under Section 32.47 of the Texas Penal Code; and (4) Plaintiffs' claim that Defendant destroyed, removed,

or concealed a writing is a state law fraud-on-the-FDA claim which is pre-empted by federal law under *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341, 121 S. Ct. 1012 (2001).

22.    In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

23.    Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

24.    Punitive damages are barred under common law and public policies of the State of Texas.

25.    Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

26.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not

define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

27.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

28.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

29.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

30.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

31.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiffs including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

32.    While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

33.     Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq.*

34.     Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

35.     Plaintiffs' claims are barred by their failure to mitigate damages.

36.     In the unlikely event that Defendant is found liable to the Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. TEX. CIV. PRAC. & REM. CODE §§33.014-15.

37.     In the unlikely event that Defendant is found liable to the Plaintiffs, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

38.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of

patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

39.   Plaintiffs' complaint is equitably barred because of the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

40.   Notwithstanding the claims and contentions in the petition, Plaintiffs received all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that they would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Defendant must be correspondingly reduced.

41.   Plaintiffs' claims are barred by the lost chance doctrine.

42.   The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiffs' alleged injuries.

43.   The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

44.   Defendant alleges that Plaintiffs' damages and injuries alleged in their petition were solely caused by the act or omission of a person or entity not a party to this suit.

45.   Defendant alleges that Plaintiffs' alleged injuries and damages are the result of Plaintiffs' pre-existing medical conditions and/or disease.

46.     Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior* for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## V.

## Amendment And/or Supplementation

Warner-Lambert reserves the right to amend and/or supplement this answer.

WHEREFORE, Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company) prays that the Plaintiffs take nothing by their suit, that Defendant recover its costs expended, and that Defendant have such other and further relief to which it is justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART *by permission M Parsons*
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

DAVID C. GARZA
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

ATTORNEYS FOR DEFENDANT
WARNER-LAMBERT COMPANY LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this _27_ day of June, 2003.

David Casso, Esq.
Flores, Casso & Pettitt, L.L.P.
321 South 12th Street
Post Office Box 2128
McAllen, Texas 78505-2128

Ann P. Watson, Esq.
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Center
909 Fannin
Houston, Texas 77010

Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas 77002

Philipa Remington, Esq.
Stinnett Thiebaud & Remington, LLP
4800 Fountain Pl.
1445 Ross
Dallas, Texas 75202

_____
MARIA JORIK COURTOIS

## CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA; | § | |
| INDIVIDUALLY AND ON BEHAL | § | |
| OF THE ESTATE OF MARIA INEZ | § | |
| RUIZ, | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER INC.; et al. | § | |
| | § | |
| **Defendants** | § | 197TH JUDICIAL DISTRICT |

## <u>VERIFICATION</u>

| | |
|---|---|
| State of New York | § |
| | § |
| County of New York | § |

I, Susan Grant, being first duly sworn, depose and state as follows:

1.       I am an Assistant Secretary of Warner-Lambert Company LLC.

2.       In the matter of Cause No. 03-161, *Juanita Blanco, et al. vs. Pfizer Inc., et al.*, in the 197th Judicial District Court of Willacy County, Texas, representatives and/or attorneys of Warner-Lambert Company LLC or its parent company, Pfizer Inc., have conducted a search for a written notice of a claim by plaintiffs in this lawsuit to Warner-Lambert Company LLC (formerly known as Warner-Lambert Company) with respect to the Texas Deceptive Trade Practices Act. After completion of such search, no written notice of such claim has been found, nor has there been found a record of Warner-Lambert Company LLC having received notice of such claim.

3.       I have reviewed the Original Answer of Defendant Warner-Lambert Company LLC (formerly known as Warner-Lambert Company). Based upon my knowledge of the search of Warner-Lambert's records concerning this matter, the information in Section II, Paragraph 1 of Warner-Lambert Company LLC's Original Answer is true and correct.

SIGNED: _____

Signed and sworn to before me on this __25th__ day of __June__ 2003.

_Katia Mastantuono_
Notary Public in and for
The State of New York

__July 25, 2006__
Date Commission Expires

KATIA MASTANTUONO
Notary Public, State of New York
No. 01MA6041281
Qualified in Queens County
Commission Expires July 25, 20 06

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA; | § | |
| INDIVIDUALLY AND ON BEHAL | § | |
| OF THE ESTATE OF MARIA INEZ | § | |
| RUIZ, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER, INC.; AND WARNER-LAMBERT | § | |
| COMPANY, NOW KNOWN AS PFIZER, | § | |
| INC.;RAJIV FINGA, M.D., MARK | § | |
| EDWARDS, M.D., GEORGE CANTU, | § | |
| M.D., ALLEN B. SPENCE, M.D., AND | § | |
| WATSON'S CITY DRUG, | § | |
|    Defendants | § | 197TH JUDICIAL DISTRICT |

F I L E D
10:30
JUN 30 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

## ORIGINAL ANSWER OF PFIZER INC.

Defendant Pfizer Inc., incorrectly named herein as "Pfizer, Inc." (hereinafter referred to as "Pfizer" or "Defendant"), subject to the stated defenses and affirmative defenses and without waiving the same, responds to the allegations contained in Plaintiffs' petition as follows:

### I.

### General Denial

Subject to such stipulations as may hereafter be made, Pfizer asserts a general denial to Plaintiffs' petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that the Plaintiffs be required to prove their charges and allegations against Pfizer by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.

## Verified Denials

Defendant further makes the following verified denials pursuant to Rule 93 of the Texas Rules of Civil Procedure:

1.      Pfizer is not liable in the capacity in which it has been sued.

2.      Pfizer was never merged with Warner-Lambert Company.

3.      Pursuant to Tex. R. Civ. P. 54, Defendant denies that all conditions precedent to Plaintiffs' right to maintain their claims asserted under the Texas Deceptive Trade Practice-Consumer Protective Act ("DTPA") have been performed or have occurred. In particular, Plaintiffs have failed to give written notice to Defendant at least 60 days before filing his DTPA claim in accordance with Tex. Bus. & Com. Code Ann. §17.505.

## III.

## Specific Denials

1.      Pfizer specifically denies all alleged violations of the Texas Penal Code in Plaintiffs' petition, including, but not limited to, allegations that Pfizer violated Sections 22.02 and/or 32.47 of the Texas Penal Code.

## IV.

## Affirmative Defenses and Defensive Pleadings

In addition to the foregoing and without waiving the same, Pfizer asserts the following affirmative defenses and defensive pleadings to the allegations made in the Plaintiffs' petition:

1.      Plaintiffs' petition fails to state a claim upon which relief may be granted.

2.      Plaintiffs' alleged injuries were proximately caused by the negligence and/or fault of Plaintiffs and/or entities other than Defendant and this comparatively reduces or bars the negligence and/or fault alleged to be attributable to Defendant.

3.      Plaintiffs' alleged injuries were proximately caused by the misuse of Rezulin® tablets (hereinafter "Rezulin®").

4.      Plaintiffs had full knowledge of, accepted and assumed any and all risks and possible adverse effects related to the use of Rezulin®. Accordingly, Plaintiffs' claims are barred or should be reduced under the principles of assumption of the risk and/or informed consent.

5.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification or laches.

6.      Defendant's liability, if any, must be offset by the amount of remuneration and/or compensation the Plaintiffs may receive from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

7.      Plaintiffs' claims are barred, reduced and/or limited pursuant to the applicable statutory and common laws of Texas regarding limitations of awards, caps on recovery and set-offs.

8.      Plaintiffs' alleged damages, if any, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed or distributed by, Defendant.

9.     Defendant made no implied warranties to Plaintiffs and, if Defendant did make such warranties, the Plaintiffs failed to give timely notice of any breach.

10.     Plaintiffs' warranty claims are barred by a lack of privity.

11.     Plaintiffs' claims are barred by the learned intermediary doctrine.

12.     The causes of action alleged in Plaintiffs' petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®.  Granting the relief requested in the petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

13.     Defendant is entitled to the benefit of all defenses and presumptions which may arise because the designing, manufacturing, inspecting, packaging, issuing of warnings and instructions and/or labeling of Rezulin® were in conformity with the generally recognized, reasonably available state-of-the-art and prevailing standards in the industry at the time Rezulin® was manufactured and marketed.

14.     Defendant denies that anyone acting in the manner alleged by the Plaintiffs was an agent or servant of Defendant.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations and/or statute of repose.

16.     Defendant denies that it intentionally and/or knowingly engaged in conduct described as a felony pursuant to Section 22.02 of the Texas Penal Code.

17.     Defendant denies that it is liable for any alleged conduct, if any, that falls within the purview of Section 22.02 of the Texas Penal Code because Plaintiffs' use of Rezulin was reasonable medical care occurring under the direction of or by a licensed physician.

18.    Defendant denies that it is liable for any alleged conduct, if any, that falls within the purview of Chapter 22 of the Texas Penal Code because Plaintiffs knew that the alleged conduct was a risk of recognized medical treatment.

19.    Defendant asserts it is not liable for punitive damages for the alleged violations of Sections 22.02 and/or 32.47 of the Texas Penal Code because any award of punitive damages against Defendant based on the criminal conduct of another is precluded by TEX. CIV. PRAC. & REM. CODE ANN. §41.005(a).

20.    Defendant denies that it intentionally and/or knowingly engaged in conduct described as a felony pursuant to Section 32.47 of the Texas Penal Code and also denies that it fraudulently destroyed, removed, or concealed any writing to which this statute applies.

21.    Defendant further denies that it intentionally and/or knowingly engaged in conduct described as a felony under Section 32.47 of the Texas Penal Code because: (1) the writing allegedly destroyed, removed, or concealed by Defendant was a governmental record as that term is defined in Section 37.01 of the Texas Penal Code; (2) the writing allegedly destroyed, removed, or concealed by Defendant was not "a will or codicil of another" or "a deed, mortgage, deed of trust, security instrument, security agreement, or other writing for which the law provides public recording or filing" as required for a felony under Section 32.47(d) of the Texas Penal Code; (3) the alleged destruction, removal, or concealment of the writing alleged in this case took place outside the territorial jurisdiction of Texas and thus is not a felony under Section 32.47 of the Texas Penal Code; and (4) Plaintiffs' claim that Defendant destroyed, removed,

or concealed a writing is a state law fraud-on-the-FDA claim which is pre-empted by federal law under *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341, 121 S. Ct. 1012 (2001).

22.    In the event the jury is allowed to consider the issue of punitive damages, Defendant asserts the right to a bifurcated trial on the issue of punitive damages in accordance with the Texas Supreme Court's decision in *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

23.    Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only after liability on the merits has been found.

24.    Punitive damages are barred under common law and public policies of the State of Texas.

25.    Any award of punitive damages in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of this State.

26.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as made by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under a vague or arbitrary standard, such as one that does not

define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review on the basis of constitutionally adequate and objective standards.

27.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that: (1) exceed what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence, or seek to punish or deter conduct occurring outside this State, or seek to punish or deter conduct causing harm outside this State; or (2) would result in multiple punitive damages awards for the same course of conduct.

28.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State that are not subject to a predetermined limit on the amount that can be imposed, such as a maximum multiple of compensatory damages or a maximum amount, and/or limits to ensure against multiple awards for the same course of conduct.

29.    No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State because laws regarding the standards for determining liability for punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed, and therefore are void for vagueness.

30.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar because any award of punitive damages is penal in nature without according to Defendant the same protections that are accorded to criminal defendants.

31.     No punitive damages can be awarded in this case under the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution, law and public policy of this State, insofar as such award results in whole or in part from improper or unfair argument by Plaintiffs including without limitation as to Defendant's wealth, corporate status or out of state citizenship, or from otherwise unfair or improper proceedings.

32.     While Defendant denies that it is liable for any damages in this case, Defendant states that any damage award to Plaintiffs that utilizes the Texas joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Texas Constitutions, because no legitimate state interest supports said statute, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Texas joint and several liability scheme. Additionally, the Texas system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Texas Constitutions and should not be applied in this action.

33.     Plaintiffs' claims are barred under the Restatement (Third) of Torts: Products Liability § 4 *et seq*.

34.     Plaintiffs' claims are barred under the Restatement (Second) of Torts: Products Liability § 402A, comments J and K.

35.     Plaintiffs' claims are barred by their failure to mitigate damages.

36.     In the unlikely event that Defendant is found liable to the Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums that the Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Defendant alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law, TEX. CIV. PRAC. & REM. CODE §§33.014-15.

37.     In the unlikely event that Defendant is found liable to the Plaintiffs, and only in that event, Defendant affirmatively pleads that it is entitled to contribution from other defendants and third parties in accordance with Texas Civil Practices and Remedies Code §§33.15-16. Defendant also states that its is entitled to common law indemnity against such other defendants or third parties in accordance with the principles established by the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819-20 (Tex. 1984).

38.     Plaintiffs' claims are barred by Section 6(c) and (d) of the Restatement (Third) of Torts: Products Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of

patients. In addition, Warner-Lambert provided reasonable instructions or warnings to prescribing physicians.

39.     Plaintiffs' complaint is equitably barred because of the Plaintiffs' failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendant.

40.     Notwithstanding the claims and contentions in the petition, Plaintiffs received all or substantially all of the benefit from Rezulin® that the Plaintiffs hoped and intended that they would receive, and to that extent any damages and/or restitution that the Plaintiffs might be entitled to recover from Defendant must be correspondingly reduced.

41.     Plaintiffs' claims are barred by the lost chance doctrine.

42.     The acts or omissions of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the alleged acts or omissions of Defendant and the Plaintiffs' alleged injuries.

43.     The statutory caps upon punitive damages contained in Tex. Civ. Prac. & Rem. Code § 41.008 apply to all punitive damages sought in this case.

44.     Defendant alleges that Plaintiffs' damages and injuries alleged in their petition were solely caused by the act or omission of a person or entity not a party to this suit.

45.     Defendant alleges that Plaintiffs' alleged injuries and damages are the result of Plaintiffs' pre-existing medical conditions and/or disease.

46.    Defendant asserts that it is not vicariously liable under the doctrine of *respondeat superior*

for exemplary damages allegedly arising from the conduct of its employees, agents, and/or servants.

## V.

### Amendment And/or Supplementation

Pfizer reserves the right to amend and/or supplement this answer.

WHEREFORE. Defendant Pfizer Inc. prays that the Plaintiffs take nothing by their suit, that

Defendant recover its costs expended, and that Defendant have such other and further relief to which it is

justly entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

By: _____

JACK E. URQUHART    *by permission M Cantor*
State Bar No.20415600
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

DAVID C. GARZA
State Bar No. 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

ATTORNEYS FOR DEFENDANT
PFIZER INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, via certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure, on this 27 day of June, 2003.

David Casso, Esq.
Flores, Casso & Pettitt, L.L.P.
321 South 12th Street
Post Office Box 2128
McAllen, Texas 78505-2128

Michael T. Gallagher, Esq.
John H. Kim, Esq.
Gallagher, Lewis, Downey & Kim
700 Louisiana Street, 40th Floor
Houston, Texas 77002

Ann P. Watson, Esq.
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Center
909 Fannin
Houston, Texas 77010

Philipa Remington, Esq.
Stinnett Thiebaud & Remington, LLP
4800 Fountain Pl.
1445 Ross
Dallas, Texas 75202

MARIA JOSIK COURTOIS

CAUSE NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | IN THE DISTRICT COURT OF |
| NICOLAS RODRIGUEZ; | § | |
| HERMELINDA QUIROGA; | § | |
| INDIVIDUALLY AND ON BEHAL | § | |
| OF THE ESTATE OF MARIA INEZ | § | |
| RUIZ, | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | WILLACY COUNTY, TEXAS |
| | § | |
| PFIZER INC.; et al. | § | |
| | § | |
| **Defendants** | § | 197TH JUDICIAL DISTRICT |

## VERIFICATION

State of New York    §
                     §
County of New York   §

I, Susan Grant, being first duly sworn, depose and state as follows:

1.    I am an Assistant Secretary of Pfizer Inc.

2.    In the matter of Cause No. 03-161, *Juanita Blanco, et al. vs. Pfizer Inc., et al.*, in the 197th Judicial District Court of Willacy County, Texas, representatives and/or attorneys of Pfizer Inc. have conducted a search for a written notice of a claim by plaintiffs in this lawsuit to Pfizer Inc. with respect to the Texas Deceptive Trade Practices Act. After completion of such search, no written notice of such claim has been found, nor has there been found a record of Pfizer Inc. having received notice of such claim.

3.    I have reviewed the Original Answer of Defendant Pfizer Inc. Based upon my personal knowledge, the information in Section II, paragraphs 1 & 2 of Pfizer Inc.'s Original Answer is true and correct. Based upon my knowledge of the search of Pfizer's records concerning this matter, the information in Section II, Paragraph 3 of Pfizer Inc's Original Answer is also true and correct.

SIGNED:  _S___ A_____

Signed and sworn to before me on this ___25th___ day of ___June___ 2003.

___Katia Mastantuono___
Notary Public in and for
The State of New York

___July 25, 2006___
Date Commission Expires

KATIA MASTANTUONO
Notary Public, State of New York
No. 01MA6041281
Qualified in Queens County
Commission Expires July 25, 2006

NO. 03-161

| | | |
|---|---|---|
| JUANITA BLANCO, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | WILLACY COUNTY, T E X A S |
| | § | |
| PFIZER, INC., ET AL | § | 197TH JUDICIAL DISTRICT |

## DEMAND FOR TRIAL BY JURY

COMES NOW, Defendant George Cantu, M.D. and, pursuant to Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury in the above styled and numbered cause. A jury fee has already been paid in this matter.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _Ann P. Watson_

Ann P. Watson
State Bar No. 20932900
Lara M. Price
State Bar No. 90001856
Raymond A. Neuer
State Bar No. 14928350
James W.K. Wilde
State Bar No. 21458200

2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
(713) 951-1000
(713) 951-1199 (facsimile)

Attorneys for Defendant George Cantu, M.D.



F I L E D
JUN 2 7 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the _24th_ day of _June_____, 2003.

Mr. David Casso
Flores Casso & Pettitt
321 South 12th Street
P.O. Box 2128
McAllen, Texas 78505-2128

Mr. Michael T. Gallagher
Mr. John H. Kim
Gallagher Lewis Downey & Kim
700 Louisiana, 40th Floor
Houston, Texas 77002

Ann P. Watson

NO. 03-161

| JUANITA BLANCO, ET AL | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| vs. | § | WILLACY COUNTY, T E X A S |
| | § | |
| PFIZER, INC., ET AL | § | 197TH JUDICIAL DISTRICT |

## DEMAND FOR TRIAL BY JURY

COMES NOW, Defendant George Cantu, M.D. and, pursuant to Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury in the above styled and numbered cause. A jury fee has already been paid in this matter.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _____

        Ann P. Watson
        State Bar No. 20932900
        Lara M. Price
        State Bar No. 90001856
        Raymond A. Neuer
        State Bar No. 14928350
        James W.K. Wilde
        State Bar No. 21458200

2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
(713) 951-1000
(713) 951-1199 (facsimile)

Attorneys for Defendant George Cantu, M.D.



FILED
10:45
JUN 27 2003
Gilberto Lozano, Dist Clerk, Willacy Co.
By _____ Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 24th day of June, 2003.

Mr. David Casso
Flores Casso & Pettitt
321 South 12th Street
P.O. Box 2128
McAllen, Texas 78505-2128

Mr. Michael T. Gallagher
Mr. John H. Kim
Gallagher Lewis Downey & Kim
700 Louisiana, 40th Floor
Houston, Texas 77002

Ann P. Watson

NO. 03-161

| JUANITA BLANCO, ET AL | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| vs. | § | WILLACY COUNTY, T E X A S |
| | § | |
| PFIZER, INC., ET AL | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT GEORGE CANTU, M.D.'s ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW George Cantu, M.D., one of the defendants in the above entitled and numbered cause, and files his Original Answer to Plaintiffs' Original Petition on file herein and, in support thereof, says as follows:

### 1.
### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant George Cantu, M.D. enters herein his general denial and respectfully requests that Plaintiff Nicolas Rodriguez ("Plaintiff") be required to prove his charges, assertions, and allegations by a preponderance of the credible evidence as is required by the laws of the State of Texas.

### 2.
### Defenses

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or statute of repose.

### 3.

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.


FILED
JUN 27 2003
Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

**4.**

For further and additional answer herein, Defendant George Cantu, M.D. especially denies that he at any time failed to exercise ordinary care but, on the contrary, would show unto the Court that if the Plaintiff herein sustained any injury, which is not admitted but is especially denied, that the same was caused wholly or in part by some act or failure to act on the part of some third person over whom this Defendant has no control or right of control.

**5.**

For further and additional answer herein, Defendant George Cantu, M.D. denies that he is liable under any theory of vicarious or derivative liability for the conduct or products of any other Defendant and further denies that any other theory of liability supports the imposition of responsibility on this Defendant for the conduct or product of others.

**6.**

For further and additional answer herein, if necessary, Defendant George Cantu, M.D. further pleads the defense of new and intervening cause.

**7.**

For further answer herein, if necessary, Defendant George Cantu, M.D. says that the incident and damages complained of by Plaintiff was an "Act of God" as that term is defined by the laws of the State of Texas.

**8.**

Plaintiff failed to use that degree of care which a person of ordinary prudence in the exercise of ordinary care would have used under the same or similar circumstances, and such failure on the part of Plaintiff was a proximate cause of Plaintiff's alleged injuries and/or damages.

**9.**

Pleading further, if same be necessary, Defendant George Cantu, M.D. further would show that all or a portion of the damages complained of by the Plaintiff are the result of a separate and independent agency which was not subject to Defendant George Cantu, M.D.'s control and, therefore, such damages are the result of a pre-existing condition, unavoidable accident, and/or Act of God which was the new and independent, immediate, intervening, and/or superceding cause of the alleged damages as these terms are defined by the laws of the State of Texas.

**10.**

Pleading further, if same be necessary, Defendant George Cantu, M.D. denies he is liable to Plaintiff but, in the unlikely event the Court or jury finds that the conduct of Defendant George Cantu, M.D. was (a) negligent and/or grossly negligent and (b) a proximate cause of Plaintiff's alleged damages, Defendant George Cantu, M.D. asserts the defenses of proportionate responsibility and contribution in §33.001, *et seq.*, of the Texas Civil Practice and Remedies Code. Defendant George Cantu, M.D. asks that the trier of fact compare the responsibility of the parties and assign percentages of responsibility to the parties, and that any judgment rendered be done so pursuant to the rights of contribution accorded to Defendant George Cantu, M.D. under Chapter 33 of the Texas Civil Practice and Remedies Code. Defendant George Cantu, M.D. further reserves his right to make an election under §§33.012-.014 of the Texas Civil Practice and Remedies Code. Defendant George Cantu, M.D. specifically reserves his right with respect to settlements by parties to this lawsuit as well as non-parties to this lawsuit.

Page 3 of 6

**11.**

For further answer, Defendant George Cantu, M.D. invokes his legal right to a reduction of any dollar verdict which may be rendered in this case by credit for payments by other persons or entities by percentage reductions to which Defendant George Cantu, M.D. would be entitled as a result of jury findings against other persons or entities. In this connection, Defendant George Cantu, M.D. reserves the right to submit issues against parties that may be present in this case or absent in this case at the time the note is passed to the jury for fact determination.

**12.**

Pleading further, Plaintiff's damages are limited by §§11.01-.04 of article 4590i of the Texas Revised Civil Statutes.

**13.**

Pleading further, if same be necessary, Defendant George Cantu, M.D. asserts that any recovery of prejudgment interest by Plaintiff should be limited by §11.02(a) and §16.01 of article 4590i of the Texas Revised Civil Statutes.

**14.**

Pleading further, if same be necessary, and to the extent that Plaintiff alleges fraudulent concealment against this defendant, Defendant George Cantu, M.D. denies that he fraudulently concealed any facts underlying the basis of Plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, the above answer is respectfully submitted to the Court by Defendant George Cantu, M.D., who prays that Plaintiff Nicolas Rodriguez take nothing; that this Defendant be allowed to recover the costs which have been incurred by reason of the charges and allegations of Plaintiff Nicolas Rodriguez against this Defendant; and that the Court give this

Defendant such other and further relief from these charges as the Court may feel that this Defendant is entitled to under the circumstances.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

BY: _Ann P. Watson_

Ann P. Watson
State Bar No. 20932900
Lara M. Price
State Bar No. 90001856
Raymond A. Neuer
State Bar No. 14928350
James W.K. Wilde
State Bar No. 21458200

2500 Two Houston Center
909 Fannin Street
Houston, Texas  77010-1003
(713) 951-1000
(713) 951-1199 (facsimile)

Attorneys for Defendant George Cantu, M.D.

Page 5 of 6

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was duly served upon all parties or their counsel of record by fax and/or hand delivery, return receipt requested, and/or by placing same in the United States Mail, certified mail, return receipt requested, postage prepaid, properly addressed to the individuals listed below, on this, the 24th day of _____, 2003.

Mr. David Casso
Flores Casso & Pettitt
321 South 12th Street
P.O. Box 2128
McAllen, Texas 78505-2128

Mr. Michael T. Gallagher
Mr. John H. Kim
Gallagher Lewis Downey & Kim
700 Louisiana, 40th Floor
Houston, Texas 77002

_____
Ann P. Watson

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUANITA BLANCO, RUBEN GARCIA,** | § | |
| **NICOLAS RODRIQUEZ, HERMELINDA** | § | |
| **QUIROGA, Individually and on Behalf** | § | |
| **of the Estate of MARIA INEZ RUIZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197th Judicial District** |
| | § | **Court of Willacy County, Texas)** |
| **PFIZER, INC., and WARNER-LAMBERT** | § | |
| **COMPANY, now known as PFIZER, INC.;** | § | |
| **RAJIV FINGA, M.D., MARK EDWARDS,** | § | |
| **M.D., GEORGE CANTU, M.D., ALLEN** | § | |
| **B. SPENCE, M.D., and WATSON'S** | § | |
| **CITY DRUG,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

**EXHIBIT D**

**ALL PLEADINGS ASSERTING CAUSES OF ACTION AND**
**ALL ANSWERS TO SUCH PLEADINGS**

1.   Plaintiffs' Original Petition (filed 5/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(1)

2.   Defendant Rajiv Sinha, M.D.'s (wrongly named as Rajiv Finga, M.D.)
     Special Exceptions and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . Exhibit D(2)

3.   Defendant Allen B. Spence, M.D.'s Special Exceptions
     and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(3)

4.   Original Answer of Warner-Lambert Company LLC
     (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(4)

5.   Original Answer of Pfizer Inc. (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(5)

6.   Defendant George Cantu, M.D.'s Demand for Trial by Jury
     (filed 6/27/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(6)

7.   Defendant George Cantu, M.D.'s Original Answer(filed 6/273) . . . . . . . . . Exhibit D(7)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUANITA BLANCO, RUBEN GARCIA,** | § | |
| **NICOLAS RODRIQUEZ, HERMELINDA** | § | |
| **QUIROGA, Individually and on Behalf** | § | |
| **of the Estate of MARIA INEZ RUIZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | **(Removed from the 197th Judicial District** |
| | § | **Court of Willacy County, Texas)** |
| **PFIZER, INC., and WARNER-LAMBERT** | § | |
| **COMPANY, now known as PFIZER, INC.;** | § | |
| **RAJIV FINGA, M.D., MARK EDWARDS,** | § | |
| **M.D., GEORGE CANTU, M.D., ALLEN** | § | |
| **B. SPENCE, M.D., and WATSON'S** | § | |
| **CITY DRUG,** | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

**EXHIBIT D**

**ALL PLEADINGS ASSERTING CAUSES OF ACTION AND**
**ALL ANSWERS TO SUCH PLEADINGS**

1.  Plaintiffs' Original Petition (filed 5/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(1)

2.  Defendant Rajiv Sinha, M.D.'s (wrongly named as Rajiv Finga, M.D.)
    Special Exceptions and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . Exhibit D(2)

3.  Defendant Allen B. Spence, M.D.'s Special Exceptions
    and Original Answer (filed 6/19/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(3)

4.  Original Answer of Warner-Lambert Company LLC
    (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(4)

5.  Original Answer of Pfizer Inc. (filed 6/30/03) . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(5)

6.  Defendant George Cantu, M.D.'s Demand for Trial by Jury
    (filed 6/27/03) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D(6)

7.  Defendant George Cantu, M.D.'s Original Answer(filed 6/273) . . . . . . . . . Exhibit D(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANITA BLANCO, RUBEN GARCIA, | § | |
| NICOLAS RODRIQUEZ, HERMELINDA | § | |
| QUIROGA, Individually and on Behalf | § | |
| of the Estate of MARIA INEZ RUIZ, | § | |
| | § | |
| **Plaintiffs,** | § | **B-03-119** |
| vs. | § | Civil Action No. _____ |
| | § | (Removed from the 197th Judicial District |
| | § | Court of Willacy County, Texas) |
| PFIZER, INC., and WARNER-LAMBERT | § | |
| COMPANY, now known as PFIZER, INC.; | § | |
| RAJIV FINGA, M.D., MARK EDWARDS, | § | |
| M.D., GEORGE CANTU, M.D., ALLEN | § | |
| B. SPENCE, M.D., and WATSON'S | § | |
| CITY DRUG, | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

EXHIBIT E

## ALL ORDERS SIGNED BY THE STATE JUDGE

No orders signed by the state judge were on file.

CERTIFIED COPY

# CIVIL DOCKET

CASE NO. 03-161

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 03-161 | Juanita Blanco et al | Gallagher, Lewis, Downey 700 Louisiana St. 40th Floor Houston, Tx 77002 | | 05 | 30 | 02 |
| | vs. | | | | | |
| | | Flores, Casso Everitt | | Jury Fee. | | |
| | Pfizer et al | 321 S.12th St. McAllen, Tx 78505 | | Paid by | | |
| FEE BOOK | | | | | | |
| Vol. | Page | DA. | | Jury No. | | |

| DATE OF ORDERS | | | | |
|---|---|---|---|---|
| Month | Day | Year | | |

Wm Stenographer Used?

ORDERS OF COURT

| MINUTE BOOK | | PROCESS |
|---|---|---|
| Vol. | Page | |
| | | Plaintiffs Original Petition filed 5-30-03 |
| | | Citations Issued 6-2-03 |
| | | Pfizer  ser.  filed |
| | | Warner-Lambert  ser.  filed |
| | | Watson's  ser.  filed 6/13/03 |
| | | Rajiv Finga  ser.  filed 6/13/03 |
| | | M. Edwards  ser.  filed 6-10-03 |
| | | C. Cantu  ser.  filed 6/13/03 |
| | | A.B. Spence  ser.  filed 6/13/03 |
| | | Defendants Rajiv Sinha M.D.'s special exception and Original Answer filed 6-19-03 |
| | | Defendant Allen Spence, Special Exception and Original Answer filed 6-19-03 demand for trial by jury filed 6-27-03 |
| | | Defendant George Cantu M.D.'s Original Answer filed 6-27-03 |
| | | Original Answer of Warner-Lambert Co. LLC filed 6-30-03 |
| | | Original Answer of Pfizer Inc filed 6-30-03 |

CERTIFIED COPY

CIVIL DOCKET

CASE NO. 03-161

| NUMBER OF CASE | NAMES OF PARTIES | Kind of Action and Party Demanding Jury | ATTORNEYS | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 03-161 | Juanita Blanco et al | | Gallagher, Lewis, Downey 700 Louisiana St. 40th Floor Houston, Tx 77002 | 05 | 30 | 02 |
| | vs. | | | Jury Fee, | | |
| | Pfizer et al | | Flores, Casso &Pettitt 321 S.12th St. McAllen, Tx 78505 | Paid by | | |
| | | | Dft. | Jury No. | | |

**FEE BOOK**

| Vol. | Page |
|---|---|
| | |

**DATE OF ORDERS**

| Month | Day | Year |
|---|---|---|
| | | |

Was Stenographer Used?

| ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|
| | Vol. | Page | |
| | | | Plaintiffs Original Petition filed |
| | | | 5-30-03 |
| | | | Citations issued 6-2-03 |
| | | | Pfizer    ser.    filed |
| | | | Warner-Lam ser.    filed |
| | | | Watson's    ser.  filed 6\|6\|03 |
| | | | Rajiv Finga ser.  filed 6\|13\|03 |
| | | | M. Edwards  ser.  filed 6-10-03 |
| | | | C. Cantu    ser.  NIS |
| | | | A.B. Spence ser. 6\|6\|03 filed 6\|16\|03 |
| | | | ser. 6\|11\|03 filed 6\|13\|03 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JUANITA BLANCO, RUBEN GARCIA,   §
NICOLAS RODRIQUEZ, HERMELINDA   §
QUIROGA, Individually and on Behalf   §
of the Estate of MARIA INEZ RUIZ,   §
  §
      **Plaintiffs,**   §
  §
**vs.**   §
  §
  §
PFIZER, INC., and WARNER-LAMBERT   §
COMPANY, now known as PFIZER, INC.;   §
RAJIV FINGA, M.D., MARK EDWARDS,   §
M.D., GEORGE CANTU, M.D., ALLEN   §
B. SPENCE, M.D., and WATSON'S   §
CITY DRUG,   §
  §
      **Defendants.**   §

# B-03-119

Civil Action No. _____
(Removed from the 197th Judicial District
Court of Willacy County, Texas)

Jury Demanded

## EXHIBIT G

### INDEX OF MATTERS BEING FILED

*Louis v. Wyeth-Ayerst Pharmaceuticals*, No. 5:00CV102LN
    (W.D.Miss. Sept. 25, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit A

State Court Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit B

All Executed Process on File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit C

All Pleadings Asserting Causes of Action and
    All Answers to Such Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit D

All Orders Signed by the State Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E

State Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F

Index of Matters Being Filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit G

List of All Counsel of Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit H

Order Establishing the Judicial Panel on Multi-District Litigation (MDL 1348) . . . . . . Exhibit I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JUANITA BLANCO, RUBEN GARCIA, NICOLAS RODRIQUEZ, HERMELINDA QUIROGA, Individually and on Behalf of the Estate of MARIA INEZ RUIZ, | § § § § § | |
| **Plaintiffs,** | § | **B-03-119** |
| vs. | § § § | Civil Action No. _____ (Removed from the 197th Judicial District Court of Willacy County, Texas) |
| PFIZER, INC., and WARNER-LAMBERT COMPANY, now known as PFIZER, INC.; RAJIV FINGA, M.D., MARK EDWARDS, M.D., GEORGE CANTU, M.D., ALLEN B. SPENCE, M.D., and WATSON'S CITY DRUG, | § § § § § § § § | |
| **Defendants.** | § | **Jury Demanded** |

### EXHIBIT H

### LIST OF ALL COUNSEL OF RECORD

1.    **Counsel for Plaintiffs Juanita Blanco, Ruben Garcia, Nicolas Rodriguez, Hermelinda Quiroga, Individually and on Behalf of the Estate of Maria Inez Ruiz:**

> Michael T. Gallagher, Esq.
> State Bar No. 07586000
> John H. Kim, Esq.
> State Bar No. 00784393
> GALLAGHER, LEWIS, DOWNEY & KIM
> 700 Louisiana Street, 40th Floor
> Houston, TX 77002
> Telephone: (713) 222-8080
> Facsimile: (713) 222-0066

---

David Casso
State Bar No. 03980250
FLORES, CASSO & PETTITT, L.L.P.
321 South 12th Street
McAllen, TX 78505
Telephone: (956) 686-9591
Facsimile: (956) 686-9478

2.    **Counsel for Defendants Warner-Lambert Company LLC and Pfizer Inc.:**

Jack E. Urquhart
State Bar No: 20415600
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

David C. Garza
State Bar No.: 07731400
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone: (956) 541-4914
Facsimile: (956) 542-7403

3.    **Counsel for Defendants Rajiv Finga, M.D. and Allen B. Spence, M.D.:**

Philipa M. Remington
State Bar No.: 16766100
Russell G. Thornton
State Bar No.: 19982850
Michael A. Yanof
State Bar No.: 24003215
STINNETT THIEBAUD & REMINGTON L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, TX. 75202
Telephone: (214) 954-2200
Facsimile: (214) 754-0999

4.      **Counsel for Defendant Mark Edwards, M.D.:**

        Unknown at this time.

5.      **Counsel for Defendant George Cantu, M.D.:**

        Ann P. Watson
        State Bar No.: 20932900
        Lara M. Price
        State Bar No.: 90001856
        Raymond A. Neuer
        State Bar No.: 14928350
        Sheehy, Serpe & Ware, P.C.
        2500 Two Houston Center
        909 Fannin
        Houston, Texas 77010
        Telephone: (713) 951-1000
        Facsimile: (713) 951-1199

6.      **Counsel for Defendant Allen B. Spence, M.D.:**

        Unknown at this time.

7.      **Counsel for Defendant Watson's City Drug:**

        Unknown at this time.

JUDICIAL
MULTIDIS
LITIGAT

JUN -9

FILE
CLERK'S O

*DOCKET NO. 1348*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE REZULIN PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of nineteen actions pending in the following federal districts: six actions in the Central District of California; two actions in the Southern District of Ohio; and one action each in the Northern District of Alabama, District of the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, District of New Jersey, Northern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, and District of South Carolina.[1] Before the Panel are the following two motions: plaintiff in a Central California action seeks centralization of actions in this litigation, pursuant to 28 U.S.C. §1407, in either that district or the Southern District of Ohio; and plaintiffs in the Northern District of Ohio and Northern District of Alabama actions seek centralization in either of those two districts. Most responding plaintiffs support centralization, although they disagree regarding the most appropriate transferee district for this litigation. Defendant Warner-Lambert & Co. (Warner-Lambert) and plaintiffs in three tag-along actions oppose Section 1407 centralization. If the Panel deems centralization appropriate, Warner-Lambert suggests the Eastern District of Michigan as transferee district. In addition to these five suggested transferee

---

[1] Five of the Central California actions, one of the Southern District of Ohio actions, and the District of Columbia, Northern District of Iowa, Southern District of Iowa, Eastern District of Louisiana, District of Massachusetts, Eastern District of Pennsylvania, Western District of Pennsylvania and District of South Carolina actions were not included in the Section 1407 motions in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's May 19, 2000, hearing in this matter.

The Panel has also been notified that 29 additional potentially related actions are pending as follows: nine actions in the Southern District of Mississippi; four actions in the District of New Jersey; two actions each in the Northern District of Alabama and Central District of California; and one action each in the District of Idaho, District of Kansas, Middle District of Louisiana, District of Massachusetts, Eastern District of Michigan, Western District of Missouri, Northern District of Mississippi, Eastern District of New York, Southern District of New York, Northern District of Ohio, District of Puerto Rico, and Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

districts, seven others have been proposed by various plaintiffs, usually in the district where each plaintiff filed an action.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged adverse effects of Rezulin, a drug used to treat type 2 diabetes, and the conduct of defendant Warner-Lambert (and its subsidiary Parke-Davis Corp.) concerning Rezulin's manufacture, testing and marketing. Earlier this year, Warner-Lambert withdrew Rezulin from the market because the Food and Drug Administration concluded that Rezulin posed too high a risk of severe liver toxicity. In addition, many of the actions are brought on behalf of purported nationwide classes of Rezulin users. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

Warner-Lambert acknowledged during oral argument before the Panel that Section 1407 coordination would produce efficiencies. Nevertheless, Warner-Lambert worries about the potential filing of relatively weak claims. We commend Warner-Lambert's acknowledgment of the practical benefits of Section 1407 transfer. We are confident, however, that the transferee judge can streamline the entire pretrial proceedings, while concomitantly directing the appropriate resolution of all claims.

Opponents of transfer argue that the presence of individual questions of fact militate against 1407 transfer. We are unpersuaded by this argument. Indeed, we point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on prudent course. By centralizing this litigation in the Southern District of New York before Judge Kevin Thomas Duffy, an experienced transferee judge for multidistrict litigation, we are assigning this litigation to a seasoned jurist with a low caseload.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the

APPENDIX TO
NOTICE OF REMOVAL
Jane Hardin vs. Parke-Davis, et al.

Page 85

- 3 -

attached Schedule A be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Kevin Thomas Duffy for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman