5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUANITA BLANCO; RUBEN GARCIA; | § | |
| NICOLAS RODRIGUEZ; HERMELINDA | § | |
| QUIROGA, Individually and on Behalf of | § | |
| THE ESTATE OF MARIA INEZ RUIZ | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-119 |
| | § | |
| PFIZER, INC.; WARNER-LAMBERT | § | |
| COMPANY n/k/a PFIZER, INC; RAJIV | § | |
| FINGA, M.D.; MARK EDWARDS, M.D.; | § | |
| GEORGE CANTU, M.D.; ALLEN B. | § | |
| SPENCE, M.D.; and WATSON'S CITY DRUG | § | |

## DEFENDANT WATSON'S CITY DRUG'S ORIGINAL ANSWER

Defendant Kiefer, Inc. d/b/a Watson's City Drug, incorrectly named as Watson's City Drug (the "Pharmacy") , files this original answer in response to plaintiffs' original petition originally filed in the 197Judicial District Court of Willacy County, Texas, and any amendment or supplement thereto (the "Complaint"). The Pharmacy responds to each paragraph within each section[1] of the Complaint as follows:

### I.

### ADMISSIONS AND DENIALS

1.      The Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in Section I and, accordingly, denies same.

---

[1] The Complaint does not contain separately numbered paragraphs; rather it contains sections with headings and roman numerals which each contain multiple paragraphs. Thus the Pharmacy will respond to each factual matter within each section.

---

DEFENDANT WATSON'S CITY DRUG'S ORIGINAL ANSWER                                                    PAGE 1
70463-1 / 194337.1

2.     The Pharmacy admits that it is a pharmacy business located in Raymondville, Texas. The Pharmacy is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Section II and, accordingly, denies same.

3.     The Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in Section III and, accordingly, denies same.

4.     The Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first three (3) paragraphs of Section IV and, accordingly, denies same.

5.     The Pharmacy admits the allegations in the fourth paragraph of Section IV that it sold Rezulin to plaintiff Juanita Blanco and that the Rezulin it dispensed to plaintiff Juanita Blanco was not changed or altered while in the control of the Pharmacy. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth paragraph of Section IV, and accordingly denies same.

6.     The Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth paragraph of Section IV and, accordingly, denies same.

7.     The Pharmacy admits the allegations in the sixth paragraph of Section IV that it sold Rezulin to plaintiff Nicolas Rodriguez and that the Rezulin it dispensed to plaintiff Nicolas Rodriguez was not changed or altered while in the control of the Pharmacy. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the sixth paragraph of Section IV, and accordingly denies same.

8.     The Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the seventh paragraph of Section IV and, accordingly, denies same.

9.     The Complaint contains no Section V to which to respond.

10.     The Pharmacy admits the allegation in the first paragraph of the first Section VI (regarding "Strict Liability – Design Defect") that it sold Rezulin in the course of its business. The Pharmacy denies the allegations in this paragraph to the extent they state or imply that the Pharmacy had knowledge of any defect or dangerous condition in Rezulin it dispensed, or that it would cause severe liver damage or even death to its users. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first paragraph of the first Section VI (regarding "Strict Liability – Design Defect"), and accordingly denies same.

11.     The Pharmacy denies the allegations in the second paragraph of the first Section VI (regarding "Strict Liability – Design Defect") that the Rezulin it dispensed was defective or the cause of any injury. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second paragraph of the first Section VI (regarding "Strict Liability – Design Defect"), and accordingly denies same.

12.     The Pharmacy denies the allegations in the second Section VI (regarding "Strict Liability – Marketing Defect") to the extent they state or imply that the Pharmacy had knowledge of any defect or dangerous condition in Rezulin it dispensed, or that it had any duty to warn plaintiffs. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second Section VI (regarding "Strict Liability – Marketing Defect"), and accordingly denies same.

13.     The Pharmacy admits the allegations in Section VII that it sold Rezulin in the course of business for human consumption. The Pharmacy denies the allegations in Section VII that it designed, manufactured, produced, labeled, advertised, tested, inspected, shipped or distributed Rezulin. The Pharmacy also denies the allegations in this section to the extent they state or imply that the plaintiffs were damaged as a result of any medications the Pharmacy dispensed to plaintiffs.

Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in Section VII, and accordingly denies same.

14.    The Pharmacy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Section VIII, and accordingly denies same.

15.    The Pharmacy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Section IX, and accordingly denies same.

16.    The Pharmacy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Section X, and accordingly denies same.

17.    The Pharmacy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first Section XI (regarding Negligence and Breach of Express Warranty by physician defendants), and accordingly denies same.

18.    The Pharmacy denies the allegations in the second Section XI (regarding Damages) that it designed, manufactured, sold, shipped or distributed Rezulin in an unreasonably dangerous and defective condition, that it committed negligence and breached any implied warranty in any respect, and that Plaintiffs were damaged as alleged in the second Section XI (regarding Damages). Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second Section XI, and accordingly denies same.

19.    The Complaint contains no Section XII to which to respond.

20.    The Pharmacy lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Section XIII, and accordingly denies same.

21.    The Pharmacy denies the allegations in the first and fourth paragraphs of Section XIV that it committed any act which tolled the statute of limitations. Otherwise, the Pharmacy is without sufficient knowledge or information to form a belief as to the truth of the allegations in Section XIV, and accordingly denies same.

22.    The Pharmacy admits that plaintiffs requested a jury to determine the factual issues in this civil action, but is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Section XV, and accordingly denies same.

23.    The Pharmacy denies that plaintiffs are entitled to the relief sought in the prayer from the Pharmacy.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted against the Pharmacy.

2.    Plaintiffs' claims against the Pharmacy are barred by failure to give notice pursuant to the Medical Liability and Insurance Improvement Act, art. 4590i § 4.01(a).

3.    Plaintiffs' claims are barred by waiver, laches, ratification, adjudication, collateral estoppel and/or equitable estoppel.

4.    Plaintiffs' claims are barred by assumption of the risk.

5.    Plaintiffs' claims are barred by informed consent.

6.    Plaintiffs' claims are barred by misuse, unintended use, or alteration of the drug in question.

7.    Plaintiffs' claims for strict liability are barred as the Pharmacy is a service provider and innocent retailer.

8.    Plaintiffs' claims are barred because the Pharmacy's conduct was consistent with the state-of-the-art in that the Pharmacy had no reason to know of any potentially dangerous effects of the drug in question that were not known or disclosed to plaintiffs' treating physician(s).

9.     Plaintiffs' claims are barred because the drug in question was reasonably safe for its normal and foreseeable uses based upon the scientific, technical and medical knowledge available to the Pharmacy at all relevant times.

10.     Plaintiffs' claims are barred by the "learned intermediary" doctrine by virtue of plaintiffs' consultation with, and treatment by, their treating physician(s), who legally prescribed the drug in question to plaintiffs and served as the professional learned intermediary with respect to plaintiffs' receipt and use of the drug in question.

11.     Plaintiffs' claims are barred under TEX. CIV. PRAC. & REM. CODE § 33.001 as each plaintiffs' percentage of responsibility for any damages sought is greater than 50%. Alternatively, any recovery must be reduced by a percentage equal to each plaintiffs' responsibility and the responsibility of other claimants, defendants, responsible third parties and/or settling persons in accordance with TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.* If plaintiffs settle with any other person or entity, then the Pharmacy reserves the right to make a written election of credit for settlement under TEX. CIV. PRAC. & REM. CODE § 33.014.

12.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 33.001 *et. seq.,* any recovery for plaintiffs must be reduced by the comparative negligence, fault, responsibility or causation attributable to plaintiffs, other claimants, defendants, responsible third parties and/or settling persons.

13.     Plaintiffs' claims against the Pharmacy for breach of warranties are barred by failure to give timely or adequate notice.

14.     Plaintiffs' claims are barred because any damages or injuries suffered by plaintiffs were caused solely by the acts or omissions of others over which the Pharmacy exercised no control or authority.

15.     Plaintiffs' claims are barred because any alleged damages or injuries to plaintiffs were caused by an intervening cause, a superceding cause, a new and independent cause, an unforeseeable cause and/or a preexisting cause unrelated to any conduct of the Pharmacy.

16.     Plaintiffs' claims are barred by failure to mitigate damages or, alternatively, any damages recovered by plaintiffs must be reduced by the amount of damages plaintiffs could have reasonably avoided.

17.     Plaintiffs' claims are preempted by state and federal law.  The manufacture, marketing, distribution and labeling of the drug in question was and is controlled by federal law, and the Pharmacy was at all times in compliance with applicable federal law.  If plaintiffs' claims are allowed, it will impede, impair, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an unjustified burden on interstate commerce in violation of the supremacy and commerce clauses of the United States Constitution, Art. VI, Section 2, and Art. I, Section 8, respectively.

18.     Plaintiffs' claims against the Pharmacy are barred as the Pharmacy complied with all state and federal laws and the rules and regulations of the Food and Drug Administration and/or other governmental agencies.

19.     Plaintiffs' claims are barred as the Pharmacy's conduct conformed with all applicable professional standards and the applicable state of scientific and/or professional knowledge within the pharmacy industry.

20.     In the unlikely event the Pharmacy has any liability to plaintiffs, plaintiffs' damages are limited under the Medical Liability and Insurance Improvement Act, art. 4590i § 11.02.

21.     In the unlikely event the Pharmacy has any liability to plaintiffs and plaintiffs seek recovery of exemplary damages from the Pharmacy, such exemplary damages are limited by the provisions of TEX. CIV. PRAC. & REM. CODE § 41.001 *et seq.*

22.     Plaintiffs did not rely on any alleged express or implied warranties by the Pharmacy.

23.     Plaintiffs' claims are barred by the applicable statute of limitations.

24.     The Pharmacy's conduct did not cause, proximately cause, solely cause, or solely proximately cause the alleged injuries and/or damages claimed by plaintiffs.

25.     Plaintiffs' alleged damages were the result of a preexisting condition or conditions which were unrelated to any conduct of the Pharmacy. Alternatively, plaintiffs' alleged damages were the result of an idiosyncratic reaction to the drug in question.

26.     The Pharmacy denies that there was any "concert of action" or "common design or plan" through which defendants acted together to accomplish an illegal purpose.

27.     Plaintiffs' claims are barred for failure to heed and obey appropriate warnings provided by manufacturers, prescribers, retailers and/or distributors of the drug in question.

28.     Plaintiffs' alleged injuries or damages, if any, were caused, in whole or in part, by operation of nature or an act of God.

29.     Plaintiffs' alleged injuries or damages, if any, were not caused by the failure to warn on the part of the Pharmacy.

30.     Plaintiffs' alleged injuries or damages, if any, were unforeseeable to the Pharmacy and thus were the result of unavoidable circumstances over which the Pharmacy had no control.

31.     Plaintiffs' claims against the Pharmacy are barred because the Pharmacy had no duty to warn plaintiffs.

32.     Plaintiffs' claims are barred under §402A and 402A, comment k, of the Restatement (Second) of Torts, and the Restatement (Third) of Torts: Product Liability, §§ 4 and 6.

33.     To the extent plaintiffs' claims are based upon any theory providing for liability without proof of causation, the claims violate the Pharmacy's due process rights under the United States Constitution and the Texas Constitution.

34.    The Pharmacy states that if plaintiffs seek an award of punitive damages from the Pharmacy, such relief would be unconstitutional under the following provisions of the Constitution of the United States and the Constitution of Texas:

a.    the prohibition on excessive fines. U.S. Const. amend. VIII; Tex. Const., art. I, § 13;

b.    the requirement of due process. U.S. Const. amend. IX; Tex. Const. art. I, §§ 13, 19;

c.    the requirement of equal protection under law. U.S. Const. amend. IX; Tex. Const. art. I, §§ 3, 3a; and

d.    the prohibition of Ex Post Facto and Retroactive laws. U.S. Const. amend. art. I, Sec. 10; Tex. Const. art. I, § 16.

## III.

## PRAYER

The Pharmacy requests that plaintiffs take nothing by reason of plaintiffs' suit, that it recover its costs and fees incurred herein, and that the court award it such other relief to which it is justly entitled.

Respectfully submitted,

By: _____

**Hubert A. Crouch, III**
State Bar No. 05148500
Southern District No. 13592
**Kirk T. Florence**
State Bar No. 07160900
Southern District No. 19146

CROUCH & INABNETT, L.L.P.
1445 Ross Avenue, Suite 2300
Dallas, Texas 75202
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101

**ATTORNEYS FOR DEFENDANT
WATSON'S CITY DRUG**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been served upon all known counsel of record via certified mail, return receipt requested on this the _14_ day of July 2003.

Michael T. Gallagher
John H. Kim
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana Street, 40th Floor
Houston, TX 77002

David Casso
FLORES, CASSO & PETTITT, L.L.P.
321 South 12th Street
McAllen, TX 78501-4817

Jack E. Urquhart
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., 25th Floor
Houston, TX 77056

David C. Garza
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522

Ann P. Watson
SHEEHY, SERPE & WARE, P.C.
909 Fannin, Suite 2500
Houston, TX 77010

Philipa M. Remington
STINNETT, THIEBAUD & REMINGTON, L.L.P.
1445 Ross Avenue, Suite 4800
Dallas, TX 75202

_____
Kirk T. Florence