12

United States District Court
Southern District of Texas
FILED

AUG 1 9 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANITA BLANCO, *et al.*, | § | |
| | § | CIVIL ACTION NO. B-03-119 |
| **Plaintiffs,** | § | |
| vs. | § | |
| | § | |
| PFIZER INC., *et al.*, | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## PFIZER INC. AND WARNER-LAMBERT COMPANY LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND TO STATE COURT

Defendants Pfizer Inc. (incorrectly named as Pfizer, Inc) ("Pfizer") and Warner-Lambert Company LLC, formerly known as Warner-Lambert Company (incorrectly named as "Warner-Lambert Company, now known as Pfizer, Inc.") ("Warner-Lambert") (collectively, "Defendants") file this Opposition to Plaintiffs' Motion for Remand to State Court, ("Plaintiffs' Motion") respectfully showing:

### INTRODUCTION

This is a pharmaceutical product liability case concerning Rezulin, a prescription drug used to treat type 2 diabetes. Rezulin was distributed by Warner-Lambert from March 1997 to March 2000. This case is one of many Rezulin cases filed by the same law firms which filed this case. These cases assert virtually identical allegations. In each case, the plaintiff or plaintiffs are Texas citizens who have sued: (1) diverse "pharmaceutical defendants" and (2) one or more non-diverse health care providers and/or pharmacies. In virtually all of these cases, the crux of the plaintiffs' complaints is that the "pharmaceutical defendants"

misled the public, the FDA, healthcare professionals and the non-diverse defendant(s) about the risks associated with the use of Rezulin. Despite these allegations against the pharmaceutical defendants, the plaintiffs make vague and general claims for negligence and/or breach of warranty against the non-diverse healthcare provider(s). As set forth below, in light the MDL Judge's recent holding *in a Texas action*, *In re Rezulin Prod. Liab. Litig.*, 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003), the "tenor" of the plaintiffs' petition fails to provide sufficient notice of the plaintiffs' assertions to support a claim against the non-diverse defendants and, therefore, the non-diverse defendants are fraudulently joined. Moreover, Texas law does not recognize a cause of action for breach of express warranty against a physician for the types of actions alleged by plaintiffs. Further, Texas law does not recognize a claim against a pharmacy for properly dispensing a prescription medication. Therefore, there is no reasonable basis to predict that the plaintiffs can support a claim against the non-diverse defendants who have been fraudulently joined.

Despite the strength of these arguments, *this Court nevertheless should defer ruling, as it did in the case of Avila v. Pfizer Inc. et al.*, CA No. B-02-217 and, instead, allow the MDL Court to decide Plaintiffs' Motion. *See* Exhibit "A." Deferral accords with the rulings of other federal judges in Texas and around the country who have recognized that deferring remand motions to the MDL Court promotes Congress' intent expressed in 28 U.S.C. § 1407 for uniformity and efficiency. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 168 F.Supp. 2d 136 (S.D.N.Y. 2001); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp. 2d 272 (S.D.N.Y. 2001) *("Rezulin I")*.

## PROCEDURAL BACKGROUND

1.      Plaintiffs' Original Petition was filed on or about May 30, 2003. The plaintiffs named as

defendants: (1) Warner-Lambert, which manufactured and marketed Rezulin; (2) Pfizer, the company that

acquired Warner-Lambert after Rezulin had been removed from the market; (3) Dr. Rajiv Sinha, who is

alleged to have prescribed Rezulin to Juanita Blanco; (4) Dr. Mark Edwards, who is alleged to have

prescribed Rezulin to Ruben Garcia; (5) Dr. George Cantu, who is alleged to have prescribed Rezulin to

Nicolas Rodriquez; (6) Dr. Allen B. Spence, who is alleged to have prescribed Rezulin to Inez Ruiz; and

(7) Watson City Drug, who is alleged to have sold Rezulin to plaintiffs Blanco, Rodriquez and Ruiz.

2.      Plaintiffs' Original Petition asserted claims against Defendants for strict product liability (for

marketing and design defects), breach of implied warranty, negligence, violations of the Texas Deceptive

Trade Practices-Consumer Protection Act, and felonious conduct in connection with the design,

manufacture and sale of Rezulin. Plaintiffs made claims against Dr. Sinha, Dr. Edwards, Dr. Cantu, and

Dr. Spence (the "Physician Defendants") for negligence and breach of express warranty. Plaintiffs claimed

that Watson City Drug was liable based on theories of strict liability for design defect and breach of implied

warranty. *See* PLAINTIFFS' ORIG. PET. attached to Defendants' Notice of Removal. Plaintiffs sought

compensatory and exemplary damages.

3.      Plaintiffs Motion attached Plaintiffs' First Amended Petition stamped as having been filed

with the state court clerk on June 30, 2003. On June 30, 2003, in connection with their removal of this

case, Defendants obtained a copy of the state court's file, including the state court's docket sheet. As of

June 30, 2003, the state court's file did not evidence the filing of Plaintiffs' First Amended Petition despite the fact that other documents filed on June 30, 2003 were in the state court's file and were obtained by Defendants. *See* State Court Docket Sheet attached as Exhibit "E" to Defendants' Notice of Removal and documents attached to Exhibit "D" to Defendants' Notice of Removal.

4.    Plaintiffs' First Amended Petition dismissed plaintiffs' claims for strict liability for marketing defect and also dismissed all claims relating to the marketing and distribution of Rezulin by the Defendants. Defendants believe that the plaintiffs' amended petition was filed in an effort to preclude removal. However, the plaintiffs' pleadings gamesmanship does not lessen the propriety of removal. As noted on page 7 of Plaintiffs' Motion, the only argument affected by the dismissal of the plaintiffs' marketing claims is the irreconcilable pleading argument. Even without this argument, removal is proper.

5.    Defendants' Notice of Removal was sent to the Court on June 30, 2003 and filed on July 1, 2003. Defendants removed this case based on the properly-joined parties' diversity of citizenship arguing that the non-diverse defendants had been fraudulently joined. This argument applies to the plaintiffs' first amended petition as much as it did to the plaintiffs' original petition. Removal occurred within 30 days from the date that any defendant was served with process.

6.    On or about July 31, 2003, plaintiffs filed a Motion for Remand to State Court noting that they filed their first amended petition on June 30, 2003 and, therefore, that pleading is the "live" pleading used to determine the propriety of removal. The plaintiffs' amended petition does not effect the propriety of Defendants' removal.

.

## ARGUMENT AND AUTHORITY

**A.    This Court should defer ruling on remand pending final transfer to the Rezulin MDL.**

7.      This action is in the process of being transferred to the Southern District of New York where Judge Lewis A. Kaplan presides over the Rezulin MDL proceeding in which more than 80 remand motions have been decided. *See* July 8, 2003 Tag Along Notice filed with the MDL Court (Exhibit "B"). Although the MDL Court has not yet issued a Conditional Transfer Order, one is expected in the immediate future.

8.      *As it has in the past, this Court should defer ruling on Plaintiffs' Motion to Remand pending MDL transfer as it did in the case of Avila v. Pfizer Inc., C.A. No. B-02-217. See Exhibit "A."* This Court's decision to defer ruling and allow this case to be transferred to the MDL court is consistent with the rulings of courts around the country and other Texas courts, including many from the Southern District.[1]

9.      Moreover, Judge Kaplan has already addressed--and denied--remand in actions based on the same grounds for removal upon which Defendants relied upon in removing this case. *See In re: Rezulin Prods. Liab. Litig.* 2003 WL 43356 (S.D.N.Y. Jan. 6, 2003) ("PTO-122"); *In re: Rezulin*

---

[1] *See, e.g., Marza v. Warner-Lambert Co.,* No. 02-492, at 1 (S.D. Tex. July 26, 2002) ("in light of the possibility that this lawsuit will be transferred to the Rezulin MDL proceedings, the Court must defer resolution of [plaintiff's] motion [to remand] for the present time"); *Cynthia Hernandez v. Warner-Lambert Co.,* No. 02-208 (S.D. Tex. July 12, 2002); *Vela v. Warner-Lambert Co.,* No. 02-162 (S.D. Tex. July 12, 2002); *Allen v. Warner-Lambert Co.,* No. G-02-CV-291 (S.D. Tex. June 17, 2002); *Brown v. Warner-Lambert Co.,* No. G-02-CV-272 (S.D. Tex. June 14, 2002); *Benson v. Warner-Lambert Co.,* No. G-02-CV-149 (S.D. Tex. May 14, 2002); *Ramirez v. Warner Lambert Co.,* C.A. C-02-075 (S.D. Tex. May 10, 2002); *Doker v. Warner-Lambert Co.,* No. H-02-1314 (S.D. Tex. Apr. 18, 2002); *Williams v. Warner-Lambert Co.,* No. 02-CV0-789 (S.D. Tex. Mar. 21, 2002); *Abrigo v. Warner-Lambert Co.,* No. 02-CV-790 (S.D. Tex. Mar. 18, 2002); *Martin v. Warner-Lambert Co.,* No. 02-CV-791 (S.D. Tex. Mar. 18, 2002).

*Prod. Liab. Litig.* 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002) ("PTO-121"). *See also* April 11,

2003 Report and Recommendation of United States Magistrate Judge Theodore H. Katz, attached hereto

as Exhibit "C" *(remand denied in five Texas Rezulin cases wherein non-diverse physician*

*defendant was joined to defeat diversity jurisdiction* (adopted by **Judge Kaplan** in *PTO-144))*.

**B.     Alternatively, should this Court decide to rule, Plaintiffs' Motion should be denied because the non-diverse defendants were fraudulently joined to defeat federal diversity jurisdiction.**

10.     The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity

jurisdiction simply by naming non-diverse defendants. Under this doctrine, in determining whether there

is complete diversity, a court must disregard the citizenship of those defendants where "there is *no*

*reasonable basis* for predicting that plaintiffs might establish liability . . . against the in-state defendants."

*Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (plaintiff must establish a reasonable,

not just a hypothetical basis for recovery). *Accord, Burden v. General Dynamics Corp.*, 60 F.3d 213,

217-18 (5th Cir. 1995); *Rezulin I*, 133 F.Supp.2d at 279-80 & n.4.

11.     Instead of articulating the "no reasonable possibility" standard, the plaintiffs rely on a "no

possibility" standard as the basis for determining if remand is proper. *See* PLAINTIFFS' MOTION at pp. 12-

14. This standard is misplaced and does not correctly articulate the current law of the Fifth Circuit. As

recently noted:

> courts have more recently emphasized that the possibility of recovery must
> be reasonable, not merely hypothetical or speculative. . . . Before refusing
> to remand a case, *a district court must find that there is no*
> *reasonable possibility* that state law would allow recovery against a
> non-diverse defendant, based on the facts alleged.

*Zermenco v. McDonnell Douglas Corp.* 246, F. Supp. 646, 653 (S.D. Tex. 2003) (emphasis added)

(citations omitted). *See also Blanchard v. State Farm Lloyds,* 206 F. Supp. 840, 844 (S.D. Tex. 2001)

("The question is not whether the plaintiffs will probably prevail in state court, but whether there is a

*reasonable possibility* that a state court could find that the plaintiffs stated at least one valid cause of

action against the non-diverse defendant.") (emphasis added). The fact that a plaintiff has filed suit against

a particular defendant or made allegations against a defendant, by itself, does not preclude removal on

fraudulent joinder grounds. If this were the case, any allegation, no matter how unfounded, would prevent

finding fraudulent joinder. Instead, the Court should look to the plaintiffs' pleadings to determine if joinder

is fraudulent. The standard for fraudulent joinder is not one of "'no possibility' [because] ... there always

would be a 'possibility'... [that would] permit the plaintiff to prevail." *Rezulin I,* 133 F.Supp.2d at 279-

80 & n.4.

        **a.**      **The Physician Defendants Were Fraudulently Joined**

      12.      In the current case, the plaintiffs' petitions (both original and first amended) fail to set forth

facts sufficient to create a reasonable basis to predict that plaintiffs can establish liability against the

Physician Defendants. Specifically, the plaintiffs claim, *inter alia*, that Drs. Sinha, Edwards, Cantu, and

Spence were negligent in selecting Rezulin and failing to familiarize themselves with the risks of the drug

prior to prescribing it to plaintiffs; in initiating Rezulin therapy without first investigating and utilizing all other

available means for glycemic control; in failing to properly and timely evaluate, monitor, diagnose, and treat

plaintiffs during the time that Rezulin was prescribed to them and after it was discontinued as part of their

treatment. Despite these allegations, plaintiffs fail to plead any specific facts relevant to their claims. For example, they fail to allege when they claim to have taken Rezulin, the relevant warnings which their doctors allegedly failed to discuss with them, whether their respective doctors failed to warn of concealed risks, known risks or both or how and when each of their respective doctors came to be aware of any such alleged risks. As set forth below, there is no reasonable basis to predict that plaintiffs can establish liability against the non-diverse defendants and, therefore, Plaintiffs' Motion should be denied.

13.     In early 2003, *the MDL court denied remand holding that a plaintiff's allegations against a physician, in a Texas action,* were "insufficient to provide the defendant sufficient notice of the claim against him." PTO-122 at p. 1.[2] *Accord,* PTO-121, (denying remand in Mississippi actions naming physicians; "plaintiffs' claims against the physician defendants fail for the fundamental reason that they do not provide the physician defendants sufficient notice of the claims against them")[3]. *See also* April 11, 2003 Report and Recommendation of United States Magistrate Judge Theodore H. Katz attached hereto as Exhibit "C." The Rezulin MDL judge's denial of remand in actions naming non-diverse physician defendants were based on his holding that a plaintiff's allegations against a physician in a Texas

---

[2] A true and correct copy of the plaintiffs' petition before the court in PTO-122 is attached hereto as Exhibit "D".

[3] A true and correct copy of the plaintiffs' petition before the court in PTO-121 is attached hereto as Exhibit "E".

action were "insufficient to provide the defendant sufficient notice of the claims against him." PTO-122 at p.1.

14.    As in the actions addressed in PTO-121 and PTO-122, plaintiffs' "conclusory allegations" as to the Physician Defendants' actions in the instant case provide insufficient notice of plaintiffs' claims. Plaintiffs allegations against the Physician Defendants "shed no light on such matters as whether" the Physician Defendants allegedly prescribed Rezulin when they knew or should have known of "risks [allegedly concealed by Warner-Lambert], known risks, or both, and how and when the physician came to be [or should have become] aware of any such risks." PTO-121, at *2. Nor do plaintiffs "state on what basis the physicians should have known [that] the patient" should not have been prescribed Rezulin. PTO-122, at 2. *See also, In re: Baycol Prod. Liab. Litig.,* 2003 WL 21223842 (D.Minn. May 27, 2003).[4] This is especially true in light of the allegations these very plaintiffs' lawyers have made in dozens of previously filed Rezulin lawsuits.

15.    Plaintiffs' "conclusory allegation" here that the Physician Defendants were negligent in failing to monitor the plaintiffs does not provide "sufficient notice of the claim" against the Physician Defendants. PTO-122, at 1. *Accord,* PTO-121, at *2. Plaintiffs' allegations in their petition fail to provide sufficient

---

[4]Defendants' Notice of Removal also relied on the grossly inconsistent pleading practices of the plaintiffs to support removal. Plaintiffs' First Amended Petition dismissed the plaintiffs' claims for strict liability for marketing defect and also deleted other references claiming that Defendants failed to warn of the risks associated with Rezulin. As Judge Kaplan noted in PTO-121, remand should be denied when, as here, plaintiffs' allegations against the non-diverse defendant are purely conclusory and fail to provide them with sufficient notice of the claims made against them.

notice of whether the Physician Defendants failed to monitor in accordance with concealed or known monitoring recommendations or standards, or both. In PTO-121, the Court noted that there was no indication whether the failure to warn "related to information contained in the Rezulin package inserts" or information obtained through other means. PTO-121, at *2. Similarly, in this case, we are not told *in either of their petitions*[5] whether plaintiffs' claims that the Physician Defendants failed to monitor in accordance with the monitoring recommendations set forth in the then-current package label or that they failed to monitor in some other manner based on some other information. We are also not told how the Physician Defendants allegedly failed to comply with the standard of care and how they would have recognized an alleged adverse reaction had they done so. *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21396744, at *2 (S.D.N.Y. June 17, 2003) ("PTO 156"). The arguments made by plaintiffs in their motion do not overcome the fact that plaintiffs have failed to plead facts sufficient to establish that they could establish a claim against the non-diverse physician defendants. Accordingly, there is no reasonable basis, based on plaintiffs' pleadings, to predict that plaintiffs can establish their claims against any of the Physician Defendants.

---

[5] Plaintiffs attach a copy of the Physicians' Desk Reference ("PDR") allegedly in effect at the time the plaintiffs received Rezulin from their doctors. This information is not relevant to the Court's consideration of whether removal is proper since the pleadings (and not the information submitted later) are the operative documents in determining whether removal is proper. Moreover, the plaintiffs only plead that they received Rezulin from their doctors sometime from 1997 to 2000 (the years that Rezulin was on the market). They do not plead that they received Rezulin in 1998, the year of the attached PDR reference. As such, plaintiffs' late reference to the 1998 PDR does nothing to defeat removal.

16.      Plaintiffs argue that because none of the Physician Defendants failed to file a motion to dismiss pursuant to the Medical Liability and Insurance Improvement Act, there is a possibility of recovery against the Physician Defendants. This argument confuses the plaintiffs' obligation to comply with § 4590i and the grounds supporting Defendants' removal. Here, removal is not based on the plaintiffs' failure to comply with § 4590i; it is based on the "tenor" of the plaintiffs' petition, plaintiff's failure to articulate their claims against the non-diverse defendants.

17.      Plaintiffs' purported breach of express warranty claims against the Physician Defendants fail for an additional and alternative reason: based on the allegations in plaintiffs' petition, Texas law would not recognize a breach of warranty cause of action against the Physician Defendants.[6] Texas law requires that a defendant be a "seller" of a product in order to be liable for breach of warranty. *See* TEX. REV. STAT. ANN § 2.313-14 (2003); *see also Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 171 (5th Cir. 1996) ("Even where a party has promoted a product, and made promises regarding that product, if the party is not the actual seller, a claim for breach of warranty will not lie."). Plaintiff have not nor can they allege that any of the Physician Defendants sold Rezulin to either plaintiff. *See also* Exhibit "C."

18.      Further, as noted in *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994), a plaintiff cannot attempt to re-cast medical malpractice claims against a physician under other theories–including

---

[6]Although plaintiffs claim that Defendant failed to address their breach of express warranty claim, this claim is addressed at ¶ 25 of Defendants' Notice of Removal.

breach of warranty theories–absent allegations that the physician "guaranteed" particular results and "knowingly breached his express warranty of a particular result and knowingly misrepresented his skills and the results he could achieve." Here, the plaintiffs' putative breach of warranty claims against the Physician Defendants fall far short of the *Sorokolit* standard, particularly in light of the plaintiffs' repeated allegations that the Defendants fraudulently concealed the alleged risks of Rezulin from everyone, including the physician defendants. *See also* Exhibit "C."

19.    In *Sorokolit*, the plaintiff went to the doctor for breast augmentation surgery. *Id.* at 240. The doctor instructed the plaintiff "to select a picture of a nude model from a magazine," and "promis[ed]" that "following surgery, her breasts would look just like those in the picture she selected." *Id.* After the augmentation did not result in the "guaranteed" and "warranted" results, the plaintiff sued under several theories–but not negligence. *Id.* On appeal, the Texas Supreme Court noted that, depending on the "underlying nature of the claim," "[c]laims that a physician or health care provider was negligent may not be recast as [misrepresentation and breach of warranty claims under the DTPA] to avoid the standards set forth in the Medical Liability and Insurance Improvement Act." *Id.* at 242. It then held that the plaintiff could proceed forward under her knowing misrepresentation and breach of express warranty claims based on the "underlying nature of the claim" in that case. *Id.* at 243. The "underlying nature" of plaintiffs' attempted breach of warranty claims in this case is substantively different from those in *Sorokolit*–and do

not pass muster under the *Sorokolit* standard. Here, there are no allegations that any of the Physician Defendants guaranteed or warranted "a particular result."

20.    Further, the plaintiffs' petition fails to provide or identify the dates of the alleged acts or omissions claimed as to the Physician Defendants or when plaintiffs are alleged to have used Rezulin. To the extent that the plaintiffs' claims against their doctors are barred by the applicable limitations period, the non-diverse physician defendants are fraudulently joined.

**b.    The non-diverse pharmacy has been fraudulently joined.**

21.    Plaintiffs do not allege that Watson Drug filled any prescription for Rezulin improperly, sold an adulterated or contaminated product, was not licensed to sell pharmaceuticals in Texas, sold Rezulin without a prescription, or did anything else that was inconsistent with any physician's prescriptions.

22.    Under Texas law, a pharmacist has no obligation "to warn customers of potential hazards or side effects" of prescription medications. *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 461-69 (Tex.App.–Austin 2000, pet. denied). The *Morgan* court attributed the "reluctance of courts to hold pharmacists liable for injuries caused by drugs accurately dispensed according to the terms of a valid prescription" to the application of the learned intermediary doctrine, adopted by Texas courts. *Id.* at 461-62 (citing *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex.App.–Waco 1993, writ denied). Under that doctrine, "the manufacturer of a prescription drug has a duty to adequately warn the

prescribing physician of the drug's dangers." *Morgan*, 30 S.W.3d at 462. The *Morgan* court held that "[t]he imposition of a generalized duty to warn would unnecessarily interfere with the relationship between physician and patient by compelling pharmacists seeking to escape liability to question the propriety of every prescription they fill." *Id.* at 467. The court was concerned that "a patient faced with an overwhelming number of warnings from his or her pharmacist may decide not to take a medication prescribed by a physician, who has greater access to and knowledge of the patient's complete medical history and current condition than the pharmacist." *Id.*

23.    Consistent with the principles set forth in *Morgan*, a Texas state court denied remand in a Rezulin case involving issues almost identical to those before this Court. *Ruiz v. Warner-Lambert Company et al.* C.A. No. 1:02-CV-00305 (E.D. Tex, 2002) (Schell, J.) (Attached hereto as Exhibit "F.") Similarly, a Texas district court granted a pharmacy defendant's motion for summary judgment in another Rezulin case holding that, as a matter of law, plaintiffs could not hold the pharmacy liable on "any and all causes of action–including strict product liability (failure to warn and/or defective design, marketing and manufacturing), breach of express warranty, and breach of implied warranties of merchantability and fitness for a particular purpose." *Lefler v. Bennett,* Cause No. 2000-C1-13553 (Tex. Dist. Ct., Bexar Co., Jan. 11, 2002) (slip op. at 1) (Attached hereto as Exhibit "G").

24.    To support their motion to remand, the plaintiffs rely on *Hernandez v. Pfizer, Inc., et al.*,

No. C-00-459 (S.D. Tex. Jan. 17, 2001) (Jack, J.), a case in which the court granted the plaintiff's remand

motion in a Rezulin case. This case is not controlling. Judge Jack acknowledges in her January 2001

opinion in *Hernandez* that she was issuing that opinion without the benefit of any "clear indication of

whether a Texas court would enunciate a pharmacy exception to a strict products liability claim". *See*

*Hernandez*, slip op. at 10-11. This is no longer the case. Several months after Judge Jack's decision in

Hernandez, Judge Kaplan decided *Rezulin I* applying Texas law and holding that the learned intermediary

doctrine barred strict product liability claims against a pharmacy. Moreover, Judge Jack's ruling came

almost one year before a Texas court's December 2001 summary judgment ruling in *Lefler* holding that

a pharmacy cannot be held liable under Texas law for causes of action for strict product liability, breach

of express and implied warranty, and DTPA claims in another Rezulin matter. *See supra*. Significantly,

the *Hernandez* opinion, like the plaintiffs in this case, does not reference a single Texas case holding that

a pharmacy *can* be held liable under the circumstances alleged here. The *Ruiz* court, on the other hand,

had the benefit of *Lefler* and *Rezulin I* and concluded that a claim, such as the one brought by plaintiffs

against Watson City Drugs in this case, would not stand.[7]

---

[7]Applying Texas law, Judge Kaplan also has denied remand in Rezulin actions, from Texas and elsewhere, where a pharmacy is named as a defendant, holding that "[t]he rationale of [the] learned intermediary doctrine applies four-square to the question whether pharmacies have a duty to warn of the intrinsic dangers of prescription drugs." *Rezulin I*, 133 F.Supp.2d at 288. Citing and discussing *Morgan*, Judge Kaplan explained that if such a duty were imposed on a pharmacist [a] risk averse pharmacist would have every incentive to dispense cautions that may be uninformed,

25.   *Morgan, Ruiz, Lefler,* and *Rezulin I* each applied Texas law and followed the uniform national standard that a pharmacist has no duty to warn "when the prescription is proper on its face and neither the physician nor the manufacturer has required that the pharmacist give the customer any warning." *Morgan,* 30 S.W.3d at 461-466 (citing cases). Indeed, courts across the nation have repeatedly followed the rule articulated here that a pharmacy has no duty to warn when a prescription is proper on its face.[8]

26.   Rezulin was prescribed to treat type 2 diabetes, which is a serious and incurable disease that can cause, among other things, loss of life, limb, and eyesight. The treatment of diabetes requires medical judgment concerning the risks and benefits of diabetes medications, such as Rezulin, in light of the particular patient's medical condition. Pharmacists are not in a position to make such a medical judgment. In particular, pharmacists do not have information concerning their customers' medical history, results of

---

inapplicable to or misunderstood by the patient. Such cautions would be at least as likely to undermine the physician's judgment as manufacturer warnings." *Id.* at 288-89. Accordingly, Judge Kaplan held that there was "no reasonable possibility" that the state courts would recognize a cause of action against pharmacists for failure to warn about side effects allegedly associated with prescription drugs. *Id.* at 290.

[8]*See, e.g., Ramirez v. Richardson-Merrell, Inc.,* 628 F.Supp. 85, 86-87 (E.D.Pa. 1986); *Murphy v. E.R. Squibb & Sons, Inc.,* 710 P.2d 247, 253 (Cal. 1985); *Carafeno v. Gorden,* 1993 WL 170215, at *1 (Conn.Super.Ct. 1993); *McLeod v. W.S. Merrell Co.,* 174 So.2d 736, 739 (Fla. 1965); *Pysz v Henry's Drug Store,* 457 So.2d 561, 562 (Fla.Dist.Ct.App. 1984); *Presto v. Sandoz Pharms. Corp.,* 487 S.E.2d 70, 74-75 (Ga.Ct.App. 1997); *Leesley v. West,* 518 N.E.2d 758, 761-62 (Ill.App.Ct. 1988); *Peters v. Judd Drugs, Inc.,* 602 N.E.2d 162, 165 (Ind.App. 1992); *Ingram v. Hook's Drugs, Inc.,* 476 N.E.2d 881, 885-86 (Ind.Ct.App. 1985); *Nichols v. Central Merch., Inc.,* 817 P.2d 1131, 1133 (Kan.Ct.App. 1991); *Guillory v. Dr. X,* 679 So. 2d 1004 (La.App. 3 Cir. 1996); *Stebbins v. Concord Wrigley Drugs, Inc.,* 416 N.W.2d 381, 387-88 (Mich.Ct.App. 1987); *In re New York County Diet Drug Litigation,* 262 A.D.2d 132-33 (N.Y.App. 1999); *Bichler v. Willing,* 58 A.D.2d 331, 333-35, 397 N.Y.S.2d 57, 59-60 (N.Y.App. 1977); *Batiste v. American Home Prods. Corp.,* 231 S.E.2d 269, 275 (N.C.App. 1977); *Coyle v. Richardson-Merrell, Inc.,* 584 A.2d 1383, 1387 (Pa. 1991); *Makripodis v. Merrell-Dow Pharms., Inc.,* 523 A.2d 374, 378-79 (Pa.Super.Ct. 1987); *McKee v. American Home Prods. Corp.,* 782 P.2d 1045, 1055-56 (Wash. 1989).

---

physical examinations (including blood and liver tests), current symptoms, or other medical factors necessary to make a judgment concerning the risks and benefits associates with Rezulin for any particular customer.

27.     In addition, pharmacists do not have a physician's medical education, training, and knowledge needed to evaluate the risks and benefits of Rezulin as disclosed in the medical and scientific literature, the FDA-approved label and package insert, and through experience with its use in patients. As a result, a pharmacist is in no position to second-guess the medical judgment of a physician in prescribing Rezulin, or any prescription medication, by telling the patient anything that might inhibit them from taking the prescribed medication–which could have serious consequences for the patient.[9] Indeed, if pharmacists were encouraged to substitute their judgment for a physician's medical judgment, those who suffer from the incurable disease of type 2 diabetes might well be endangered by not taking their prescribed

---

[9]Pharmacists have certain responsibilities in filling prescriptions which do not intrude on physicians' medical judgment. Cases establishing such responsibilities are not pertinent to this case, and are consistent with the uniform rule that pharmacies are not liable for failure to warn about alleged side effects associated with medications prescribed by physicians. *Morgan*, 30 S.W.3d at 465-66; *Rezulin I*, 133 F.Supp.2d at 289 & n.55. There are no allegations here that the pharmacy improperly filled any prescription for Rezulin, or that the plaintiffs were given a dosage exceeded than prescribed by their physicians.

medication.[10] For these reasons, there is no reasonable basis to predict that plaintiffs can recover against Watson City Drug and, thus, the pharmacy is fraudulently joined.

28.     Plaintiffs' Motion notes that Defendants' Notice of Removal incorrectly indicates that Ms. Quiroga was misjoined. In fact, Defendant intended to state (as the facts they detailed establish) that Watson Drug was mis-joined as to Mr. Garcia, the only plaintiff who does not allege that he filled his prescription for Rezulin at Watson Drug.

## CONCLUSION

Plaintiffs' Motion for Remand to State Court should be deferred so the MDL Court can decide these issues with other Rezulin cases. If the Court chooses to rule, the motion to remand should be denied

---

[10]Like Rezulin, all diabetes medications (and many other drugs) have risks as well as benefits. Since Rezulin was removed from the market in March 2000, many diabetics have switched to one of two newer drugs that have replaced Rezulin, Actos (made by Eli Lilly & Co.) and Avandia (made by GlaxoSmithKline). The labels of those prescription drugs disclose possible adverse reactions and state that all patients who take them should undergo periodic monitoring of their liver enzymes. If pharmacists were potentially liable for failing to warn about side effects associated with prescription drugs, they might also be deterred from dispensing prescription medications that have known side effects, such as diabetes medications, despite physicians prescribing them.

---

Respectfully submitted,

By: Jack E. Urquhart
Texas Bar No. 20415600
Federal ID No. 2082

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS PFIZER INC., and
WARNER-LAMBERT COMPANY LLC**

OF COUNSEL:
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, TX  77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

David C. Garza
Texas Bar No. 07731400
Federal I.D. No. 3778
GARZA & GARZA, L.L.P.
680 East St. Charles, Suite 300
Brownsville, TX 78522
Telephone:  (956) 541-4914
Facsimile:  (956) 542-7403

Kirk T. Florence
CROUCH & INABNETT, L.L.P.
1445 Ross Avenue, Suite 2300
Dallas, TX 75202

Gail M. Brownfeld

456099.1

EXHIBIT A

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 5 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARIA ELENA AVILA | § | |
| | § | |
| VS. | § | CIVIL NO. B-02-217 |
| | § | |
| PFIZER, INC., and WARNER-LAMBERT | § | JURY DEMANDED |
| COMPANY, now known as PFIZER, INC. | § | |

**CONDITIONAL ORDER GRANTING MOTION TO STAY ALL
PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTI-DISTRICT
LITIGATION AND REQUEST FOR EXPEDITED RULING**

On this day, came on to be considered the Motion to Stay All Pretrial Proceedings Pending

Decision Transfer to Multi-District Litigation and Request for Expedited Ruling filed by Pfizer Inc.

and Warner-Lambert. The Court is of the opinion that said motion is meritorious. It is therefore,

ORDERED that:

1.  the Motion to Stay All Pending Proceedings Pending Transfer to Multi-District

    Litigation and Request for Expedited Ruling is GRANTED; and

2.  the Court's Order of November 15, 2002 setting a scheduling conference for March

    14, 2003, and concerning other pretrial matters, including but not limited to

    compliance with the requirement to file initial disclosures pursuant to Rule 26 of the

    Federal Rules of Civil Procedure and/or to attend any pretrial proceedings required

    by the Local Rules Court, is vacated until further order of the Court.

3.  the parties are instructed to report back to this Court on the status of the motion to

    remand on September 24, 2003, if the motion is still pending. If the motion is ruled

    upon by the MDL Court before that date, the parties are instructed to file a copy of

that ruling with this Court within ten (10) days of the ruling with a courtesy copy to

the judge's chambers.

SIGNED and ENTERED this 24th day of March, 2003.

Honorable Andrew S. Hanen
United States District Judge

EXHIBIT B

# KAYE SCHOLER LLP

Alan E. Rothman
212 836-8860
Fax 212 836-6660
arothman@kayescholer.com
425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

July 8, 2003

Mr. Michael Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Room g-255, N. Lobby
Washington, DC 20002-8004

Re: In re Rezulin Products Liability Litigation
Multidistrict Litigation-1348 - Tag Along Notice

Dear Mr. Beck:

In compliance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendant Warner-Lambert Company LLC ("Warner-Lambert") notifies the Clerk of the Panel of the additional potential tag-along actions identified in the attached chart, and requests that tag-along procedures be utilized in transferring these actions to the Southern District of New York.

Copies of the complaints in these actions and copies of Warner-Lambert's Notices of Removal (without exhibits) are attached for your convenience. Please contact me if you have any questions or require any additional information. Thank you for your assistance.

Respectfully submitted,

Alan E. Rothman

Enclosures
cc:    Attached Service List (w/o enclosures)

Ex B

30686264.WPD

NEW YORK  CHICAGO  LOS ANGELES  WASHINGTON, D.C.  WEST PALM BEACH  FRANKFURT  HONG KONG  LONDON  SHANGHAI

## TAG ALONG NOTICE

| Case Caption | Case No. | Court | Plaintiff(s) Counsel |
|---|---|---|---|
| JUANITA BLANCO, et al. v. PFIZER INC., et al. | B-03-119 | United States District Court, Southern District of Texas, Brownsville Division | Michael T. Gallagher, Esq. GALLAGHER, LEWIS, DOWNEY & KIM 700 Louisiana St., 40th Fl. Houston, TX 77002<br><br>David Casso, Esq. FLORES, CASSO & PETTITT, L.L.P. 321 South 12th St. P.O. Box 2128 McAllen, TX 78505-2128 |
| MANUEL MARQUEZ v. PFIZER INC., et al. | C-03-238 | United States District Court, Southern District of Texas, Corpus Christi Division | Michael T. Gallagher, Esq. GALLAGHER, LEWIS, DOWNEY & KIM 700 Louisiana St., 40th Fl. Houston, TX 77002<br><br>David Casso, Esq. FLORES, CASSO & PETTITT, L.L.P. 321 South 12th St. P.O. Box 2128 McAllen, TX 78505-2128 |

Doc #30666265.WPD

## SERVICE LIST

Michael T. Gallagher, Esq.
GALLAGHER, LEWIS, DOWNEY & KIM
700 Louisiana St., 40th Fl.
Houston, TX 77002

David Casso, Esq.
FLORES, CASSO & PETTITT, L.L.P.
321 South 12th St.
P.O. Box 2128
McAllen, TX 78505-2128

Philips M. Remington, Esq.
STINNETT THIEBAUD & REMINGTON L.L.P.
4800 Fountain Pl.
1445 Ross Ave.
Dallas, TX 75202

Russell G. Thornton, Esq.
STINNETT THIEBAUD & REMINGTON L.L.P.
4800 Fountain Pl.
1445 Ross Ave.
Dallas, TX 75202

Michael A. Yanof, Esq.
STINNETT THIEBAUD & REMINGTON L.L.P.
4800 Fountain Pl.
1445 Ross Ave.
Dallas, TX 75202

Ann P. Watson, Esq.
SHEEHY, SERPE & WARE, P.C.
2500 Two Houston Ctr.
909 Fannin
Houston, TX 77010

Jack E. Urquhart, Esq.
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Ste. 2400
Houston, TX 77056

Gail M. Brownfeld, Esq.
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Ste. 2400
Houston, TX 77056

David C. Garza, Esq.
GARZA & GARZA, L.L.P.
680 E. St. Charles, Ste. 300
Brownsville, TX 78522

Doc #30445243.WPD

2

JUL 08 2003 17:31 FR KP~ SCHULER LLP 1758212 836 7184 TO 1713960152?4754 P.05

Michael N. Milby, Clerk
105 Fed. Bldg.
500 E. Tenth St.
Brownsville, TX 78520

Michael N. Milby, Clerk
101 Fed. Bldg.
521 Starr St.
Corpus Christi, TX 78401-2349

Doc #30088846.WPD

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
In re:                                       :    MASTER FILE
                                             :
REZULIN PRODUCTS LIABILITY LITIGATION        :
(MDL No. 1348)                               :    00 Civ. 2843(LAK)(THK)
                                             :
This Document Relates to:                    :
02 Civ. 6820, 02 Civ. 6821,                  :
02 Civ. 6823, 02 Civ. 6824,                  :
02 Civ. 6826                                  :
                                             :    REPORT AND
                                             :    RECOMMENDATION
-------------------------------------------X
FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.
TO: HON. LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE.

    The plaintiffs in these five actions, <u>Ramirez v. Warner-Lambert</u>, 02 Civ. 6820 ("Ramirez"), <u>Mendez v. Warner-Lambert</u>, 02 Civ. 6821 ("Mendez"), <u>Benson v. Warner-Lambert</u>, 02 Civ. 6823 ("Benson"), <u>Essie Brown v. Warner-Lambert</u>, 02 Civ. 6824 ("Essie Brown"), and <u>Salazar v. Warner-Lambert</u>, 02 Civ. 6826 ("Salazar"), brought suit in the Texas state courts against the manufacturers of the prescription medication Rezulin — Warner Lambert Company, Parke-Davis, a division of Warner-Lambert Company, and Pfizer, Inc. (collectively, the "manufacturer-defendants") — as well as various Texas physicians (the physician-defendants), for injuries allegedly caused by Rezulin.  The cases were removed to federal court by the manufacturer-defendants on the basis of diversity of citizenship, and, as were hundreds of other cases, were transferred to this Court for pretrial proceedings by the Judicial Panel on Multidistrict Litigation.  Plaintiffs, all citizens of Texas, have

1

COPIES MAILED
TO COUNSEL OF RECORD ON  4/4/03



moved to remand the cases on the ground that the presence of the non-diverse physician-defendants destroys the complete diversity necessary for this Court's subject matter jurisdiction.  In one of the instant actions, Essie Brown, plaintiffs also contend that remand is proper because not all of the defendants consented to removal.  Defendants respond that the non-diverse physician-defendants were fraudulently joined, and thus their presence is immaterial to diversity.  Defendants also argue, in the alternative, that plaintiffs' claims against the physician-defendants were misjoined with the claims against the manufacturer-defendants, and further, that the plaintiffs who do not allege a connection with the physician-defendants have been improperly joined.

The instant motions were referred to this Court for Reports and Recommendations, in accordance with 28 U.S.C. § 636.(b)(1)(B) and (C).

I. Fraudulent Joinder Standard

Plaintiffs, relying on Fifth Circuit law, argue that the standard for fraudulent joinder is whether "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." See Pls.' Mem. at 3 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995)); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).  However, the Court

2

(Kaplan, J.) has previously addressed this issue in related motions to remand in this MDL action. _See_ _In re Rezulin Prods. Liab. Litig._, 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001)(hereinafter "_Rezulin I_"). The Court held,

> [i]n a case in which the defendants contend that joinder is 'fraudulent' because the claim against a nondiverse defendant is insufficiently insubstantial as a matter of law, the Court must consider the state law upon which the claim rests and then determine only whether there is a reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it.

_Id.;_ _see also_ Pretrial Order No. 121 (Dec. 18, 2002).

Thus, the "reasonable possibility" standard governs all remand motions in this action.

## II. The Physician-Defendants

Plaintiffs in four of these cases, <u>Mendez</u>, <u>Benson</u>, <u>Ramirez</u>, and <u>Salazar</u>, assert claims of negligence against the non-diverse physician-defendants. In the fifth action, <u>Essie Brown</u>, plaintiffs assert a breach of warranty claim against the non-diverse physician-defendant.

### A. Negligence

Plaintiffs allege that the physician-defendants were negligent because they failed to warn the plaintiffs of risks associated with Rezulin, failed to test and monitor plaintiffs' liver functions, and continued to prescribe Rezulin to plaintiffs. _See_ <u>Benson</u> Compl. ¶ IV.7; <u>Mendez</u> Compl. ¶ IV.7; <u>Ramirez</u> Compl. ¶ IV.7; <u>Salazar</u> Compl. ¶ IV.7.

3

The first theory of negligence, that the physician-defendants failed to warn plaintiffs of the risks linked to Rezulin, is described in only the most conclusory terms. Similar pleadings have been addressed in previous remand motions in this MDL action. The Court (Kaplan, J.) has held that failure to warn claims against physician-defendants have no reasonable possibility of success in state courts where "they do not provide the physician defendants sufficient notice of the claims against them." Pretrial Order No. 121 (Dec. 18, 2002); see also Pretrial Order No. 122 (Jan. 6, 2003). As the Court held in a similar, related action, "the main tenor of plaintiffs' complaints is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others . . . an entirely conclusory allegation that the physicians failed to warn is insufficient." Id. For example, "[t]he pleadings shed no light on such matters as whether the defendant physicians allegedly failed to warn of concealed risks, known risks, or both, and how and when the physicians came to be aware of such risks." Id.

Because the Complaints in these actions assert conclusory allegations of failure to warn which are virtually identical to those found to be inadequate in other cases, there is no reasonable possibility of success on plaintiffs' failure to warn claims.

Plaintiffs' second theory of negligence, that the physicians failed to monitor and test plaintiffs' liver functions, fares no

4

better.   It too is conclusory and inadequate as a matter of law.
The Complaints allege that the manufacturer-defendants failed to
warn of the need for liver function testing.  See Benson Compl. ¶
X.1(c); Mendez Compl. ¶ X.1(c); Ramirez Compl. ¶ X.1(c); Salazar
Compl. ¶ X.1(c).  As the Court found in a similar case in this MDL
action,  "in light of plaintiffs' other allegations that the
defendants failed to timely warn of the need for liver function and
other body system monitoring, plaintiffs' conclusory allegation
[that the physician-defendant negligently failed to test and monitor
plaintiffs' liver functions] is insufficient."  Pretrial Order No.
122 (Jan. 6, 2003).  For example, "[p]laintiff has failed to allege
any basis for supposing that his physician should have conducted
liver testing or even what information concerning the need for
testing was available to medical professionals at the relevant
time."  Id.

Plaintiffs' final contention, that the physician-defendants
were negligent because they continued to prescribe Rezulin to
plaintiffs when they "knew or should have known that Plaintiff[s]
[were] unable to tolerate the medication," is also conclusory.  As
the Court has held, such a claim "fails because it does not state
on what basis the physician should have known the patient was unable
to tolerate Rezulin."  See Pretrial Order No. 122 (Jan. 6, 2003).[1]

_____

[1]The Court need not consider the exhibits attached to
plaintiffs' motions to remand, as more detailed evidence of the
physicians' negligence.  See Pls.' Mot. Exs. B-G.  As the Court

Accordingly, there is no reasonable possibility, based on the pleadings, that plaintiffs in Benson, Mendez, Ramirez, and Salazar will succeed on their negligence claims against the nondiverse physician-defendants.[2]

B. Breach of Warranty

In Essie Brown, plaintiffs argue that the physician-defendants both expressly and impliedly warranted the safety of Rezulin. See Essie Brown Compl. ¶¶ 53, 57.

Texas law requires that a defendant be a "seller" of a product in order to be liable for breach of warranty. See Tex. Rev. St. Ann § 2.313-14 (2002); see also Allcood v. R.J. Reynolds Tobacco Co., 80 F.3d 168, 171 (5th Cir. 1996)(applying Texas law)("Even where a party has promoted a product, and made promises regarding that product, if the party is not the actual seller, a claim for breach of warranty will not lie."). The Complaint contains no allegations that the physician-defendants sold Rezulin, nor does there appear

---

has previously noted, the determination of whether joinder is fraudulent is based only on the pleadings. See Rezulin I, 133 F. Supp. 2d at 284 ("Federal courts across the nation have relied upon that standard to deny remand based on inadequate pleadings.")(citing cases); see also Pretrial Order No. 122, n.4.

[2] Defendants argue in the alternative that the claims against the physician-defendants have been misjoined with the claims against the manufacturer-defendants, because the negligence claims result from a different subsequent act than the manufacture and distribution of Rezulin, i.e., the physicians' treatment of plaintiffs' diabetes. See Defs.' Mem. at 24-26. Because the Court finds that the physician-defendants have been fraudulently joined, there is no reason to address Defendants' alternative argument.

to be any basis for making such an assertion.

Plaintiffs rely on the case of Sorokolit v. Rhodes, 889 S.W.2d 239, 240-242 (Tex. 1994), in support of their contention that in Texas a doctor can be sued for breach of warranty. However, in Sorokolit, the warranty that was alleged to have been breached was a physician's guarantee that he would achieve a particular result in his surgery. In the instant case, plaintiffs do not allege that the physician-defendants expressly warranted particular results or misrepresented their ability to treat plaintiffs. Rather, plaintiffs allegations of breach of warranty are limited to warranties of the safety and effectiveness of Rezulin.

Because the physicians were not sellers of Rezulin, there is no reasonable possibility that plaintiffs would be successful against the non-diverse physician-defendants on their breach of warranty claim.[3]

III. Consent to Remove

Finally, plaintiffs in Essie Brown argue that defendants' Notice of Removal is procedurally defective because the physician-defendants did not consent to removal.

As the Court held in Rezulin I, "[w]hile the consent of all

_____

[3]The defendants also correctly argue that three plaintiffs in Essie Brown were misjoined. See Defs.' Mem. at 23. Two plaintiffs, Arthur Brown and William McGee, allege no connection with any of the physician-defendants. Another plaintiff, Michael Reedy, dismissed his claims against his physician with prejudice, before the case was removed. See Defs.' Opp. Ex. 18.

7

defendants ordinarily is required to effect removal, 'the failure of an improperly joined party to participate in the petition will not defeat removal.'  Consent thus was not required from those defendants that Warner-Lambert has shown to have been joined improperly." 133 F. Supp. 2d at 295 (quoting _Avon Products, Inc. v. A/J Partnership_, No 89 Civ. 3743 (PNL), 1990 WL 422416, at *2 (S.D.N.Y. Mar. 1, 1990).

Accordingly, the manufacturer-defendants' failure to obtain consent for removal from the fraudulently joined physician-defendants is not a basis to remand these actions to the Texas state courts.

## CONCLUSION

Because there is no reasonable possibility that plaintiffs' claims against the non-diverse physician-defendants would be successful, they were joined improperly.  The Court's diversity jurisdiction is therefore sound.  Accordingly, this Court respectfully recommends that plaintiffs' motions to remand be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections. _See also_ Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, U.S.D.J., and to the chambers of

8

the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Kaplan.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 149-52, 106 S. Ct. 466 (1985) (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S.Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S.Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

Theodore H. Katz
United States Magistrate Judge

Dated: April 11, 2003
       New York, New York

9

Copies mailed to:

David P. Matthews, Esq.
Abraham, Watkins, Nichols, Sorrels, Matthews & Friend
800 Commerce Street
Houston, Texas 77002-1776

Brett Slobin, Esq.
Littlepage & Associates, P.C.
408 Westheimer Street
Houston, Texas 77006

David Klingsberg, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, New York 10022

Elizabeth J. Cabraser, Esq.
Liess, Cabraser, Heimann, et. al.
780 Third Avenue, 48th Floor
New York, New York 10017

** TOTAL PAG

EXHIBIT D

2002-03233



CAUSE NO. _____

| | | |
|---|---|---|
| MITCHELL MACKAY MARTIN, SR.<br>Plaintiff | § | IN THE DISTRICT COURT OF |
| | § | |
| **vs.** | § | |
| | § | |
| WARNER LAMBERT COMPANY;<br>PARKE-DAVIS, a Division of WARNER<br>LAMBERT COMPANY;<br>PARKE-DAVIS PHARMACEUTICAL<br>RESEARCH, a Division of WARNER<br>LAMBERT COMPANY;<br>PARKE-DAVIS PHARMACEUTICALS<br>LIMITED, a Subsidiary of WARNER<br>LAMBERT COMPANY;<br>SANKYO U.S.A. CORPORATION;<br>SANKYO PHARMACEUTICAL INC.;<br>SANKYO PARKE DAVIS, a Joint Venture;<br>PFIZER, INC., Successor in Interest to<br>WARNER LAMBERT COMPANY;<br>PARKE-DAVIS, a Division of WARNER<br>LAMBERT COMPANY; PARKE-DAVIS<br>PHARMACEUTICAL RESEARCH, a Division<br>of WARNER LAMBERT COMPANY;<br>PARKE-DAVIS PHARMACEUTICALS<br>LIMITED, a Subsidiary of WARNER<br>LAMBERT COMPANY; and SANKYO<br>PARKE DAVIS, a Joint Venture;<br>and GARTH CHAS DENYER, M.D.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS<br>With Jury Demand Request<br><br><br>_26 9_ JUDICIAL DISTRICT |



### PLAINTIFF'S ORIGINAL PETITION

Comes now Plaintiff MITCHELL MACKAY MARTIN, SR., in the above styled action and

shows unto this Court the following:

### I.  RULE 190.1 STATEMENT

The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars, and

discovery should initially be conducted under level 2.  Notice is given that the circumstances of this

litigation will require discovery exceeding that permitted in Level 2, and Plaintiff will move for an Order that this is a Level 3 case and permitting discovery, including the number and hours of depositions as well as written discovery, greater than that permitted at Level 2.

## II. PARTIES

1.     Plaintiff MITCHELL MACKAY MARTIN, SR. who resides at 306 Hickory Ridge, Spring, Harris County, Texas 77381.

2.     Defendant WARNER-LAMBERT COMPANY is a Delaware Corporation, having its principal executive offices at 201 Tabor Road, Morris Plains New Jersey 07950, which is registered to do business in the State of Texas. Defendant WARNER-LAMBERT COMPANY may be served with process herein by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. Alternatively, Defendant WARNER-LAMBERT COMPANY may be served with process herein by serving its chairman or CEO at 201 Tabor Road, Morris Plains NJ 07950.

3.     Defendant PARKE-DAVIS is a Division of WARNER-LAMBERT COMPANY, having its principal offices at 201 Tabor Road, Morris Plains New Jersey 07950. Defendant Parke-Davis may be served with process herein by serving the registered agent for Warner-Lambert Company, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4.     PARKE-DAVIS PHARMACEUTICAL RESEARCH is a Division of WARNER-LAMBERT COMPANY, having its principal offices at 201 Tabor Road, Morris Plains New Jersey 07950. Defendant Parke-Davis may be served with process herein by serving the registered agent for Warner-Lambert Company, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

5.     Defendant PARKE-DAVIS PHARMACEUTICALS LIMITED is a subsidiary of WARNER-LAMBERT COMPANY, having its principal offices at Vega Baja, Puerto Rico where

it may be served with process herein by serving its President and General Manager, Robert J. Janosky, or any succeeding president or vice president of the company at Carretera 689, P.O. Box 4119, Vega Baja, PR 00694-4119.

6.      Defendant SANKYO U.S.A. CORPORATION is a New York Corporation, having its principal offices at 780 Third Avenue, 47th Floor, New York, New York 10017-2024. Defendant Sankyo U.S.A. Corporation may be served with process herein by serving James Bergin of Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104.   Alternatively, the Defendant may be served with process herein by serving its chairman or CEO, Kanichi Namamura, at 780 Third Avenue, 47th Floor, New York, New York 10104.

7.      Defendant SANKYO PHARMA INC. is a Delaware corporation, having its principal executive offices at 780 Third Avenue, 47th Floor, New York, New York 10017, which is registered to do business in the State of Texas.   Defendant Sankyo Pharma Inc. may be served with process herein by serving James Bergin of Morrison & Foerster, 1290 Avenue of the Americas, New York, New York 10104.  Alternatively, the Defendant may be served with process herein pursuant to long arm statutes by serving its chairman or CEO, Takashi Chiba or his successor, at 780 3rd Avenue, 47th Floor, New York, New York 10017.   SANKYO PHARMA, INC. represents itself to be a wholly owned subsidiary of SANKYO CO., LTD., of Japan, which is one of the largest pharmaceutical companies in Japan and the originator of Rezulin.  SANKYO PHARMA, INC. represents itself to own a 50% stake in the joint venture SANKYO PARKE DAVIS, with Warner-Lambert.

8.      Defendant PFIZER, INC. is a Delaware corporation, having its principal executive offices at 235 E. 42nd Street, New York, New York 10017-5755, which is registered to do business in the State of Texas. The Defendant PFIZER, INC. may be served with process herein by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Dallas, Texas 75201.   In

February, 2000, Pfizer Inc. and Warner-Lambert agreed to a $90 Billion merger, under the terms of which agreement Pfizer exchanged 2.75 shares of its common stock for each share of Warner-Lambert common stock. The Federal Trade Commission granted final clearance for the Pfizer / Warner-Lambert Merger on June 19, 2000 and the transaction was completed by Pfizer, Inc. that same date, whereby Pfizer Inc. acquired Warner-Lambert. PFIZER, Inc. is the successor in interest to all of the Warner-Lambert / Parke Davis defendants named above, and is sued herein as the Successor In Interest to (a) Warner-Lambert Company, (b) Parke-Davis, a Division of Warner Lambert Company; (c) Parke-Davis Pharmaceutical Research, a Division of Warner-Lambert Company; (d) Parke-Davis Pharmaceuticals Limited, a subsidiary of Warner-Lambert Company; and (e) as Successor In Interest to Warner-Lambert Company and Parke-Davis, a division of Warner-Lambert Company, as joint venturer in the Sankyo Parke Davis joint venture.

9.    Defendant SANKYO PARKE DAVIS represents itself to be "a joint venture between Sankyo, the second largest pharmaceutical company in Japan, and Parke-Davis, a division of Warner-Lambert Company." SANKYO PARKE DAVIS maintains its principal offices at 2 Hilton Court, Parsippany, New Jersey 07054 (offices which appear to be common to those of Sankyo Pharma Inc.). The Joint Venture SANKYO PARKE DAVIS is to be served with process herein by serving the following joint venturers:

i       Sankyo Pharma Inc., as set forth above;
ii      Warner Lambert Company, as set forth above;
iii     Parke-Davis, a division of Warner Lambert Company, as set forth above; and/or
iv     Pfizer, Inc., Successor in Interest to Warner Lambert Company and Parke-Davis, a division of Warner Lambert Company, as set forth in 6(b) above.

10.    Defendant GARTH CHAS DENYER, M.D. is a licensed physician, practicing in the State of Texas, and may be served with process herein by serving him at 25410 I-45 North, Ste. 100, Spring, Harris County, Texas 77386.

### III.  JURISDICTION AND VENUE

1.    The Court has jurisdiction over each Defendant because each Defendant is doing business in Texas, has committed a tort in whole or in part in Texas, and/or has continuing minimal contacts with the State of Texas. Each Defendant is amenable to service of process by a Texas court. This Court has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits.

2.    Venue is proper in Harris County, Texas.  Specifically, venue is proper in Harris County, Texas because a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.  Plaintiff was prescribed Rezulin, purchased Rezulin, and subsequently used the prescription drug in Harris County, Texas.  In addition, pursuant to C.P.R.C. §15.005, to the extent venue it is proper as to one of the Defendants, venue is proper as to all Defendants because of all the Plaintiff's claims against the Defendants arise out of the same common nucleus of fact, occurrence or series of transactions or occurrences.

### IV.  FACTS AND LIABILITY OF DEFENDANTS

1.    On or about January 16, 2000,  Plaintiff MITCHELL MACKAY MARTIN, SR. began to use Rezulin, under the medical supervision of Defendant GARTH CHAS DENYER, M.D. Plaintiff continued to use Rezulin until or about October 2000.  Subsequently, and as a result of Plaintiff's consumption of Rezulin, Plaintiff developed liver problems.  Plaintiff continues to suffer from liver problems and requires continued medical care.

2.    At all times material hereto, the Pharmaceutical Defendants, jointly and severally, were in the business of researching, developing, promoting, securing the approval of, manufacturing,

marketing, selling and distributing the pharmaceutical drug Rezulin (Troglitazone), and sold and distributed Rezulin in the State of Texas to consumers, including the Plaintiff.

3.    Plaintiff brings this suit against Defendants as a result of personal injuries and other damages sustained by him after taking Rezulin, all as more fully described herein.

4.    Defendants designed, manufactured, assembled or sold the drug Rezulin. Rezulin was sold in a defective condition, unreasonably dangerous to the users thereof. In addition, Defendants failed to provide adequate warnings of danger and instruction for safe use of the drug. As a direct and producing cause of the foregoing, Plaintiff suffered personal injury. Defendants are therefore strictly liable in tort under RESTATEMENT (SECOND) OF TORTS § 402A.

5.    Plaintiff further alleges that the Pharmaceutical Defendants are liable under breach of warranty theory and for their negligence.

6.    With respect to the Pharmaceutical Defendants, Plaintiff alleges that:

a) Rezulin causes serious and sometimes fatal injury to the liver, heart, blood system and other organ systems and metabolic body functions. The adverse effects have included elevated liver enzymes, liver failure, edema, weight gain, congestive heart failure and death.

b) Rezulin (Troglitazone) was an unreasonably dangerous drug at the times that it (i) was developed, (ii) underwent animal studies, (iii) was tested in human clinical studies, (iv) was promoted to the FDA for fast track approval, (v) was approved by the FDA, (vi) was marketed to Plaintiff and millions others like her, and (vii) was withdrawn from the market at the demand of the FDA on or about March 20, 2000.

c) The Pharmaceutical Defendants knew, or should have known, that Rezulin was unreasonably dangerous from the first evidence of serious toxicity during both animal and human trials, and thereafter, until its withdrawal at the demand of the FDA.

d) The Pharmaceutical Defendants engaged in fraudulent and bad faith activities in promoting the drug Rezulin in every aspect of its development, approval and marketing.

e) The Pharmaceutical Defendants knew of the dangerous toxicity associated with Troglitazone and intentionally modified and manipulated critical data to disguise Troglitazone's dangerous properties in order to induce its approval by the FDA, thereby committing fraud on a governmental agency.

Administration.

b) The Pharmaceutical Defendants were grossly negligent and reckless, acted in bad faith, and were motivated by profit and self-serving motives in their research, development, promotion, manufacturing, marketing, selling and distribution of the pharmaceutical drug Rezulin (Troglitazone)

c) The Pharmaceutical Defendants were grossly negligent in failing to timely and adequately warn consumers of the known adverse effects of Rezulin, the need for liver function and other body system monitoring.

d) The Pharmaceutical defendants were grossly negligent in introducing Rezulin to the United States market, and then failing and refusing to adequately label and/or withdraw Rezulin as the reports of serious adverse events and deaths mounted.

2.    All of Plaintiff's injuries and damages were proximately caused by the acts and omissions of the Defendants as set forth above. Defendants are jointly and severally liable for the injuries and damages sued for herein, said acts and omissions being the proximate cause of Plaintiff's injuries and damages.

## XI. DAMAGES

1.    As a direct and proximate result of the foregoing acts and omissions made the basis of this lawsuit, Plaintiff has incurred the following damages:

(a)    Reasonable medical and hospital expenses for diagnosis and treatment, both in the past and in reasonable probability into the future;

(b)    Lost earnings and earning capacity, both in the past and in reasonable probability into the future;

(c)    Physical pain and suffering, both in the past and in reasonable probability into the future;

(d)    Mental pain anguish and anxiety, both in the past and in reasonable probability into the future; and

(e)    Physical impairment and disfigurement.

## XII.  EXEMPLARY DAMAGES

1.      Finally, Plaintiff also sues for exemplary damages.  The conduct of the pharmaceutical Defendants was so callous and calculated, and was in such wanton disregard of the rights and welfare of Plaintiff and others like her, as well as the family of Plaintiff and others like him, that the assessment of punitive or exemplary damages is appropriate.

## CONCLUSION

WHEREFORE, Plaintiff prays that summons issue requiring each Defendant to appear as provided by law to answer fully and completely each and every allegation in this instant Complaint and that after proper jury trial the Court enter judgment in favor of Plaintiff for actual damages as set forth above, punitive damages, costs of Court, pre-judgment and post-judgment interest at the legal rate and such other and further relief to which he may be justly entitled.

This the ____ day of _____, 2002.

Respectfully submitted,

ABRAHAM, WATKINS, NICHOLS,
SORRELS, MATTHEWS & FRIEND

DAVID P. MATTHEWS
SBN:  13206200
800 Commerce Street
Houston, Texas 77002
Tel. 713-222-7211
Fax  713-225-0827

**ATTORNEYS FOR PLAINTIFF**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
SOUTHERN DIVISION

EDNA D. WHATLEY                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:03cv162GR

NASTECH PHARMACEUTICAL CO., INC.;
BRISTOL-MYERS SQUIBB COMPANY;
APOTHECON, INC.; CEPHALON, INC.;
GREG A. REDMAN, M. D. GULF COAST
SAV-REX PHARMACY; and JOHN DOES 1-10          DEFENDANTS

<u>MEMORANDUM OPINION and ORDER</u>

This cause is before the Court on the motion to remand [9-1] filed by plaintiff Edna

Whatley pursuant to 28 U.S.C. § 1447. After due consideration of the evidence of record, the

briefs of counsel, the applicable law, and being otherwise fully advised in the premises, the Court

finds as follows.

<u>Statement of Facts</u>

On November 20, 2002, Whatley filed her complaint in the Circuit Court of Jackson

County, Mississippi. (Ct. R., Doc. 1, Exh. A.) On February 10, 2003, the defendants removed

the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging fraudulent joinder of

Greg Redman, M.D. and Sav-Rex Pharmacy [Sav-Rex] and asserting diversity jurisdiction under

28 U.S.C. § 1332.[1] (Ct. R., Doc. 1.) The defendants also assert bankruptcy jurisdiction.

Whatley subsequently filed this motion to remand.

---

[1]The parties do not contest the sufficiency of the amount in controversy, and defendants sued under
fictitious names are disregarded.



## Standard of Review

The Fifth Circuit has stated that, "a motion to remand an action removed from state to federal court is a question of federal subject-matter jurisdiction and statutory construction." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) (citation omitted). The removing party bears the ultimate burden of establishing federal jurisdiction over the state court suit. *Id.* Moreover, all doubts will be resolved against removal. *Id.* at 365-66.

> In cases alleging fraudulent joinder, a heavy burden is placed on the removing party:
>
> > In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Further, the trial court need not "decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). More accurately, "there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

## Legal Analysis

Whatley's complaint alleges claims against the defendants, including Sav-Rex, for negligence, strict liability, failure to warn and breach of express and implied warranties concerning the dispensation of the allegedly defective prescription drug Stadol. (Ct. R., Doc. 1, Exh. A.) A count of medical negligence is leveled solely against Redman. (Ct. R., Doc. 1, Exh.

2

A, Count V.)  The defendants argue that Redman and Sav-Rex were fraudulently joined to defeat

diversity jurisdiction.

I.    Greg A. Redman, M.D.

Whatley's complaint asserts a claim for medical negligence against Redman alleging that

Redman breached his duty to "disclose and inform the Plaintiff of all risks and consequences of

using Stadol . . . to monitor and evaluate her physiological responses and potential addiction to

Stadol . . . to carefully monitor the number and frequency of prescriptions given to Plaintiff . . .

[and] to obtain informed consent."  (Ct. R., Doc. 1, Exh. A, Count V.)  The defendants contend

that given the penetrating fraud alleged by Whatley against the defendants regarding the

manufacture and sale of Stadol, the allegations against Redman lack the necessary element of

knowledge or reason to know inherent in a medical negligence claim.  *See Brown v. Bristol-*

*Myers Squibb, Co.*, No. 4:02cv301LN, slip op. at 11-12 (S.D. Miss. Dec. 2, 2002) (Lee, C.J.).

Simply put, the defendants argue that given Whatley's contention that the defendant drug

manufacturers and distributors made sure no one knew about the deficiencies and dangers of

Stadol, how were the doctors supposed to know.

In her complaint, Whatley asserts that the defendants fraudulently concealed the true

nature of Stadol and aggressively marketed the drug under false pretenses to increase

prescriptions and profits.  (Ct. R., Doc. 1, Exh. A.)  Particularly, Whatley alleges that the

defendants "[f]ailed to include adequate warnings with the drug that would alert consumers and

physicians to the potential risks and serious side effects of the drug."  In *Brown*, Chief Judge Lee

addressed nearly identical issues involving a physician and a patient's use of Stadol wherein he

found:

3

No facts are set forth in the complaint with respect to Dr. French, other than that he undertook to diagnose and treat Sandra Neely's "specific medical condition," and that he "failed to disclose to her the specific risks associated with the use of Stadol, to fully monitor and evaluate her progress and to do all things otherwise necessary and proper for her treatment." She charges that Dr. French therefore failed to obtain her informed consent to the use of Stadol, the lack of which proximately caused her injuries and damages.

The premise of Neely's negligence claim against Dr. French is that he was fully knowledgeable about the challenged propensities of Stadol. However, plaintiffs consistently and repeatedly allege throughout the complaint that in the manufacturing defendants' aggressive marketing of Stadol, they failed to disclose all possible side effects associated with the use of Stadol, including, in particular, addiction, and specifically misrepresented the safety and effectiveness of Stadol. Thus, in terms of Dr. French's potential liability, Neely's allegation that he "did not fully disclose to her the specific risks associated with Stadol" is essentially meaningless, since there is no allegation or hint of an allegation in the complaint that Dr. French knew or should or could have known of the information that plaintiffs pointedly allege was withheld by the manufacturer defendants. The court thus concludes that based on the allegations of her complaint, Neely has no reasonable possibility of recovery against Dr. French and that he should be dismissed as fraudulently joined.

Slip op. at 11-12 (internal footnotes and citations omitted).

Judge Lee is not alone in his reasoning. In *In re: Rezulin Products Liability Litigation*, Pretrial Order No. 121, Judge Kaplan found that while it is permissible for a plaintiff to plead alternatively and inconsistently, if the plaintiff does not provide more specificity concerning claims against physicians the plaintiff runs the risk of not providing physicians sufficient notice of the claims against them. *In re: Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2002 U.S. Dist. LEXIS 24436 at * 7-9 (S.D.N.Y. Dec. 18, 2002). Judge Kaplan found that:

the main tenor of plaintiffs' complaints is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others. In this context, an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin is insufficient. The pleadings shed no light on such matters as whether the defendant physicians allegedly failed to warn of concealed risks, known risks, or both, and how and when the physicians came to be aware of any

4

such risks. Absent such information, plaintiffs cannot be said to have provided the defendant physicians adequate notice of the claims against them.

*Id.* at * 9 (internal footnotes and citations omitted).

Facing the issues again in Pretrial Order No. 122, Judge Kaplan found that:

Plaintiff asserts three theories of negligence against the physician. First, plaintiff asserts that the defendant-physician negligently failed to warn him of the risks linked to Rezulin. As this Court recently found in PTO No. 121, in light of plaintiff's myriad allegations that the defendants withheld information concerning the risks of Rezulin from physicians and others, an entirely conclusory allegation that the physician failed to warn of risks of Rezulin is insufficient to provide the defendant sufficient notice of the claim against him.

Plaintiff next alleges that the physician negligently "failed to test and monitor her [sic] liver functions." Once again, in light of plaintiff's other allegations that the defendants failed to timely warn of the need for liver function and other body system monitoring, plaintiff's conclusory allegation is insufficient. Plaintiff has failed to allege any basis for supposing that his physician should have conducted liver testing or even what information concerning the need for testing was available to medical professionals at the relevant time.

Plaintiff's third claim of negligence against the physician likewise fails because it does not state on what basis the physician should have known the patient was unable to tolerate Rezulin.

*In re: Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2003 U.S. Dist. LEXIS 28 at * 1-4 (S.D.N.Y. Jan. 6, 2003) (internal footnotes and citations omitted). Whatley's complaint is little different from those cases cited above and contains conclusional allegations that fail to give notice of the basic events and circumstances of which Whatley complains. Consequently, the Court finds that Whatley has no reasonable possibility of recovery against Redman and that he should be dismissed as fraudulent joined.

5

ORDERED that each party shall bear their respective costs in association with this motion.

SO ORDERED this the 20th day of June, 2003.

UNITED STATES DISTRICT JUDGE

7

EXHIBIT T




EOD _____ JUN 2 8 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

02 JUN 27 AM 10: 20

TX EASTERN-BEAUMONT

BY _____

| | | |
|---|---|---|
| SANDRA RUIZ, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| VS. | § | C.A. No. 1:02-CV-00305 |
| | § | |
| WARNER-LAMBERT COMPANY, | § | |
| PARKE DAVIS DIVISION, | § | |
| CHRISTUS HEALTH SOUTHEAST | § | |
| TEXAS d/b/a STATCARE PHARMACY; | § | |
| and CHRISTUS HEALTH SOUTHEAST | § | |
| TEXAS d/b/a CHRISTUS ST. | § | |
| ELIZABETH PHARMACY, | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR EMERGENCY HEARING

This matter is before the court on Plaintiff's "Plaintiff's Motion to Remand and Motion for Emergency Hearing" [Dkt.# 2], filed on May 16, 2002. Defendant Warner-Lambert Company (hereinafter "Warner-Lambert") filed a response [Dkt.# 3] on May 28, 2002. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Plaintiff's motion to remand and motion for emergency hearing should be DENIED.

Warner-Lambert contends that Christus Health Southeast Texas d/b/a StatCare Pharmacy, Christus Health Southeast Texas d/b/a Christus St. Elizabeth Pharmacy and StatCare Pharmacy, Inc. (hereinafter "Prescribing Pharmacy Defendants") have been fraudulently joined, and thus removal was not proper under 28 U.S.C. §§ 1441 and 1446. The Fifth Circuit has stated that in order for fraudulent joinder to exist, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Green v. Ameranda Hess Corp.*, 707 F.2d 201, 205 (5th Cir.

1

6




1983). In "Plaintiff's First Amended Original Petition", Plaintiff alleges that the Prescribing Pharmacy Defendants are liable "under the same theory of strict products liability of selling and/or otherwise distributing Rezulin." Plaintiff's First Amended Original Petition, pb.19. Under Texas law, a pharmacist is under no duty to warn customers of potential hazards of prescription medications. *See Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 461-69 (Tex.App.-Austin 2000, pet. denied), *see also Lefler v. Bennett*, Cause No. 2000-CI-13553 (Tex. Dist. Ct., Bexar Co., Jan. 11, 2002) (slip op. at 1). Therefore, Plaintiff has no cause of action against Prescribing Pharmacy Defendants. Accordingly, Plaintiff's Motion to Remand and Motion for Emergency Hearing are hereby DENIED.

Signed this 26th day of June, 2002.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

2

CAUSE NO. 2000-C1-13553

DANA LEON LEFLER, LILLIAN                §          IN THE DISTRICT COURT OF
HARTMAN LEFLER, LINDA MARCUS,            §
SAUL MARCUS, ROSA MORROW,                §
GEORGE PAPILLION, ESTHER PIERT,          §
and VIRON WILSON                         §
                                         §
vs.                                      §
                                         §
SAMUEL BENNETT, M.D., and his            §
professional corporation, professional   §
association, partnership, unincorporated §          BEXAR COUNTY, TEXAS
association or other business entity,    §
WARNER-LAMBERT COMPANY,                  §
PARKE DAVIS DIVISION OF                  §
WARNER-LAMBERT COMPANY,                  §
PFIZER, INCORPORATED,                    §
and H.E.B. GROCERY COMPANY               §          224ᵗʰ JUDICIAL DISTRICT

### ORDER GRANTING SUMMARY JUDGMENT
### AS TO ALL CAUSES OF ACTION ASSERTED AGAINST
### DEFENDANT H.E.B. GROCERY COMPANY BY THE PLAINTIFFS

ON THIS DAY the Court, having considered defendant H.E.B. Grocery Company's ("H.E.B.'s") motion for summary judgment, the response of the plaintiffs, the arguments of counsel at oral hearing, and applicable law, is of the opinion that H.E.B.'s summary judgment motion is meritorious and should be granted. It is therefore:

ORDERED that summary judgment shall be granted in favor of H.E.B. as to any and all causes of action – including strict product liability (failure to warn and/or defective design, marketing and manufacturing), breach of express warranty, and breach of implied warranties of merchantability and fitness for a particular purpose – that have been asserted against it by the plaintiffs in this lawsuit involving the prescription drug Rezulin. All such claims are fully and finally dismissed with prejudice.

All relief not specifically granted herein is otherwise denied.

                            JAN 1 1 2002
DATE: January _____, 2002.

                                        _____
                                        Andy Mireles, District Judge



Approved as to Form:

_Jack E. Urquhart / by Pamela Hicks_

Jack E. Urquhart
Counsel for H.E.B. Grocery Co.

Approved as to Form Only:                w/p. C(

_Joshua Brown_

Joshua H. Brockman
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUANITA BLANCO, et al.,               §         CIVIL ACTION NO.: B-03-119
                                      §
            Plaintiffs,               §
vs.                                   §
                                      §
PFIZER, INC., et al.,                 §
                                      §
            Defendants.               §                    Jury Demanded

## STAY ORDER

This case is stayed pending final transfer to the Rezulin Multidistrict Litigation proceedings

(MDL No. 1348).

Dated: _____, 2003.


                              _____
                              Hon. Andrew Hayden
                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANITA BLANCO, et al., | § | CIVIL ACTION NO.: B-03-119 |
| | § | |
| **Plaintiffs,** | § | |
| vs. | § | |
| | § | |
| PFIZER, INC., et al.,, | § | |
| | § | |
| **Defendants.** | § | **Jury Demanded** |

## ORDER DENYING REMAND

Plaintiffs' Motion to Remand is denied.


Dated: _____, 2003.



_____
Hon. Andrew Hayden
United States District Judge